UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

*************************************
AMIR H. SANJARI,                              *
    Plaintiff                                    *
                                                  *
v.                                            *
                                                  *
ALISON GRATZOL,                               *   CIVIL ACTION NO. 05-11723-RCL
JOHN GRATZOL,                                 *
MAX K. WALKER, JR., ESQ.,                     *
LOU ANN TODD and                              *
SUPERIOR COURTS OF THE STATE                  *
    OF INDIANA,                               *
    Defendants                                *
*************************************

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LOU ANN TODD'S MOTION TO DISMISS

### INTRODUCTION

Defendant Lou Ann Todd ("Todd") hereby files this memorandum of law in support of her motion to dismiss the Complaint, pursuant to and in accordance with Fed.R.Civ.P. 12 (b) (2) and (3), *i.e.*, for lack of personal jurisdiction and improper venue, respectively. For the reasons set forth below, Todd's motion to dismiss on these grounds should be granted.

### I.   PARTIES AND PLEADINGS

The Complaint purports to seek damages arising out of defendants' actions in violation of plaintiff's civil rights, as well as for defendants' acts allegedly resulting in plaintiff's emotional distress. The Complaint further alleges that plaintiff is a resident of Massachusetts, although it also alleges that, "in seeking employment opportunities", he

formerly resided in Indiana, Pennsylvania, Michigan and Kentucky. *See* Complaint, ¶8.[1] The Complaint further alleges that defendants "are citizens of the State of Indiana." *See* Complaint, ¶7. The Complaint alleges no other facts from which the Court can reasonably infer that any defendant is a resident of Massachusetts.

As set forth in the Todd Affidavit, Todd is a resident of Michigan and is licensed and works as a Licensed Clinical Social Worker ("LCSW") and a Licensed Marriage and Family Therapist ("LMFT") in Indiana. She is not and has never been a resident of or licensed to practice as either an LCSW or an LMFT in Massachusetts, nor has she, in fact, ever practiced her profession in Massachusetts. She does not transact or solicit business in Massachusetts, nor does she own property or otherwise have any personal, professional or property-related connections with Massachusetts. Although Todd provided therapy to the daughters of plaintiff and defendant Alison Gratzol, Todd provided such therapy exclusively in Indiana. *See* Todd Affidavit, ¶¶2-10.

The Complaint further alleges that venue is proper in this forum, because "the alleged violations have been ongoing and have been carried out within, and these claims arose within, the District of Massachusetts." *See* Complaint, ¶6. However, the Complaint alleges no facts from which the Court can infer that any of the "alleged violations" involving Todd or any other defendant actually took place in Massachusetts. *See* Complaint, ¶¶12, 15, 40, 109, 110, 111, 113, 114, 120, 121, 122, 127 and 134.

## II. SUMMARY OF ARGUMENT

The Court should dismiss the Complaint against Todd, because:

    (1)    The Court does not have personal jurisdiction over Todd, because

---

[1] Plaintiff alleges that he was a resident of Pennsylvania, Michigan or Kentucky as recently as February 11-13, 2005. *See* Complaint, ¶¶93-94.

2

she does not have sufficient "contacts" with Massachusetts to satisfy the requirements of either M.G.L. ch. 223A, §3 or the Due Process clause of the 14th Amendment; and

(2) Venue is not proper in this judicial district, because the Complaint does not allege facts sufficient to satisfy the requirements of 28 U.S.C. §1391.

## ARGUMENT

### I. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER TODD

#### A. There Are Insufficient "Contacts" To Satisfy The Requirements Of The "Long Arm" Statute

A court may exercise authority over a defendant by virtue of either general or specific jurisdiction. *Massachusetts School of Law at Andover, Inc.* v. *American Bar Association*, 142 F.3d 26, 34 (1st Cir. 1998), *citing Donatelli* v. *National Hockey League*, 893 F.2d 459, 462-463 (1st Cir. 1990). "General jurisdiction 'exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'" *Massachusetts School of Law, supra,* quoting *Elec., Radio & Mach. Workers* v. *163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). The allegations in the Complaint provide no indication that jurisdiction over Todd is based upon any actions or omissions of Todd *other* than those related to Todd providing therapy for to plaintiff and defendant Alison Gratzol's two minor children.

