UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
AMIR H. SANJARI,                             \*
    Plaintiff                                   \*
                                             \*
v.                                           \*
                                             \*
ALISON GRATZOL,                              \*    CIVIL ACTION NO. 05-11723-RCL
JOHN GRATZOL,                                \*
MAX K. WALKER, JR., ESQ.,                    \*
LOU ANN TODD and                             \*
SUPERIOR COURTS OF THE STATE                 \*
    OF INDIANA,                              \*
    Defendants                                \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF LOU ANN TODD IN SUPPORT OF
### MOTION TO DISMISS

LOU ANN TODD, HAVING BEEN DULY SWORN, MAKES OATH AND DEPOSES AS FOLLOWS:

1.    My name is Lou Ann Todd, I am a defendant in this case, and I have personal knowledge of the facts set forth in this affidavit.

2.    I am a resident of Michigan. I have never been a resident of Massachusetts.

3.    I am a Licensed Clinical Social Worker ("LCSW") and a Licensed Marriage and Family Therapist ("LMFT"), and I am licensed to practice in that capacity in Indiana. The only office where I practice as an LCSW and a LMFT is located in Indiana. I am not presently and have never been licensed to practice in that capacity or in any other professional capacity in Massachusetts. I have never had an office of any kind, and have never worked in any capacity, in Massachusetts.

4.    I am not presently, nor have I ever been at any time relevant hereto, an employee

or authorized agent of the government of the State of Indiana, or a "quasi government worker" as alleged in Paragraph 12 of the Complaint.

    5.    I have never:

        (a)    transacted any business in Massachusetts;

        (b)    contracted to supply services or things in Massachusetts;

        (c)    caused tortious injury by an act or omission in Massachusetts;

        (d)    regularly done or solicited business, or engaged in any persistent course of conduct, or derived any revenue from goods used or consumed or services rendered, in Massachusetts;

        (e)    had an interest in, used or possessed real property in Massachusetts;

        (f)    contracted to insure any person, property or risk located in Massachusetts;

        (g)    maintained a domicile in Massachusetts; or

        (h)    been subject to the personal jurisdiction of a court of Massachusetts.

    6.    I have never advertised or had a post office box or telephone listing in my name or for my benefit in Massachusetts, nor do I travel to Massachusetts on a regular basis for either professional or personal reasons.

    7.    My sole source of contact with plaintiff Amir Sanjari has been in the context of my having provided professional therapy services to "AFS", a minor, who is one of the children of Mr. Sanjari and defendant Alison Gratzol. These therapy sessions took place at various times during the period between March 25, 2002 and June 29, 2005. All of the therapy sessions were conducted in Indiana; none were conducted in Massachusetts. Additionally, I have provided professional therapy to "MRS", the sister of "AFS", on two occasions; both of these sessions were conducted in Indiana.

8.  I understand, based upon my review of the Complaint in this case, that Mr. Sanjari presently resides in Massachusetts. I have never directed any communication to him in Massachusetts.

9.  My deposition was taken in Indiana by Mr. Sanjari's attorney earlier this summer. That deposition was conducted in a lawsuit that was pending at that time in the State of Indiana. Other than in the context of my status as a defendant in the present lawsuit, I have never been a deposition or trial witness, or been a witness in, party to, or the subject of any administrative or court proceedings, pending in Massachusetts.

10. I have never "conspired" with any individual or entity, including but not limited to any other defendant in this lawsuit – in Massachusetts or anywhere else – to deprive Mr. Sanjari of his rights as a parent, his constitutional rights, or any other rights, nor have I ever acted in furtherance of, or with the intent or purpose to further, any such alleged "conspiracy".

Sworn to under the pains and penalties of perjury this 3rd day of September, 2005.

*Lou Ann Todd, LCSW, LMFT*
Lou Ann Todd, LCSW, LMFT