UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

AMIR H. SANJARI

              Plaintiff

v.

ALISON GRATZOL, JOHN GRATZOL, MAX
K. WALKER, JR., ESQ., LOU ANN TODD,
AND SUPERIOR COURTS OF THE STATE OF
INDIANA

              Defendants

Civil Action No: 05-CV-11723RCL

## AFFIDAVIT OF ERIC M. SOMMERS, ESQ.

I, ERIC M. SOMMERS, ESQ., being duly sworn, state as follows:

1.      I am an attorney in good standing authorized to practice law in the Commonwealth of Massachusetts.  I am employed as an attorney at the firm of McLane, Graf, Middleton & Raulerson, 900 Elm Street, Manchester, New Hampshire, 03105 and was retained by Alison Gratzol, John Gratzol and Max K. Walker, Jr. in this matter.

2.      As part of this proceeding I have searched the federal Judiciary's Public Access to Court Electronic Records (PACER) system for other cases filed by the Plaintiff against the defendants.

3.      Attached as Exhibit 1 is a true copy form the PACER system of the civil docket in the case filed by Amir H. Sanjari against Alison Gratzol in the United States District Court for the Western District of Michigan, together with Court's the Order of Remand in that case.

4.      Attached as Exhibit 2 is a true copy from the PACER system of the civil docket for the case filed by Amir H Sanjari against Alison Gratzol in the United States District Court for

the Northern District of Indiana. together with that Courts' s Order remanding the case, *inter alia*, lack of jurisdiction and the <u>Rooker-Feldman</u> doctrine.

5.    Attached as Exhibit 3 is a true copy of an affidavit filed by Amir H. Sanjari in support of a Fed. R. Civ. P. 60 motion he filed in the United States District Court for the Northern District of Indiana.

6.    In conjunction with this case, I also searched the internet for information concerning Amir H. Sanjari's litigation with the defendants.  A cursory search revealed a web site, found at <<u>http://webpages.charter.net/lah1321/</u>>, publishing Mr. Sanjari's pleadings, letters to the courts, and other materials related to his litigation with the defendants.  Attached as Exhibit 4 is a true copy of one example of Plaintiff's claims as published on that web site.

FURTHER AFFIANT SAYETH NAUGHT.


Dated: September 19, 2005                    */s/Eric M. Sommers*
                                             Eric M. Sommers

STATE OF NEW HAMPSHIRE
HILLSBOROUGH COUNTY

    Subscribed and sworn to before me this 19th day of September 2005

                                             */s/Jenny L. Smith*
                                             Notary Public [seal]
                                             My Commission Expires March 19, 2008

CLOSED, SEALEDDOC(S)

# United States District Court
## Western District of Michigan (Grand Rapids)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00356-RAE

Sanjari v. Gratzol
Assigned to: Senior Judge Richard Alan Enslen
Cause: 28:1331 Fed. Question

Date Filed: 05/28/2004
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**plaintiff**

**Amir H. Sanjari**
*in re: the support and welfare of the*
*parties' minor children (AFS & MRS)*

represented by **Amir H. Sanjari**
3299 Park Ridge Lane
Grand Rapids, MI 49525
(616)365-2676
PRO SE

V.

**defendant**

**Alison Gratzol**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/28/2004 | 1 | NOTICE OF REMOVAL from Superior No. 5 Court of Elkhart County, Indiana case number 20D050010DR640 filed by Amir H. Sanjari (entitled "Notice of Petition and Verified Petition For Warrant Of Removal") with Certificate of Service (ldm) (Entered: 06/01/2004) |
| 05/28/2004 | 2 | MEMORANDUM by plaintiff Amir H. Sanjari 1 *In Support of Petition For Removal with Certificate of Service* (ldm) (Entered: 06/01/2004) |
| 05/28/2004 | 3 | MEMORANDUM OF LAW REGARDING RETENTION OF JURISDICTION by plaintiff Amir H. Sanjari, Exhibit A; Brief In Support, and Exhibit B; CD Compact Disc and Certificate of Service (ldm) (Entered: 06/01/2004) |
| 05/28/2004 | | RECEIPT in the amount of $150.00, receipt number 343738, for filing fee (ldm) (Entered: 06/01/2004) |
| 06/02/2004 | 4 | SEALED DOCUMENT SUPPLEMENT omitted at time of filing 1 *Notice of Removal entitled, "Verified Petition for Modification of Custody, Support, and Visitation" (Complaint filed in State Court)* by plaintiff Amir H. Sanjari (ldm) Additional attachment(s) added on 6/4/2004 (acr, ). Modified on 6/4/2004 to remove and seal document per Order 6 (krv) (Entered: 06/02/2004) |
| 06/02/2004 | 5 | NOTICE OF FILING notice of removal re 1 directed to *Elkhart Superior* |