Thus, to the extent that this Court has jurisdiction over Todd's person, the exercise of that authority is based upon the existence of specific jurisdiction. The Massachusetts "long arm" statute, M.G.L. ch. 223A, §3, provides the procedural

mechanism whereby courts in Massachusetts exercise personal jurisdiction over non-resident defendants. This statute provides as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity *arising from the person's*
>
> (a)   transacting any business in this commonwealth;
>
> (b)   contracting to supply services or things in this commonwealth;
>
> (c)   causing tortious injury by an act or omission in this commonwealth;
>
> (d)   causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e)   having an interest in, using or possessing real property in this commonwealth;
>
> (f)   contracting to insure any person, property of risk located within this commonwealth at the time of contracting;
>
> (g)   maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or
>
> (h)   having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

(Emphasis supplied.)

When a defendant moves to dismiss an action for lack of personal jurisdiction, plaintiff bears the burden of proving that the Court, in fact, has such authority. *See, e.g., Moldflow Corp.* v. *Simcon, Inc.*, 296 F.Supp.2d 34, 38 (D.Mass. 2003), *citing Daynard* v. *Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir.), *cert. denied*, 537 U.S. 1029 (2002). *See also LaForest* v. *Ameriquest Mortgage Company*, 2005 WL 2033369, Page 3 of 9 (D.Mass., August 23, 2005); *Dodora Unified Communications, Inc.* v. *Direct Information PVT, Ltd.*, 2005 WL 1405995, Page 5 of 6 (D.Mass., May 16, 2005). As this Court observed in *Moldflow*, there are three different methods for determining whether plaintiff has met this burden: (1) the "*prima facie*" test, in which the Court considers only whether plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction; (2) the "preponderance of the evidence" test, which requires a full-blown evidentiary hearing, in which the Court adjudicates the jurisdictional issue definitively before the case reaches trial; and (3) the "likelihood" test, which also requires an evidentiary hearing, but in which the Court makes its determination on the basis of probable outcomes as opposed to definitive findings of fact. 296 F.Supp.2d at 38-39, *citing Foster-Miller, Inc.* v. *Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995), and *Boit* v. *Gar-Tec*, 967 F.2d 671, 675-678 (1st Cir. 1992).

Plaintiff cannot proffer facts sufficient to satisfy even the lowest evidentiary burden, *i.e.*, that applicable to the *prima facie* test.[2] A plaintiff must provide more than unsupported allegations in the Complaint to make a *prima facie* showing of personal

---

[2] It is apparent that, given her lack of contacts with Massachusetts, Todd would suffer unfair prejudice if the Court required her to incur the expense and burden of a trial here, without requiring plaintiff to provide more than a *prima* facie showing of facts essential to personal jurisdiction. *See Moldflow, supra* at 38. To the extent that the Court deems it necessary and appropriate, Todd requests an

jurisdiction. *Dodora, supra* at Page 5 of 6. Furthermore, the relative "liberality" of the *prima facie* approach "does not require [the Court] struthiously to 'credit conclusory allegations or draw farfetched inferences.'" *Massachusetts School of Law, supra* at 34 (1st Cir. 1998), *quoting Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

However, the Complaint does not even *allege* facts sufficient to support an inference that Todd engaged in any of the acts that trigger the application of the "long arm" statute. Moreover, the Todd Affidavit specifically disclaims any of the jurisdictional "contacts" enumerated in the statute, as well as disclaims other indicia of possible jurisdiction, *e.g.*, a post office box or a telephone listing. Finally, the Todd Affidavit puts to rest any assertion that Todd is a "government official", or that she engaged in some ill-defined "conspiracy" with any other defendant. Thus, "plaintiff has missed meeting, by a country mile, [his] burden of demonstrating that a Massachusetts court has personal jurisdiction over [Todd]." *Dodora, supra*.

In view of the extensive denials of "contacts" with Massachusetts that are set forth in the Todd Affidavit, it is apparent that sub-paragraph (a) of the statute is the only remotely arguable basis for the exercise of personal jurisdiction over Todd. Although the courts broadly construe sub-paragraph (a) of the "long arm" statute, related to the "transacting" of business, the acts of a non-resident must still be "purposeful" and "deliberate", as opposed to "fortuitous", in order to suffice for purposes of creating personal jurisdiction. *LaForest, supra* at Page 4 of 9. Thus, communications with a plaintiff in Massachusetts that the non-resident did not initiate or solicit are insufficient to

---

evidentiary hearing for the purposes of testing whether there is a preponderance of the evidence, or at least the likelihood, that the Court has jurisdiction over her person.

satisfy the requirements for "transacting" business within the meaning of sub-paragraph (a) of the statute. *LaForest, supra.*