| | | Court No. 5 by plaintiff Amir H. Sanjari (ldm, ) (Entered: 06/02/2004) |
|---|---|---|
| 06/03/2004 | 6 | ORDER STRIKING 4 which shall be sealed from public inspection, plaintiff shall re-file a redacted copy of said document, specifying minor children by the use of initials, within 14 days of this Order; signed by Judge Richard Alan Enslen (Judge Richard Alan Enslen, blb) (Entered: 06/03/2004) |
| 06/04/2004 | | Copy of Order, 6 sent via U.S. Mail to plaintiff Amir H. Sanjari (acr, ) (Entered: 06/04/2004) |
| 06/08/2004 | 7 | SUPPLEMENT re 1 ("Supplementary (01) in Support of Petition for Removal") w/Certificate of Service by plaintiff Amir H. Sanjari (bd, ) (Entered: 06/09/2004) |
| 06/10/2004 | 8 | SUPPLEMENT re 1 "Supplementary (02) in Support of Petition for Removal: Redacted Verified Petition for Modification of Custody, Support, and Visitation" by plaintiff Amir H. Sanjari (Attachments: # 1 Verified Petition for Modifiction of Custody, Support, and Visitation) (bd, ) (Entered: 06/15/2004) |
| 06/15/2004 | 9 | SUPPLEMENT re 1 "Supplemental (03) in Support of Petition for Removal and Retention" with Certificate of Service by plaintiff Amir H. Sanjari (Attachments: # 1 Exhibit C) (bd, ) (Entered: 06/16/2004) |
| 06/22/2004 | 10 | ORDER OF REMAND: case remanded to Elkhart Superior Court due to lack of jurisdiction; signed by Judge Richard Alan Enslen (Judge Richard Alan Enslen, blb) (Entered: 06/22/2004) |
| 06/22/2004 | | Copy of Order of Remand (no motion)10 sent via U.S. Mail to Amir H. Sanjari (bd, ) (Entered: 06/22/2004) |
| 06/23/2004 | | Certified Copy of Order of Remand (no motion)10 sent via U.S. Mail to Elkhart Superior Court No. 5 (bd, ) (Entered: 06/23/2004) |
| 06/23/2004 | 11 | NOTICE re 4 that this document will be unsealed pursuant to Local Civil Rule 10.6c in 30 days; unseal deadline set for 7/23/2004 (re document(s) 4) (bd, ) (Entered: 06/23/2004) |
| 06/23/2004 | | Copy of Notice of Intention to Unseal (Sealed Document or Case)11 sent via U.S. Mail to Amir H. Sanjari (bd, ) (Entered: 06/23/2004) |
| 08/04/2004 | 12 | ORDER that documents previously sealed shall remain permanently sealed ; signed by Judge Richard Alan Enslen (Judge Richard Alan Enslen, blb) (Entered: 08/04/2004) |
| 08/04/2004 | | Copy of Order12 sent via U.S. Mail to plaintiff Amir H. Sanjari (acr, ) (Entered: 08/04/2004) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |

Case 1:03-cv-00123-RCL    Document 18    Filed 10/03/2005    Page 3 of 3

| 09/19/2005 15:33:51 | | | |
|---|---|---|---|
| **PACER Login:** | mg0013 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-00356-RAE |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

ORIGINAL

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

C. MAY 28  PM 12: 38

AMIR H. SANJARI,
          Petitioner,

v.

ALISON GRATZOL,
          Respondent,


and, in re: the support and welfare
of the parties' minor children (AFS & MRS)
_____/

In a petition for removal from the
Superior No. 5 Court of
Elkhart County, Indiana    Richard Alan Enslen
                             U.S. District Judge

Indiana Court Cause
No.: 20D050010DR640  1 : 0 4 CV 0 3 5 6

Honorable Rex L. Reed, Special Judge
Warsaw, Indiana

_**Oral Argument Requested**_


**Notice of Petition and Verified Petition For Warrant Of Removal**


    Comes now the Petitioner, Amir H. Sanjari, _Pro Se_, and in direct support of this request for removal of the above-encaptioned state court cause into, and through, the various jurisdiction of this United States District Court provided under at least 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446, and on the federal questions involved, herein alleges, states, and provides the following:


<u>JURISDICTION</u>


1

1. This District Court of the United States has original, concurrent, and supplementary jurisdiction over this cause of action, pursuant to the authorities cited above, including, but not limited to the following, to-wit: 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446.

2. The District Court of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. *See* the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (*hereinafter* "U.S. Constitution").

<u>RESERVATION OF RIGHTS DUE TO FRAUD</u>

3. Petitioner hereby explicitly reserves his fundamental Right to amend this and all subsequent pleadings, should future events and/or discoveries prove that he has failed adequately to comprehend the full extent of the damage(s) which he has suffered at the hands of the Respondent, the state court, and other involved parties, both named and unnamed, now and at all times in the future. *See* Rules 8, 15, and 18 of the Federal Rules of Civil Procedure.

<u>RECORD OF STATE PROCEEDINGS</u>

4. Petitioner is now proceeding on the basis of the presumption that the Indiana state court record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 and 902 of the Federal Rules of Evidence,

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

AMIR H. SANJARI,

          Plaintiff,

v.

ALLISON GRATZOL,

          Defendant.

_____/

Case No. 1:04-CV-356

Hon. Richard Alan Enslen

**ORDER OF REMAND**

      According to the court filings, Plaintiff Amir H. Sanjari[1] has filed a notice of removal seeking to remove a child custody dispute from the Elkhart Superior Court. It appears to the Court that it lacks subject matter jurisdiction over the matter and that the matter should be remanded pursuant to 28 U.S.C. § 1447(c) (mandating remand in case of lack of subject matter jurisdiction). In particular, this Court lacks subject matter jurisdiction because the dispute involves child custody, *see Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *Friedlander v. Friedlander*, 149 F.3d 739, 740-41 (7th Cir. 1998); *Anderson v. State of Nebraska*, 668 F.2d 349 (8th Cir. 1981); *Rotolo v. Rotolo*, 682 F. Supp. 8 (D.P.R. 1988), and because Plaintiff has attempted to remove it to the wrong district, *see* 28 U.S.C. § 1446(a) (requiring removal to district in which action is pending); *Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 841 (1st Cir. 1990).

      Plaintiff has already filed a legal memorandum on the issue of removal so it is unnecessary to order a further response from him. His legal memorandum does not support removal because he has not framed removal based upon the "well framed complaint" rule–but has rather framed removal

_____

[1]Plaintiff Amir H. Sanjari is in fact the defendant in the removed case. He is referred to as Plaintiff for consistency since he has miscaptioned the removed case.

based upon possible claims he wishes to assert. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386 , 392

(1987); *Husvar v. Rapoport,* 337 F.3d 603, 607 (6th Cir. 2003).  Additionally, remand is required

because he has removed to the wrong district since the Indiana state courts are not within the

Western District of Michigan.