The Todd Affidavit leaves no room for dispute that Todd's role as therapist for the two minor daughters of plaintiff and defendant Alison Gratzol was strictly limited to providing such services *while Todd was in Indiana*, and that she has initiated no contacts (personal, professional or otherwise) with plaintiff in Massachusetts. The Massachusetts courts have held that "isolated" contacts with Massachusetts will not suffice for the exercise of personal jurisdiction. *See, e.g., Droukas* v. *Divers Training Academy*, 375 Mass. 149, 154, 376 N.E.2d 548, 551 (1978); *Automatic Sprinkler Corp. of America* v. *Seneca Foods Corp.*, 361 Mass. 441, 445, 280 N.E.2d 423, 425-426 (1972). Consequently, the present case – in which there are no contacts with Massachusetts at all – provides an even less compelling case for the exercise of jurisdiction.

Plaintiff's attempt to invoke the specter of a "federal question" into these proceedings – *i.e.*, by alleging that, by virtue of her licensure from the State of Indiana, Todd is a "quasi-government worker, i.e., a government official" – is also without basis. On its face, this allegation is utterly ludicrous; the assertion that an individual who receives a professional license from a state is an "official" of that state transcends any notion of tenable hyperbole. Even if such an allegation could pass muster, however, the fact that Todd denies this assertion in the Todd Affidavit leaves plaintiff's bare allegation unsubstantiated. Thus, there is no basis for asserting personal jurisdiction over Todd on the basis that she acted under "color of law", and/or that personal jurisdiction over her person can miraculously be tied to some purported jurisdictional basis applicable to one or more other defendants.

### B. The Exercise Of Personal Jurisdiction Over Todd Would Violate Due Process

The exercise of jurisdiction under the Massachusetts "long arm" statute "comports with the strictures of the Constitution." *Pritzker v. Yari*, 42 F3d 53, 60 (1st Cir. 1994). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 471-472 (1985), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). The First Circuit has "characterized compliance with the Constitution as implicating 'three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness.'" *Massachusetts School of Law, supra* at 35, *quoting Foster-Miller, supra* at 144. *See also Moldflow, supra* at 41, *citing 3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1378 (Fed.Cir. 1998).

Although the merits of plaintiff's claims are at best obscure, the facts set forth in the Complaint against Todd indicate that his claims against Todd are based upon tort rather than contract. As such, the Court's "relatedness" inquiry focuses on whether plaintiff has established "cause in fact", *i.e.*, the injury would not have occurred "but for" Todd's activity/omissions *in Massachusetts*, and legal cause, *i.e.*, Todd's conduct *in Massachusetts* gave rise to the cause of action. *Massachusetts School of Law, supra* at 35, *citing United Elec., Radio & Mach. Workers, supra* at 1089, and *Ticketmaster-New York, supra* at 207.

Plaintiff's claims against Todd are not "related" to Massachusetts. The Todd Affidavit makes it clear that Todd's forum-based activity is non-existent. The First Circuit has specifically declined to subscribe to a "transient" view of "minimum

contacts" that "is too attenuated to satisfy the relatedness requirement[,]" because such a view would violate due process. *Massachusetts School of Law, supra* at 36.

The absence of Todd's forum-based activity also means that there is no evidence that she "purposefully availed" herself of the benefits and protections of the law in Massachusetts, thereby making her involuntary presence in Massachusetts foreseeable. *See, e.g., West Marine Products, Inc. v. Dolphinite, Inc.*, 2005 WL 1000259, Page 8 of 11 (D.Mass., March 23, 2005). The requirement of "purposeful availment" "protects defendants from jurisdiction based solely on 'random, isolated, or fortuitous' contacts with a forum." *LaForest, supra* at Page 6 of 9, *quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). The First Circuit has been reluctant to find isolated telephone or written contacts with a plaintiff in Massachusetts – clearly, "contacts" that were still more "substantial" than those of Todd in the present case – sufficient to establish "purposeful availment." "Put another way, based on these exiguous contacts, [Todd] could not reasonably have foreseen being haled into a Massachusetts court to answer allegations of a wide-ranging conspiracy." *Massachusetts School of Law, supra* at 36-37, *citing Aylward v. Fleet Bank*, 122 F.3d 616, 618 (1st Cir. 1997), and *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir, 1990).

The fact that plaintiff purportedly experienced in Massachusetts the "effects" of Todd's activity as a therapist in Indiana does not suffice to create personal jurisdiction in this forum over Todd. The First Circuit has consistently held that the "in-forum effects of extra-form activities" do not constitute "minimum contacts", and therefore cannot serve as the basis for personal jurisdiction. *Massachusetts School of Law, supra* at 36, *citing*

9

*Sawelle* v. *Farrell*, 70 F.3d 1381, 1390 (1st Cir. 1995), and *Kowalski* v. *Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 11 (1st Cir. 1986).