   **THEREFORE, IT IS HEREBY ORDERED** that this matter is **REMANDED** to the

Elkhart Superior Court due to lack of jurisdiction pursuant to 28 U.S.C. § 1447(c).

<table>
<tr><td></td><td>/s/ Richard Alan Enslen</td></tr>
<tr><td>DATED in Kalamazoo, MI:</td><td>RICHARD ALAN ENSLEN</td></tr>
<tr><td>June 22, 2004</td><td>UNITED STATES DISTRICT JUDGE</td></tr>
</table>

CONMAG, REMAND, TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## NORTHERN DISTRICT OF INDIANA (South Bend)
## CIVIL DOCKET FOR CASE #: 3:04-cv-00470-CAN

Sanjari v. Gratzol
Assigned to: Magistrate Judge Christopher A Nuechterlein
Case in other court: 7th Circuit Court of Appeals, 05-01183
Cause: 28:1441 Petition for Removal

Date Filed: 07/19/2004
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Amir H Sanjari**
*and in re: the support and welfare of
the parties' minor children (AFS &
MRS)*

represented by **Amir H Sanjari**
4-E 18 Dale Street
Andover, MA 01810
270-268-3086
PRO SE

V.

**Defendant**

**Alison Gratzol**
*and in re the support and welfare of the
parties minor children (AFS & MRS)*

represented by **Max K Walker Jr**
131 E Franklin Street
Elkhart, IN 46516
574-296-7887
Fax: 574-522-8668
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2004 | 1 | NOTICE OF REMOVAL by Amir H Sanjari from Elkhart Superior Court No. 5, case number 20D050010DR640. Filing fee $ 150, receipt number 3320537, filed by Amir H Sanjari. (Attachments: # 1 Exhibits B thru D# 2 Memorandum in Support of Petition of Removal, Exhibit A is on CD in flat file)(sdf, ) (Entered: 07/20/2004) |
| 07/19/2004 | 2 | MEMORANDUM OF LAW Regarding Retention of Jurisdiction (sdf, ) (Entered: 07/20/2004) |
| 07/19/2004 | 3 | MOTION for Evidentiary Hearing to present Evidence, Witnesses and Oral Argument by Plaintiff Amir H Sanjari. (sdf, ) (Entered: 07/20/2004) |
| 07/28/2004 | 4 | ORDER denying 3 Motion for Hearing to present evidence regarding his case. Plaintiff is given notice that his case shall be summarily dismissed if service is not effectuated upon Ms Gratzol within 120 of filing his complaint . Signed by Judge Christopher A Nuechterlein on 7/28/04. (sdf, ) (Entered: 07/28/2004) |

| 08/03/2004 | 5 | Summons Issued as to Alison Gratzol. (sdf, ) (Entered: 08/04/2004) |
| 08/11/2004 | 6 | SUMMONS Returned Executed by Amir H Sanjari. Alison Gratzol served on 8/4/2004, answer due 8/24/2004. (sdf, ) (Entered: 08/12/2004) |
| 08/11/2004 | 7 | SUMMONS Returned Executed by Amir H Sanjari. Alison Gratzol served on 8/4/2004, answer due 8/24/2004. (sdf, ) (Entered: 08/12/2004) |
| 08/25/2004 | 8 | MOTION for Extension of Time of 30 days to file responsive pleading to Notice of Petition and Verified Petition for Warrant of Removal and Retention; Motion for An Evidentiary Hearing to Present Evidence, Witnesses and Oral Argument; Memorandum in support of Petition for Removal and Memorandum of Law Regarding Retention of Jurisdiction. by Defendant Alison Gratzol. (sdf, ) (Entered: 08/26/2004) |
| 08/25/2004 | 9 | NOTICE of Appearance by Max K Walker Jr on behalf of Alison Gratzol (sdf, ) (Entered: 08/26/2004) |
| 08/27/2004 | 10 | RESPONSE to 8 MOTION for Extension of Time to File Responsive Pleading filed by Amir H Sanjari. (sdf, ) (Entered: 08/27/2004) |
| 08/27/2004 | 11 | MOTION for Entry of Default as to Alison Gratzol by Plaintiff Amir H Sanjari. (sdf, ) (Entered: 08/27/2004) |
| 08/27/2004 | 12 | ORDER granting 8 Motion for Extension of Time to/including 9/27/04 to file responsive pleading to complaint . Signed by Judge Christopher A Nuechterlein on 8/27/04. (sdf, ) (Entered: 08/27/2004) |
| 09/01/2004 | 13 | MOTION to reconsider the 8/27/04 12 Order granting Motion for Extension of Time to file a responsive pleading by Plaintiff Amir H Sanjari. (sdf, ) (Entered: 09/02/2004) |
| 09/08/2004 | 14 | ORDER denying 13 Motion for Reconsideration re 12 Order filed by Amir H Sanjari . Signed by Judge Christopher A Nuechterlein on 9/8/04. (ksc, ) (Entered: 09/09/2004) |
| 09/09/2004 | 15 | ORDER FOR WRITTEN STATUS REPORT with Magistrate Consent Form attached. Defense counsel and unrepresented plaintiff are ordered to separately prepare and file a brief status report, not to exceed three pages, by 9/22/2004. Signed by Judge Christopher A Nuechterlein on 9/9/04. (ksc, ) (Entered: 09/10/2004) |
| 09/13/2004 | 16 | Response (Entitled "Objection") by Alison Gratzol to 1 Notice of Removal. (Attachments: # 1 Exhibit A# 2 Exhibit B)(ksc, ) (Entered: 09/15/2004) |
| 09/21/2004 | 17 | STATUS REPORT filed by Amir H Sanjari. (ksc, ) (Entered: 09/22/2004) |
| 09/22/2004 | 18 | WRITTEN STATUS REPORT filed by Alison Gratzol. (ksc, ) (Entered: 09/23/2004) |
| 09/22/2004 | 19 | Consent to Magistrate Tracking Sheet prepared. (ksc, ) (Entered: 09/23/2004) |