The third prong of the due process analysis, which is that the exercise of personal jurisdiction must be "reasonable" – *i.e.*, that the assertion of jurisdiction over a defendant "does not offend 'traditional notions of fair play and substantial justice[,]'" *International Shoe, supra* at 316 (1945), *quoting Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940) – involves consideration of five so-called "Gestalt Factors". These elements include: (1) defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all the sovereigns in promoting substantive social policies. *LaForest, supra* at Page 7 of 9.

These "reasonableness" factors favor dismissal of Todd as a defendant in this case. As an initial consideration, Todd has *no* "contacts" with Massachusetts, such that it would be unreasonable, as well as burdensome, for her to defend herself in Massachusetts rather than in Indiana. Although Todd's hardship would not necessarily be "unique", it is clear that it would be difficult for her to face personal liability hundreds of miles away from her residence and place of business. *LaForest, supra*.

Secondly, because the nexus of plaintiff's claims is his dissatisfaction with the outcome – or the purportedly unequal treatment to him resulting from the outcome – of the domestic relations dispute between plaintiff and defendant Alison Gratzol, Massachusetts has a less significant interest in the unraveling of such a dispute than does Indiana. Indeed, although Massachusetts has an interest in resolving disputes involving

10

its residents, plaintiff only became a Massachusetts resident sometime *after* February 13, 2005. Given plaintiff's acknowledged predilection for moving his residence to accommodate "employment opportunities" wherever he can find them, Massachusetts' interest in this respect becomes relatively insignificant. *LaForest, supra*.

With regard to the third "Gestalt Factor", there is some presumed advantage *to plaintiff* in having this litigation resolved in Massachusetts. However, because it is questionable whether plaintiff's claims in this case will survive *any* challenge of personal jurisdiction – for reasons similar to those that Todd raises in the present motion – this factor hardly merits dispositive consideration. Indeed, the fundamental problem with this lawsuit is that plaintiff's choice of this forum is unsound with respect to personal jurisdiction over *any* defendant, such that the Court should not pay undue deference to plaintiff's selection under these circumstances. *LaForest, supra*.

The fourth and fifth "Gestalt Factors" reflect this very consideration. Plaintiff emphatically denies that this case involves a domestic dispute, but his choice of defendants – *i.e.*, his ex-wife, his ex-wife's present husband, his ex-wife's divorce lawyer, his ex-wife's chosen therapist for their children, and the "Superior Courts of Indiana" that issued and enforced the divorce decree– and the nature of his claims against those defendants belie that contention. As a result, Indiana, not Massachusetts, has the strongest interest in seeing that there is a resolution of his claims, and the judicial system as a whole would not benefit from having a federal court in Massachusetts undertake such a resolution. Whatever merit (if any) there may be to plaintiff's "federal" claims against some other defendant, the basis for plaintiff's "federal" claims against Todd is no

more than tenuous, such that no positive social impact would result if Todd were to remain a party in this venue. *Compare LaForest, supra.*

## II. VENUE IS NOT PROPER IN THIS COURT

The requirement that a plaintiff file his lawsuit in a proper venue is, not unlike the requirement of personal jurisdiction, another component of fairness. "[T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (1st Cir. 1994), *quoting LeRoy v. Great W. United Corp.*, 443 U.S. 173, 183-184 (1979). (Emphasis in original.)

Although plaintiff refers to this Court "maintain[ing] diversity jurisdiction", *see* Complaint, ¶7, he elsewhere refers to jurisdiction under the provisions of 28 U.S.C. §§1331 and 1343, and purports to allege causes of action pursuant to 42 U.S.C. §§1983, 1985 and 1988, thereby theoretically implicating venue considerations under both 28 U.S.C. §1391 (a) and (b). However, the Complaint alleges no facts against Todd that are sufficient to implicate either portion of the venue statute, which provides as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought *only* in (1) a judicial district where any defendant resides, *if all defendants reside in the same State*, (2) a judicial district in which a *substantial part* of the events of omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which *any defendant is subject to personal jurisdiction at the time the action is commenced*, if there is no district in which the action may otherwise be brought.

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought *only* in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a *substantial part* of the events of omissions

12

> giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(Emphasis supplied.)