| 09/24/2004 | | NOTICE OF REASSIGNMENT OF CASE TO MAGISTRATE JUDGE upon full consent of parties; case reassigned to Magistrate Judge Christopher A Nuechterlein. Previous presiding judge and referral magistrate roles are terminated. (slm, ) (Entered: 09/24/2004) |
|---|---|---|
| 09/29/2004 | 20 | NOTICE of Hearing: Oral Argument will be heard on the Notice of Removal on 10/22/2004 at 01:00 PM (South Bend time) in the first floor courtroom of the Federal Building located at 204 S. Main Street in South Bend, IN. Indiana in one hour earlier than Michigan. Any existing conflicts in this schedule should be reported to the Court within FORTY-EIGHT (48) hours of the receipt of this notice. (saj) (Entered: 09/29/2004) |
| 09/30/2004 | 21 | ORDER vacating the oral argument hearing set for 10/22/04 as this judge no longer has jurisdiction in this case. Signed by Judge Allen Sharp on 9/30/04. (sdf, ) (Entered: 10/05/2004) |
| 10/13/2004 | 22 | Order remanding case to state court. Signed by Judge Christopher A Nuechterlein on 10/13/04. (sdf, ) (Entered: 10/13/2004) |
| 10/13/2004 | 23 | CLERK'S ENTRY OF JUDGMENT. (sdf, ) (Entered: 10/13/2004) |
| 10/22/2004 | 24 | MOTION to Alter, Amend Judgment by Plaintiff Amir H Sanjari. (Attachments: # 1 Affidavit in Support)(sdf, ) (Entered: 10/25/2004) |
| 11/29/2004 | 25 | ORDER denying 24 Motion to Alter Judgment . Signed by Judge Christopher A Nuechterlein on 11/29/04. (sdf, ) (Entered: 11/29/2004) |
| 11/29/2004 | 26 | MOTION TO ENTER DEFAULT AND ENTER SUMMARY JUDGMENT by Plaintiff Amir H Sanjari. (Attachments: # 1 Exhibit A# 2 Brief in Support# 3 Affidavit in Support)(sdf, ) (Entered: 11/30/2004) |
| 12/01/2004 | 27 | ORDER denying 26 Motion for Default Judgment, denying 26 Motion for Summary Judgment . Signed by Judge Christopher A Nuechterlein on 12/1/04. (sdf, ) (Entered: 12/02/2004) |
| 12/13/2004 | 28 | MOTION to reconsider plaintiff's (10/22/04) 24 Motion to alter amend remand order and (11/29/04) MOTION to enter default and summary judgments. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(sdf, ) (Entered: 12/14/2004) |
| 12/13/2004 | 29 | NOTICE by Amir H Sanjari of Motion 28 being served to Judge Allen Sharp (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(sdf, ) Additional attachment(s) added on 12/15/2004 (sdf, ). Additional attachment(s) added on 12/15/2004 (sdf, ). (Entered: 12/14/2004) |
| 12/20/2004 | 30 | ORDER denying 28 Motion for Entry of Default, denying 28 Motion for Reconsideration. THE CLERK IS DIRECTED TO RETURN ANY FUTURE FILINGS TO MR. SANJARI ALONG WITH A COPY OF THIS ORDER . Signed by Judge Christopher A Nuechterlein on 12/20/04. (sdf, ) (Entered: 12/21/2004) |
| 01/13/2005 | 31 | NOTICE OF APPEAL as to 25 Order on Motion to Alter Judgment, 27 Order on Motion for Default Judgment, Order on Motion for Summary |

| | | Judgment, 22 Order Remanding Case to State Court, 23 Clerks Judgment, 30 Order on Motion for Entry of Default,, Order on Motion for Reconsideration, by Amir H Sanjari. Filing fee $ 255, receipt number 3323016. (sdf, ) (Entered: 01/17/2005) |
|---|---|---|
| 01/13/2005 | 32 | Docketing Statement re: 31 Notice of Appeal, filed by Amir H Sanjari,. (sdf, ) (Entered: 01/17/2005) |
| 01/13/2005 | 33 | Short Record Sent to US Court of Appeals re 31 Notice of Appeal, (sdf, ) (Entered: 01/24/2005) |
| 01/31/2005 | 34 | USCA Case Number 05-1183 for 31 Notice of Appeal, filed by Amir H Sanjari,. (sdf, ) (Entered: 02/01/2005) |
| 02/07/2005 | 35 | NOTICE of Change of Address by Amir H Sanjari (sdf, ) (Entered: 02/09/2005) |
| 06/03/2005 | 36 | NOTICE of Change of Address by Amir H Sanjari. (ksc) (Entered: 06/06/2005) |
| 07/25/2005 | 37 | MANDATE of USCA as to 31 Notice of Appeal, filed by Amir H Sanjari, The appeal is hereby DISMISSED for lack of of jurisdiction (sdf, ) (Entered: 07/26/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/19/2005 14:28:41 | | |
| **PACER Login:** | mg0013 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:04-cv-00470-CAN |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AMIR H SANJARI,                         )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )          CAUSE NO. 3:04-CV-470 CAN
                                        )
ALISON GRATZOL,                         )
                                        )
        Defendant.                      )

**ORDER**

On July 19, 2004, Amir Sanjari filed a notice of removal, seeking to remove cause

number 20D05-0010-DR-00640 from the Elkhart County Superior Court.  Pursuant to 28 U.S.C.