Although the Complaint alleges that all defendants are "citizens" of Indiana, this statement is inaccurate, because Todd is a resident of Michigan. Even if this statement were true, however, venue would not be appropriate in Massachusetts under sub-paragraphs (a)(1) or (b)(1), because neither Todd nor any other defendant resides here. *See, e.g., Abbott* v. *The Town of Salem, New Hampshire*, 2005 WL 711752 (D.Mass., March 29, 2005).

Moreover, notwithstanding plaintiff's conclusory allegation that the "alleged violations have been ongoing and have been carried out within, and these claims arose within[]" Massachusetts, he alleges no facts to support that conclusion. To the contrary, the Complaint alleges that the original domestic relations case, which provides the context for the present "facts" that he alleges support his claims, took place in Indiana. According to the Complaint, Indiana is also the *only* site in which the various defendants – including Todd – purportedly engaged in the "acts" that now give rise to his claims. Moreover, the Todd Affidavit confirms that, at least with respect to her treatment of the two minor children, all of her relevant acts (or omissions, if any) took place in Indiana.

Thus, the Complaint alleges no facts from which the Court can infer that "a substantial part of the events or omissions giving rise to the claim occurred" in Massachusetts. "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real

13

relationship to the dispute." *Cottman, supra.* In light of this dearth of evidence, venue does not lie under either sub-paragraph (a)(2) or (b)(2). *See Cottman, supra; Abbott, supra.*

Finally, because there is no personal jurisdiction over Todd, *see* Part I, *supra,* sub-paragraphs (a)(3) and (b)(3) are inapplicable as a basis for venue. Moreover, because (3) is only applicable to a defendant that is a corporation, *see Cashman Equipment Corp. v. Kimmins Contracting Corp.*, 2004 WL 32961, Pages 4-5 of 8 (D.Mass., January 5, 2004), this provision in the venue statute is not an appropriate basis for venue as to Todd.

## CONCLUSION

For the reasons set forth above, Todd's motion to dismiss for lack of personal jurisdiction and improper venue should be granted.

By her attorneys,

*/s/ Peter C. Kober*
Eileen P. Kavanagh BBO #549782
Peter C. Kober BBO #276260
Litchfield Cavo, LLP
6 Kimball Lane
Lynnfield, MA 01940
(781) 309-1500

Dated: September 7, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

```
*************************************
AMIR H. SANJARI,                    *
        Plaintiff                   *
                                    *
v.                                  *
                                    *
ALISON GRATZOL,                     *   CIVIL ACTION NO. 05-11723-RCL
JOHN GRATZOL,                       *
MAX K. WALKER, JR., ESQ.,           *
LOU ANN TODD and                    *
SUPERIOR COURTS OF THE STATE        *
    OF INDIANA,                     *
        Defendants                  *
*************************************
```

## CERTIFICATION OF COUNSEL

I, Peter C. Kober, hereby certify, pursuant to and in accordance with Local Rule 7.1 (A)(2) of the Local Rules of the United States District Court for the District of Massachusetts, that I conferred by telephone with the *pro se* plaintiff, Dr. Amir H. Sanjari, at approximately 3:00 p.m. on September 7, 2005, for the purpose of attempting in good faith to resolve or narrow the issues raised by Defendant Lou Ann Todd's Motion to Dismiss. During that conversation, I informed Dr. Sanjari that I would be representing Ms. Todd; that I would be filing a motion to dismiss on behalf of Ms. Todd, on the grounds of personal jurisdiction and venue; that, under the Local Rules of this Court, I was obligated to confer with him prior to filing that motion, and that, although I presumed he would not withdraw his claims against Ms. Todd, I was still calling him to inform him of my intention to file the motion; and that I would not file the motion if he indicated he would withdraw his claims against Ms. Todd. Dr. Sanjari responded that he thought that his claims against Ms. Todd were legitimate and that he would not be withdrawing them.

                                                                                            *[signature: Peter C. Kober]*
                                                                                            Peter C. Kober BBO#276260
                                                                                            Litchfield Cavo, LLP
                                                                                            6 Kimball Lane
                                                                                            Lynnfield, MA 01940
                                                                                            (781) 309-1500

Dated: September 7, 2005

## CERTIFICATE OF SERVICE

I, Peter C. Kober, hereby certify that on September 7, 2005, I served the within document by overnight courier, postage prepaid, to the following:

Dr. Amir H. Sanjari
18 Dale Street, 4-E
Andover, Massachusetts 01810

Eric M. Sommers, Esquire
McLane, Graf, Raulerson & Middleton, P.A.
City Hall Plaza
900 Elm Street
Manchester, NH 03105

David A. Arthur, Esquire
Deputy Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204

_____
Peter C. Kober