§ 1446(c)(4), this Court promptly examined the notice of removal.  Upon examination, this Court

finds that it lacks subject matter jurisdiction and **REMANDS** the case to the Elkhart County

Superior Court.

**I.    RELEVANT BACKGROUND**

Amir Sanjari and Alison Gratzol's marriage dissolved on August 23, 2000, when the

Elkhart Circuit Court, in cause number 20C01-9908-DR-140, issued a Decree of Dissolution.[1]

On December 19, 2000, the Elkhart Superior Court, in cause number 20D05-0010-DR-00640,

modified the Decree of Dissolution.  Parties are currently disputing the balance due on a

judgment awarded to Gratzol, child support, child custody, the parenting time of Sanjari, and

allegations of contempt against Gratzol for failure to comply with court orders.

---

[1]Sanjari lists himself as Plaintiff in this case.  However, in the state case, he was listed as the Defendant and
Gratzol was listed as the Plaintiff.  Because of this confusion, parties will be referred to by their last names.

On May 28, 2004, Sanjari filed a notice of removal as to the Elkhart Superior Court case, with the United States District Court for the Western District of Michigan. The court remanded the case back to the Elkhart Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The court stated that it lacked subject matter jurisdiction because the dispute involved child custody issues and because Sanjari removed the case to the wrong district.

On July 19, 2004, Sanjari filed a notice of removal with this Court, again seeking to remove the child custody case from the Elkhart County Superior Court. However, Sanjari asserts the basis for this Court's jurisdiction is 28 U.S.C. § 1331, federal question jurisdiction. Sanjari alleges that this case is not just about child custody issues, but about alleged violations of his and his children's civil and constitutional rights in the state court proceeding. This Court has the authority to rule on this matter pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II.     APPLICABLE LAW

The removal statute, 28 U.S.C. § 1441(b), states the following:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

When a notice of removal is filed, a district court must promptly examine the notice to see if removal is proper. 28 U.S.C. § 1446(c)(4). If removal is not proper, the court shall summarily remand the case. Id.

Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). A case will not be removable if the complaint does not affirmatively allege a federal claim. Magyery v.

2

Transamerica Financial Advisors, Inc., 315 F.Supp.2d 954, 956 (N.D. Ind. 2004). In addition,

cases may not be removed when the only presence of a federal question is raised in a defense

argument. Doe, 985 F.2d at 911.

While 28 U.S.C. § 1441(b) allows for the removal of cases which could have been

originally filed in federal court, 28 U.S.C. § 1443(1) allows for the removal of cases where equal

civil rights of citizens are denied or cannot be enforced in state court. However, 28 U.S.C. §

1443(1) only applies to civil rights stated in terms of racial neutrality, and not to the entire gamut

of constitutional rights. State of Ga. v. Rachel, 384 U.S. 780, 792 (1966) (holding that First

Amendment and Due Process rights were not rights that were removable under 28 U.S.C. §

1443(1)).

The Rooker-Feldman doctrine may serve as a limitation as to what cases may be removed

to federal court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983);

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Under Rooker-Feldman, district courts do

not have the authority to hear a case that in essence is an appellate-like review of a state court

determination. Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993). See also Frederiksen, et al. v.

City of Lockport, et al., No. 03-2678 (7th Cir. Sept. 16, 2004). A party may not seek review of a

state court determination by simply casting the claim as a civil rights issue. Id. In addition,

district courts do not have jurisdiction over matters that are inextricably interwoven with matters

already determined by state courts. Id. While difficult to define, matters are inextricably

interwoven when the district court in essence, is being called to review the state-court

determination. Id.

3

In addition, a "domestic relations exception" exists even for those cases which might otherwise be properly removed to federal court under diversity jurisdiction because the entire subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Thus, in cases involving the granting of a divorce or an annulment, an award of child custody, or a decree of alimony or child support, removal is not proper. Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998). Furthermore, ancillary proceedings, "such as a suit for the collection of unpaid alimony, that state law would require to be litigated as a tail to the original domestic relations proceeding" are also not removable. Id.

**III.     ANALYSIS**

This Court lacks subject matter jurisdiction for many reasons. First, Sanjari alleges that this Court has subject matter jurisdiction because a federal question is present. Sanjari's alleged federal question is that his constitutional rights, as well as those of his children, are being denied in the state court proceedings. However, looking at the dissolution decree which initiated the state court proceeding, there is no federal claim present. Neither Sanjari nor Gratzol ever alleged constitutional violations in the early stages of this proceeding as this began as a purely domestic issue. Thus, this Court lacks subject matter jurisdiction based upon the federal question assertion.

Sanjari also alleges that removal is proper under 28 U.S.C. § 1443(1) because his constitutional and civil rights are being denied in state court through the misconduct and bias of the presiding judge and the Elkhart County Clerk's office. As previously stated, removal under this statute is extremely limited and relates only to those cases of alleged racial inequality.

4

Sanjari does not allege racial inequality, but states that it is his due process rights which are being violated. Due process rights are not within the spectrum of rights that allow a case to be removed under 28 U.S.C. § 1443(1). However, even if Sanjari were to allege racial inequality, the <u>Rooker-Feldman</u> doctrine would bar this Court from reviewing the state court determinations. Sanjari must exhaust the entire state court appeals process. If Sanjari still wants to challenge these issues after reaching the Indiana Supreme Court, his only redress would be to file *certiorari* with the Supreme Court.

In alleging a violation of his constitutional rights and questioning the actions of the state court judge, Sanjari is asking this Court to review the state court determinations and discretionary decisions on when to hold hearings in the case. Under the <u>Rooker-Feldman</u> doctrine, this Court does not have the authority to review state court determinations even if the claim is alleging constitutional violations. The district court is not the appropriate forum to raise such concerns.

Finally, because Sanjari's allegations of federal question jurisdiction are misplaced, this Court must look at the original filings to determine whether jurisdiction exists. The state court proceeding originally started out as a modification of a dissolution decree. Through this modification, it appears that ancillary disputes have arisen as to issues concerning child custody, child support, and alleged violations of court orders. Each of these issues fall within the domestic relations exception and should be left to the Elkhart County Superior Court to resolve the disputes. Thus, after fully examining Sanjari's notice of removal as required under 28 U.S.C. § 1446(c)(4), it clearly appears that removal should not be permitted because this Court lacks subject matter jurisdiction.

**IV.    CONCLUSION**

For the foregoing reasons, this Court finds that because it lacks subject matter jurisdiction, this case may not proceed as a federal case.  Therefore, pursuant to 28 U.S.C. § 1447(c), this Court must **REMAND** this case to the Elkhart County Superior Court.

**SO ORDERED.**

Dated this 13th Day of October, 2004.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

cc:    Sanjari; Counsel of Record

FILED

IN THE DISTRICT COURT FOR THE UNITED STATES
NORTHERN DISTRICT OF INDIANA     0\ DEC 27  PM 12: 58
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| Amir H. Sanjari, | ) | Cause No.: 3:04-CV-0470 |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **AFFIDAVIT OF PETITIONER** |
|  | ) | **AMIR H. SANJARI  IN SUPPORT OF** |
| Alison Gratzol, | ) | **FED.R.CIV.P. 60(b)(3),(4) & (6) MOTION** |
| Defendant. | ) |  |
|  | ) |  |

Petitioner, Amir H. Sanjari, swears under penalty of perjury to the following:

1.      Pursuant to Fed.R.Civ.P. 60 (b)(3),(4) & (6), Petitioner in the above captioned

matter makes this Affidavit in Support of his Motion to Set Aside or Vacate Orders of the

District Court for Being Void Due To Defendant Committing Fraudulent Acts In State Court &

Petitioner Cannot Get A Fair Hearing In State Court, and Motion to Appeal to An Article III

Judge because the Magistrate, an Article I magistrate, further defrauded Petitioner and committed

racial and gender bias against him.

2.      Petitioner filed a Notice of Verified Petition for Removal with the District Court

for the United States for the Western District of Michigan from the state court matter in Elkhart

Superior Court, cause number 20D05-0010-DR-00640, on May 28, 2004.

3.      The District Court for the U.S. in Michigan subsequently remanded the matter

back to Elkhart Superior Court on the alleged grounds involved child custody issues and that

Sanjari removed the case to the wrong district.

4.      On July 19, 2004, Sanjari filed a Notice of Removal with the District Court for the

United States for the Nothern District of Indiana, South Bend Division, on the basis of 28 U.S.C.

§1331, a federal question jurisdiction.  Sanjari attempted to point out to the court that it was not a

custody issue matter, but a denial of his and his children's constitutional rights because they were based on fraud, deception and abuse of the process.

5.    Sanjari's former wife and her attorney defrauded Sanjari by falsely testifying before the Elkhart Superior Court that Sanjari was out of the country and was not returning and that custody of the children should be given to her.  Sanjari argues he cannot get a fair hearing in the Indiana superior/circuit court in his case, that his former wife flouts court orders relative to his parental rights (e.g., parenting access to his children), and that his children are suffering constitutional deprivations as a result of the former wife's and her attorney's fraud, deception, false representations to the court there, and essentially, their perjury before that court.

6.    Sanjari's argument that he cannot get a fair trial or fair hearing in the Indiana superior/circuit courts, to date, is correct.  An appeal in the state court process is too time consuming, complex and too expensive.  And, there are no guarantees of Sanjari prevailing in the Indiana appellate courts.  Sanjari argues that he is being racially discriminated in the superior/circuit court and is also being discriminated against on the basis of his gender.

7.    On October 13, 2004, United States Magistrate Judge Christopher A. Nuechterlein, remanded the case to state court on grounds that there was (1) no federal question, (2) the case was not properly removable under 28 U.S.C. §1443 because Sanjari allegedly failed to provide a basis of removal under this statute relative to his constitutional rights and his children's constitutional rights, (2) the Court concluded that Sanjari was seeking review of a State court's determination allegedly barred under the Rooker-Feldman doctrine, and (4) the Court allegedly doesn't have jurisdiction under the "domestic relations exception".

8.    Sanjari then filed a motion to amend judgment pursuant to Fed.R.Civ.P. 59 to amend on grounds to (1) correct a legal error; (2) to prevent a manifest injustice; (3) to reflect on new evidence not available at trial.

9.    The U.S. Magistrate Judge, Christopher Neuchterlein, made a number of harmful errors in denying Sanjari's Rule 59 Motion his November 29th, 2004 Order.

10.    Sanjari also states herein that he was unaware in consenting to having the Magistrate oversee his case, that Magistrates are not Article III judges, but rather Article I judges appointed by Congress for 8-year terms, and that said Magistrates are without ultimate authority over a substantial issue in a case in the exercise of his additional jurisdictional duties.

11.    Petitioner alleges that he has not only been discriminated against by the state court, but also by the U.S. Magistrate, on the basis of his race and gender.   Petitioner alleged jurisdiction of the District Court in his Petition for Removal under 28 U.S.C. §1443(1), 28 U.S.C. §1443(2) and 28 U.S.C. §1441(b).  He properly removed the matter on the basis of racial and gender discrimination. The Magistrate erroneously dismissed his Petition for Removal and remanded it back to state court without consideration of the racial and gender discrimination that Petitioner was suffering at the hands of the state court.  Furthermore, by the Magistrate remanding the case back to the state court, he amplified the racial and gender discrimination by perpetrating further racial and gender discrimination against Petitioner.

12.    Petitioner files this Motion pursuant to Fed.R.Civ.P. 60(b)(3) for fraud and false representations perpetrated by Defendant, her attorney Max K. Walker, Jr. in the state court matter and now the federal court matter, as well as the fraud perpetrated by Magistrate Neuchterlein by using subterfuge and legal trickery and artifice to deny Petitioner further fundamental rights.

13.    Petitioner also files this Motion pursuant to Fed.R.Civ.P. 60(b)(4) for void judgment or order is void perpetrated not only by Defendant and her counsel, but by Magistrate Neuchterlein for allowing the fraud by Defendant and her counsel to be perpetrated and ongoing, but the Magistrate also perpetrated fraud against Petitioner by using subterfuge to bamboozle a self-represented litigant through fraudulent means that perpetuates racial and gender discrimination against Petitioner.

14.     Petitioner files this Motion pursuant to Fed.R.Civ.P. 60(b)(6) in the interests of justice as he already proved by clear and convincing evidence that he has no remedy or relief in the state courts, and now no relief in the federal courts. This evidences "extraordinary circumstances" which is required under subpart (6). Under principles of equity one who induces wrongdoing should not benefit as a result of it.

Petitioner, Amir H. Sanjari, swears under penalty of perjury that the foregoing statements made by him are true.

Dated:  December 27, 2004

Amir H. Sanjari

Sworn to and subscribed before on this 27th day of December, 2004

Notary Public

MICHELLE E. MACDONALD
NOTARY PUBLIC, STATE OF MI
COUNTY OF KENT
MY COMMISSION EXPIRES Oct 6, 2011
ACTING IN COUNTY OF   Kent

# Cast of characters against some of whom legal and constitutional action is anticipated:

**Alison Gratzol, General Hospital, Elkhart, IN:     The (so called) mother (petitioner):**
using & psychologically abusing (Parental Alienation Syndrome- PAS) minor children for her own ends and gains, as well as violating visitation and other Court Orders.

**John Gratzol, North End Cycles, Elkhart, IN:     The mother's current husband:**
lying and using (PAS) on children against their father.

**Michael D. Cook, Marshall Ciruit (72nd) Court, Plymouth, IN:  Judge #3:**
His unethical, prejudiced, illegal (against IN & US Codes & Constitutions) and negligent conduct (vis-a-vis the safety of minor children) rulings (or lack thereof) prolonged the case unnecessarily (as desired and instigated by the petitioner/mother and her unethical counsel), as well as the suffering of the minor children! He took no action (!) while being aware of the minor child's self-mutilation while in the mother's custody. Instead his rulings prolonged and exacerbated the situation. He would not recuse himself from the case until the father filed a lawsuit in the US federal District Court against him. This judge was also reported to the IN Commission for Judicial Qualification (a secretive  branch of judiciary which seems to provide cover for judges and gives the pretense of dealing with complaints against judges. They even didn't act upon blatant violations of the US & IN laws and constitutions by Judge Cook! Little wonder that there are still too many unethical judges on the bench!)

**Max Walker, Elkhart IN:    The Opposing (Mother's) Attorney:**
a disgraced former Elkhart County deputy prosecutor who has violated Court Order, and whose IN law practice license was suspended for violence against a woman and her minor child (one wonders at the light manner he was dealt with for such a crime) and who, along with my children's Mother and her husband, drives this case to the extreme,  jeopardizing the safety and well-being of my daughters for his unprofessional reasons. The re!ationship between this individual and the Elkhart County Courts/judges, and the latter's conduct of the cases that he brings before them seem to be, at the very least, highly questionable and suspect (this case as an example).
He was reported to the IN Commission for Judicial Misconduct.

**Mable Blunk, Bristol St., Elkhart, IN:       The Paediatrician, Bristol St. Paediatrics Associates:**
who neglected and failed to carry out her primary duty, that of  safety and well-being of the her patient, one of the minor children in this case. Because, ostensibly, of her prejudice against the father, this so called paediatrician

neglected to treat the minor child appropriately and in a timely manner when asked by the father only to impose the same treatment on the child when asked by the mother about a year later, during which time interval the child had started self-mutilation!

Would you want the safety of your child(ren) to be in the hands of such a person ?

**Lou Ann Todd, Elkhart, IN:        The Social Worker:**
who doubles as a child therapist although she has not the pre-requisite qualification nor disposition as a psychologist! She has been active as a biased conduit in perpetuating the mother's alienation of the minor children from their father! By her actions she has exacerbated the condition of the minor children. She has also refused to provide potentially self-incriminatory (against herself and the mother) records and documents including the child's medical records to the father (as he has a right to them), although the same records are available to the mother who, for some time, covered up the child's self-mutilation while in her custody!
The actions of this social worker may not be surprising in view of the fact that she was recommended to the mother by Mable Blunk (above)!
One might be forgiven for thinking that there is a web of conspiracy, albeit possibly unspoken, between the mother (a nurse at the local Elkhart General Hospital) and various parties!

**Anthony Berardi, Family Learning Center, South Bend, IN:    Court-Appointed Psychologist:**
unethical and unprofessional who seemed more interested in money than the safety and well-being of the minor children. He too is held responsible for the continued suffering of the children (the minor child continued self-mutilation after this man condoned and emphasized their continued residence in the mother's custody.
He actually complained about the father providing too much information (!) to him for the evaluation (such as the mother had a history of trying to commit suicide)! This obviously made it difficult for him to justify his biased and naive report mirroring the mother's lies which is the basis for the continued inaction of the Court, hence still leaving the children in the same unsafe environment with the mother! Since his report, the child has self-mutilated again! Furthermore, he has been biased and prejudiced against the father in his dealings.

**Child Protection Services (CPS) of Elkhart and St. Joseph Counties, The Department of Children and Families, IN:**
For over a year one of the minor children was self-mutilating while in the custody of the mother, with the latter covering it up for months until the father, living 400 miles away found out and exposed the situation. He informed the Court (Judge Cook) and Elkhart CPS on a number of occasions. Neither of them even bothered to investigate let alone take any

meaningful action to remove the children to safety!

The reasons seem to, primarily, be

a) the CPS suffers from the same institutional prejudice and discrimination against fathers (and in favor of mothers) as most other institutions, such as Courts and Schools, ... . Indeed, if the complaint had been against the father, the Court, the CPS, the Sheriff, ... would have been in there to remove the children like a lightening. As in this case, the complaint was against the mother, no one did anything! One could be forgiven for thinking that we were still in the middle ages, at least in the way institutions perform their duties in Northern Indiana, anyway!

b) apparently, the CPS does not consider psychological abuse (the mother and her husband inflicting Parental Alienation Syndrome upon the children against the father) warranting any action! Indeed, even when the mother's, and her husband's, actions drive the child to self-mutilation and cover it up! It seems that unless, and until the child commits suicide, no one is interested in taking any action to relieve them of their plights. And even then, they all band together to cover each other's behind!

Legal and constitutional actions are anticipated in due course against these institutions and individuals.

After the last episode of self-mutilation by the child, and over a year after the father had first informed him of it, and as a way of covering himself, Judge Cook asked the Elkhart CPS to look into it.

After a precursory investigation, in which they were satisfied by the cleanness of the mother's residence (!), rather than being concerned by the children's state of mind and psychological abuse (PAS) upon them, the Elkhart CPS began producing their report.

As the father had expected, nepotism, prejudice and lack of integrity prevailing in the CPS (note Lou Ann Todd's -see above- she is a social worker, mother, a nurse, what roles here?), the Elkhart CPS "decided" to transfer the case to St. Joseph CPS, South Bend, to complete (sanitize) the report as someone in the Elkhart CPS was associated with the mother and/or her side! So the same neglectful and discriminatory "investigation" but with a sanitized cover (St. Joseph CPS) on the report.

Furthermore, both Elkhart and St. Joseph CPS further cover their tracks by refusing to disclose the full report and findings of their sham of an investigation to the father.

Needless to say, as far as these two CPS organizations are concerned, there has been no wrong-doing taking place by the mother- never mind that the minor child has self-mutilated multiple times in the custody of the mother while the mother tried to initially cover it up.

The two CPS groups have engaged in the character assassination of the father after he exposed their questionable conduct in this case.

<u>Terry Shewmaker, Goshen, IN:     Judge # 1:</u>

Unethically, and quite possibly illegally, ruled on the case for one year and failed to recuse himself, or even report conflict of interest (he was law

partner of the opposing counsel!). Although everyone resided and worked in Elkhart, the opposing counsel (Max Walker, see above) filed the Petitioner/Mother's divorce in Goshen just so that the case would come in front of his friend and ex-law partner Terry Shewmaker! A week before the divorce hearing (nearly a year after the mother filed for divorce), the father, through third parties, found out about Shewmaker's conflict of interest and sought the latter's recusal. Shewmaker's rulings adversely affected the father's children and his case! Shewmaker too was reported to the IN Commission for Judicial Qualification.

**David Denton, Elkhart, IN:**          **Judge # 2:**
Terry Shewmaker's colleague and that of the opposing counsel(?). Denton was clearly unhappy about the father getting Shewmaker removed from the case. Denton did, quite obviously, not listen to the father's testimony and even refused to allow father's witness (in the witness stand ready to be sworn in) to testify as his expert testimony would have destroyed the mother's case. This biased and unethical conduct became evident when his prejudiced decision was issued the following day (the hearing lasted for hours finishing late afternoon of the previous day of the Court decision being issued!). Such "efficiency" (unheard of in such a system and place) only points to the fact that Denton could not have considered the case by its merits and was determined to find the case in favor of the mother more than likely for
a) Max Walker- a former deputy prosecutor of that county, albeit a disgraced one(!) conducting the Petitioner/Mother's case,
b) his displeasure with father for having exposed Judge(!) Shewmaker as unethical,
c) his obvious natural prejudice against fathers.
Ultimately, more importantly, Denton made biased decisions, while ignoring evidence presented by the Respondent/Father, thereby endangering and adversely affecting the minor children and their future!

**Rex L. Reed, Warsaw, IN:   Judge # 4 (Current Court):**
concerns remain with respect to whether this Court is willing to deal with this case in a fair, unbiased and timely manner to ensure the safety and well-being of the minor children in view of the nepotism and unethical and illegal way this case has been dealt with by the Courts hitherto involved. The initial indications are not encouraging.
Judge Reed has been ignoring the father's Motions and insists upon carrying out Judge Cook's unethical and illegal decisions, hence leading to Judge Reed's own violations of the children's and father's constitutional rights of due process and equal protection which result in him losing jurisdiction of the case and his orders being *void* (illegal, invalid, unenforceable) as well as loss of his judicial immunity.

**Indiana Commission on Judicial Qualification:   Indianapolis, IN:** a secretive branch of the IN Supreme Court which seems to provide cover for

bad judges (some of them, at the very least) and gives purports to deal with complaints against them. They don't, apparently, even act upon blatant violations of the US & IN laws and Constitutions (let alone prejudiced and unethical conduct) by Judge Cook! Little wonder that there still seems to be judges with questionable conduct on the bench!

Judges Michael Cook (above) and Shewmaker (above) have both been reported to this body.