UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMIR H. SANJARI<br><br>             Plaintiff<br>v.<br><br>ALISON GRATZOL, JOHN GRATZOL, MAX K. WALKER, JR., ESQ., LOU ANN TODD, AND SUPERIOR COURTS OF THE STATE OF INDIANA<br><br>             Defendants | Civil Action No: 05-CV-11723RCL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND IMPROPER VENUE, AND FOR SANCTIONS**

Defendants submit this memorandum in support of their Motion To Dismiss For Lack of Personal Jurisdiction and Improper Venue, and for Sanctions.  Plaintiff's Amended Complaint should be dismissed because he has failed to allege any facts to demonstrate personal jurisdiction over the defendants and any facts supporting venue in this District pursuant to 28 U.S.C. § 1391.  In addition, Defendants seek sanctions in the form of an order precluding the Plaintiff from filing new actions against these defendants without leave of court.  This is the third time the Plaintiff has tried to bring these claims in federal court, and his repeated attempts to import his domestic relations disputes into the United States District Courts in the districts around the country are being used solely to proliferate litigation and to harass the Defendants.

**FACTUAL BACKGROUND**

This case arises out of protracted domestic relations litigation in Indiana state courts arising out of the divorce of Alison Gratzol and Amir Sanjari.  On August 23, 2000, Alison Gratzol was granted a divorce from the Plaintiff.  Amended Complaint, Exhibit 1.  Since the divorce decree

entered, litigation in the Indiana state courts has continued over property division, child custody, visitation rights, and support.  Affidavit of Walker ¶ 2.

On May 28, 2004, the Plaintiff removed the Indiana domestic relations case to the United State District Court for the Western District of Michigan, claiming, *inter alia,* civil rights and due process violations.  Affidavit of Sommers ¶ 3 and Exhibit 1.  On June 22, 2004, the case was remanded for lack of subject matter jurisdiction and for improper venue.  Id.  The Court held that it did not have subject matter jurisdiction as the case involved domestic relations matters.  Id.  On July 19, 2004, Plaintiff tried again to remove the Indiana domestic relations dispute to federal court, this time to the United Stated District Court for the Northern District of Indiana.  Once again, the basis for removal was allegations of civil rights violations and other constitutional claims.  Affidavit of Sommers, ¶ 4and Exhibit 2.  On October 13, 2004, the Federal District Court remanded the case for, *inter alia*, lack of subject matter jurisdiction, as the case arose out of, and involved disputes concerning, domestic relations.  As of the date the Plaintiff filed this action, the Indiana state court proceedings were ongoing.  Amended Complaint ¶ 102.

Plaintiff has recently moved to Massachusetts.  Amended Complaint ¶¶95-96.  As a result, he is now trying to import his Indiana domestic relations case into federal court here.  Plaintiff seeks damages for alleged conspiracy by the Indiana courts, judges, attorneys, therapists and the Gratzols to deprive him of his civil rights.  He also alleges related federal and state constitutional violations, and intentional and negligent infliction of emotional distress, all as a result of the Indiana state court proceedings and the orders entered there.  Amended Complaint ¶ ¶ 103-135.

The Amended Complaint asserts that venue is proper in Massachusetts because the alleged violation occurred in Massachusetts.  Amended Complaint ¶ 6.  However, none of the factual allegations of the Amended Complaint allege that any acts have occurred in Massachusetts.  All of

Plaintiff's claims pertain to the ongoing domestic relations proceeding in the Indiana or to visitation with the children, who also live in Indiana. Amended Complaint, *passim;* Affidavit of Alison Gratzol ¶ 4.

As outlined in their affidavits, Alison Gratzol, John Gratzol and Max K. Walker, Jr. have no contacts with Massachusetts. Neither Alison or John Gratzol have ever been here. Affidavit of Alison Graztol, ¶ 2; Affidavit of John Gratzol ¶ 2. Mr. Walker is an attorney who has practiced law in Elkhart, Indiana for nearly 35 years. Affidavit of Walker ¶ 2. He has never lived in Massachusetts, and has only been here twice, the last time being more than twenty years ago. Affidavit of Walker ¶ 3. None of them transact business, own property, have any systematic and persistent contact with the Massachusetts, or are subject to personal jurisdiction in Massachusetts courts. Affidavit of Alison Gratzol ¶ 5; Affidavit of John Gratzol ¶ 4; Affidavit of Max K Walker, Jr. ¶ 5. The only contacts any of these defendants have with the Plaintiff are related to the ongoing Indiana domestic relations case and occasional communication regarding the children. Affidavit of Alison Gratzol ¶ 4; Affidavit of John Gratzol ¶ 3; Affidavit of Max K Walker, Jr. ¶ 4. The only connection this case has to Massachusetts at all is that the Plaintiff recently decided to move here. Amended Complaint ¶¶ 8, 95-96.

## ARGUMENT

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS ALISON GRATZOL, JOHN GRATZOL AND MAX WALKER, JR.

The Plaintiff cannot meet its burden of establishing that this Court may exercise personal jurisdiction over Alison Gratzol, John Gratzol, or Max Walker, Jr. Notably, the Plaintiff has failed to allege any facts connecting the Graztols or Mr. Walker to the District of Massachusetts. See Amended Complaint. Indeed, the Amended Complaint doe not even allege in a conclusory manner that this Court has personal jurisdiction over the defendants.

It is well established that "[w]hen a defendant moves to dismiss an action for lack of *in personam* jurisdiction under Federal Rule of Civil Procedure 12(b)(2), 'the plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.'" Moldflow Corp. v. Simcon, Inc., 296 F. Supp. 2d 34, 38 (D. Mass. 2003), quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002).  A plaintiff must make, at a minimum, a *prima facie* showing that personal jurisdiction is appropriate.  See Dodora Unified Communications, Inc., v. Direct Information PVT. Ltd., 379 F. Supp. 2d 10 (D. Mass. 2005); Moldflow Corp., 296 F. Supp. 2d at 38.  In doing so, "the plaintiff may not rely on unsupported allegations in [the] pleadings to make [his] *prima facie* showing of personal jurisdiction.  Rather, [he] must go beyond the pleadings and make affirmative proof of jurisdiction, which should be based upon evidence of specific facts set forth in the record."  Dodora,  379 F. Supp 2d 10 (D. Mass. 2005).  In a federal question case, a federal court must apply the forum state's jurisdiction rules if a federal statute does not provide for national service of process.  Pike v. Clinton Fishpacking, Inc., 143 F. Supp. 2d 162, 166 (D. Mass. 2001).  Because none of Plaintiff's federal claims provide for national service of process, the critical inquiry in the instant case focuses on Massachusetts law governing personal jurisdiction, as found in that state's long-arm statute.  Id. at 166-167.

To support an exercise of personal jurisdiction under the Massachusetts long-arm statute, a plaintiff must show 1) that the defendants' conduct falls within the scope of the statute, and 2) that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.  Tidgewell v. Loon Mountain Recreation Corp., 820 F. Supp. 630 (D. Mass. 1993); Haddad v. Taylor, 588 N.E.2d 1375, 32 Mass. App. Ct. 332 (1992).  Both elements are necessary to a finding of personal jurisdiction; Plaintiff, however, fails to establish either.

4

1. <u>The Defendants' Conduct Does Not Fall Within The Scope Of The Massachusetts Long-Arm Statute.</u>

The Massachusetts long-arm statute, M.G.L. c. 223A § 3, provides in pertinent part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising *from the person's*
>
> (a)    transacting any business in this commonwealth;
>
> (b)    contracting to supply services or things in this commonwealth;
>
> (c)    causing tortious injury by an act or omission in this commonwealth;
>
> (d)    causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e)    having an interest in, using or possessing real property in this commonwealth
>
> (f)    contracting to insure any person, property of risk located withing this commonwealth at the time of the contracting;
>
> (g)    maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or
>
> (h)    having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody , child support or property settlement, notwithstanding the subsequent departure of on of the original parties from the commonwealth, if the action involves modification of such order  or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

(Emphasis added).

Plaintiff does not allege – nor could he – that the either of the Gratzols or Mr. Walker meet any of the above criteria for jurisdiction. First, the Amended Complaint is devoid of any allegations that any of plaintiff's claims arise out of anything that happened in Massachusetts. Indeed, the Amended Complaint specifically alleges that virtually all events that form the basis of Plaintiff's claims occurred in other states, prior to Plaintiff moving to Massachusetts. Amended Complaint, ¶¶ 94-95. In addition, all of Plaintiff's allegations, regardless of where he now lives, pertain either the domestic relations proceedings and orders *in Indiana*, or to Defendants' acts *in Indiana*, such as not bringing the children from Indiana to him. See, e.g., Amended Complaint, ¶¶ 15-102. Thus, jurisdiction cannot be based on any of the factors outlined by M.G.L. c. 223A § 3(a)-(d) and (f)

Second, there are no allegations that any of Plaintiff's claims are based on the fact that the defendants have property in Massachusetts or have ever lived here. To resolve any possible doubt about this matter, the Defendants' affidavits make it clear that none of them have ever lived or owned any property here. In fact, the only one of these defendants that has even visited Massachusetts is Mr. Walker, and that was more than twenty year ago. Thus, jurisdiction cannot be based on M.G.L. c. 223A § 3(e).

Finally, the Amended Complaint makes it clear that M.G.L. c. 223A § 3(g) and (h) do not apply. According to the Amended Complaint, both the Plaintiff and Alison Gratzol were residents of Indiana at the time of their divorce. Although the Plaintiff has moved around since then, Alison Gratzol has not—she has remained in Indiana with the children. Further, the Indiana courts have retained jurisdiction over the domestic relations proceedings, which, as alleged in the Amended Complaint, continue in Indiana to this day.

The only contact these Defendants have with Massachusetts at all are incident to the Plaintiff's visitation rights with his children and the fact that he continues to litigate the Indiana

6

domestic relations dispute.  Alison Gratzol's only contact with the Plaintiff is occasional telephone calls and emails from Indiana pertaining to the Plaintiff's visitation with his children.  John Gratzol's only contacts with the Plaintiff are even more limited, an occur when the Plaintiff call his house in Indiana and John Gratzol happens to answer the telephone.  Mr. Walker, as Alison Gratzol's attorney, has contact with the Plaintiff as a result of the Indiana litigation.

None of the above-listed contacts can be construed as "transacting business" pursuant to M.G.L. c. 223A § 3(a), insofar as those contacts are at best incidental and fortuitous as a result of the Plaintiff having recently moved to Massachusetts.  The "transacting [any] business test under section 3(a) is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party."  Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 112 (1st Cir. 1997).  Long-distance communications between the parties by mail and telephone are not enough to justify the conclusion that these defendants transacted business in Massachusetts, where the only connection to Massachusetts is that the Plaintiff chose to move to here.  See Aub v. Technicolor Entm't Servs., 224 F. Supp. 2d 371, 374 (D. Mass. 2002).

Accordingly, the Plaintiff has failed to allege any conduct occurring in, or connected to, assachusetts.  The only relation this action has to Massachusetts is that the Plaintiff moved here a few months ago.  The fact that he did so is insufficient to provide jurisdiction over the Defendants.

    2.    Defendants Lack The Minimum Contacts Necessary For The Court To Constitutionally Exercise Jurisdiction

Because Plaintiff does not allege, and cannot prove, that the Defendants' actions fall within the scope of the Massachusetts long-arm statute, this Court lacks personal jurisdiction over them.  But even if the long-arm statute applies in the case at hand, Defendants lacks the minimum contacts necessary for this Court to constitutionally exercise personal jurisdiction.

7

For a court to exercise personal jurisdiction over a party, due process requires that a defendant possess minimum contacts with the forum state such that maintaining suit in the forum does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In World-Wide Volkswagen v. Woodsen, 444 U.S. 286, 294 (1980), the court held that personal jurisdiction may not be exercised over a party with which the forum has no contacts. The pertinent inquiry is whether the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). A plaintiff may demonstrate that a defendant has had sufficient minimum contacts with the forum state in one of two ways: through specific jurisdiction or general jurisdiction. Noonan v. Winston Company, 135 F.3d 85 (1st Cir. 1998); Steego Corp. v. Ravenal, 830 F. Supp. 42 (D.Mass. 1993). Plaintiff has alleged no contacts with Massachusetts sufficient to satisfy the test for either specific or general jurisdiction.

      a.      Plaintiff Has Alleged No Basis for General Jurisdiction Over Alison Gratzol, John Gratzol, or Max Walker, Jr.

General jurisdiction lies when the litigation is not directly founded on the defendants' forum-based contacts, but the defendants have nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. Noonan, 135 F.3d at 89. Plaintiff does not allege any facts that could support a finding of general personal jurisdiction over any of the Defendants. The Amended Complaint does not allege that any of them engage in any continuous or systematic activities in Massachusetts. In light of the Defendants' specific denials of any contact with Massachusetts, much less general and systematic ones, personal jurisdiction cannot be based on general jurisdiction.

8

b.  Plaintiff Has Not Alleged Any Basis for Specific Jurisdiction Over Alison Gratzol, John Gratzol, or Max Walker, Jr.

Specific jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. Noonan, 135 F.3d at 89. "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." Massachusetts Sch. of Law v. ABA, 142 F.3d 26, 34 (1st Cir. 1998). The First Circuit utilizes a three part analysis to determine if sufficient contacts exist to exercise specific personal jurisdiction:

1. The claim must directly arise out of, or relate to, the defendant's forum state activities;

2. The defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts feasible; and

3. If minimum contacts exist, the court must then determine whether the exercise of jurisdiction, in light of the Gestalt[1] factors, would be reasonable.

Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995), citing United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1086 (1st Cir. 1992). Under the above analysis, Plaintiff has not identified the sufficient minimum contacts with Massachusetts to justify this Court's exercise of personal jurisdiction.

Plaintiff alleges that the Defendants violated his civil rights and committed various tortious acts in relation to a domestic relations proceeding. In tort-based claims, a court "customarily look[s] to whether the plaintiff has established cause in fact (i.e., the injury would not have occurred 'but

---

[1] The Gestalt factors include the defendant's burden of appearing, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining the most effective resolution of the controversy, and the interest of all sovereigns in promoting substantial social policies. United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). In Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990), the First Circuit Court of Appeals named these factors the "Gestalt Factors." They are secondary rather than primary, meaning that unless the defendant has some cognizable contacts with the proposed forum, the court cannot utilize these factors alone to assert jurisdiction. Id.

for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)." Massachusetts Sch. of Law, 142 F.3d at 35 (citations omitted). Plaintiff has alleged no facts connecting any conduct in the forum state to the present cause of action. All of his claims involve either the court proceedings *in Indiana* or the failure of the children's mother, Alison Gratzol, to bring children *from Indiana* where the children live, to the Plaintiff, wherever he lives (he alleges in the Amended Complaint that he has moved around in search of work, see Amended Complaint ¶¶ 8). It is clear from the Amended Complaint that Plaintiff's claims are not "related" to Massachusetts in any way.

In addition, there are no allegations that any of these Defendants "purposely availed" themselves of the benefits and protections of Massachusetts. "The purposeful availment requirement protects defendants from jurisdiction based solely on 'random, isolated, or fortuitous contacts with a forum.'" LaForest v. Ameriquest Mortg. Co., 2005 U.S. Dist. LEXIS 17855 (D. Mass. 2005), quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984). As outlined above, the affidavits of the Defendants make it clear that none of them have any contact with Massachusetts other than the fact that they have to communicate from time to time with the Plaintiff. The Defendants cannot be said to have purposefully availed themselves of the privilege of conducting activities in Massachusetts simply because the Plaintiff chose to move here.

    B.    THIS CASE SHOULD BE DISMISSED BECAUSE THE DISTRICT OF MASSACHUSETTS IS NOT THE PROPER VENUE FOR THIS ACTION

The existence of proper federal venue is a question of federal law. Stewart Organization., Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988). Where venue is improper, a defendant may move to dismiss the action pursuant to 28 U.S.C. § 1406(a). Once a defendant challenges the propriety of the venue, the plaintiff bears the burden of establishing that the venue is proper in the judicial district in which the action was brought. Transamerica Corp. v. Trans-America Leasing Corp., 670

10

F. Supp. 1089, 1090 (D. Mass. 1987); Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp 1201, 1206 (D.N.H. 1992), affirmed 968 F.2d 1463 (1st Cir. 1993).

Plaintiff alleges both federal questions and diversity of the parties as the basis for this Court's jurisdiction, implicating venue considerations under 28 U.S.C. § 1391 (a) and (b) as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant maybe found, if there is no district in which the action may otherwise be brought.

Plaintiff alleges no facts that are sufficient to support the propriety of venue in Massachusetts. First, because none of the Defendants reside in Massachusetts, venue is not appropriate under subsections (a)(1) or (b)(1). Second, as outlined above, the Plaintiff specifically alleges that virtually all the events that give rise to his claims occurred while he resided in Michigan, Pennsylvania or Kentucky. Amended Complaint ¶¶ 95-96. Moreover, all of his claims are based on, and arise out of, the domestic relations proceedings in Indiana. Accordingly venue is not appropriate under subsections (a)(2) or (b)(2).

Finally, venue is proper under 28 U.S.C. § 1391 (a)(3) and (b)(3) if, and only if, there is no district in which the action may otherwise be brought. See 15 WRIGHT, MILLER & COOPER, Federal Practice and Procedure: Jurisdiction 2d, § 3802.1 (Supp. 2005). 28 U.S.C. § 1391(a)(3) and (b)(3) are fallback provisions that can be used only if there is no district in which venue can be laid under the other subsections. Id. Venue would be proper in Indiana as the Amended Complaint makes it clear that this is where a substantial part of the events that give rise to Plaintiff's claims took place. 28 U.S.C. (a)(2) and (b)(2). Accordingly, venue will not be appropriate under these fallback provisions because the action can be brought in another district.

In sum, Plaintiff has not alleged and cannot allege actions supporting venue in Massachusetts. No defendant lives in Massachusetts or can be found here. None of Plaintiff's claims arise out of events or omissions that occurred here. Further, venue would be proper in Indiana. Accordingly, the Amended Complaint should be dismissed.

C. THE DEFENDANTS ARE ENTITLED TO SANCTIONS AGAINST THE PLAINTIFF FOR HIS CONDUCT AS A VEXATIOUS LITIGATOR.

Federal courts have the equitable power to issue injunctions and to take other steps to curb vexatious and unreasonably multiplied litigation. Thomas v. Conn. Gen. Life Ins. Co., 2003 U.S. Dist. LEXIS 22436, 8-9 (D. Del. 2003). "Federal court have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Armstrong v. School Dist., 1999 U.S. Dist. LEXIS 14918, 5-6 (D. Pa. 1999) quoting In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). *Pro se* litigants are subject to the same requirements as other litigants and may not abuse the judicial process with impunity. Id.

This case is the Plaintiff's third attempt to import his Indiana domestic relations case into Federal court. Twice before he has removed ongoing Indiana State court proceedings to the federal

12

district courts in the district in which he lived.  Each time, the case was remanded, not only because of improper removal, but also for lack of subject matter jurisdiction.  Affidavit of Sommers ¶¶ 3 and 4.  In addition, the United States Federal District Court for the Northern District of Indiana has already held that the Plaintiff's claims were barred from federal court by the Rooker-Feldman doctrine, which bars a federal district court from reviewing state court decisions.  See Affidavit of Sommers, ¶ 4.

Plaintiff's pattern of vexatious litigation is not only borne out by his repeated lawsuits in different states as he moves around the country, but also by his accusations of corruption against various parties when he disagrees with their decisions.  His current federal suit results from what he claims a conspiracy by all the defendants, including the judges and the Indiana Superior courts, to act "perniciously and with official force and effect [to] deprive Plaintiff of his parental rights with his daughters…."  Amended Complaint ¶ 104.  Plaintiff has gone further, however.  When the Federal District Court for the Northern District of Indiana remanded the case, the Plaintiff accused Magistrate Judge Neuchterlein of "perpetrat[ing] fraud against the Petitioner by using subterfuge to bamboozle a self-represented litigant through fraudulent means that perpetrates racial and gender discrimination against Petitioner."  Affidavit of Sommers¶ 5, Exhibit 3.

Plaintiff's actions constitute unnecessary and baseless proliferation of litigation, and are clearly designed to harass those that he disagrees with.  He has already been told by at least one Federal court that he must pursue his domestic relations case through the Indiana state courts.  Sommers Affidavit ¶ 4, Exhibit 2.  Undeterred, he continues, refilling the same case in Massachusetts .  Plaintiff's Amended Complaint, on its face, fails to assert even the barest allegation that personal jurisdiction over any of the defendants is appropriate.  Further, in light of the Indiana federal court's ruling, Plaintiff may even be barred from bringing his claims at all based on

principles of *res judicata*.  All the while, he continues to litigate his claims in the Indiana state court as well, and continued to accuse the Indiana state court judges of continuing to violate his civil rights each time they deny the Plaintiff what he seeks.  Amended Complaint ¶ 102.  As a result, the defendants must defend the claims not only in Indiana, but in state after state, depending on where the Plaintiff chooses to move.  There is no indication that he will stop.  Indeed, he has created a public web site that publicizes his efforts, further accuses the courts, judges, and all the Defendants of wide spread corruption.  See < http://webpages.charter.net/lah1321/> and affidavit of Sommers, ¶ 6.

    In cases such as this, the federal courts have not hesitated to issue restraining orders enjoining parties from access to the federal court system without prior leave of the Court to do so.  See, e.g., Perry v. Gold & Laine, P.C., 371 F. Supp. 2d 622, 631-632 (D.N.J. 2005).  The purpose of such restraining orders is to preclude the party from filing pleadings that clearly cannot survive motions to dismiss, pleadings that are in compliance with Federal Rules of Civil Procedure Rule 11, and pleadings that would otherwise be barred by principles of claim or issue preclusion or are unduly repetitive.  Id.  As demonstrated above, such an order would be appropriate in this case.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint should be dismissed. In addition, this Court should impose sanctions in the form of a restraining order, precluding the Plaintiff from filing additional suits or pleadings without leave of Court.

Respectfully submitted,

Alison Gratzol
John Gratzol
Max K. Walker, Jr.

By their attorneys,

McLANE, GRAF, RAULERSON &
MIDDLETON, PROFESSIONAL
ASSOCIATION

Dated: September 19, 2005

By: /s/ Eric M. Sommers
Eric M. Sommers, BBO #649611
900 Elm Street
P.O. Box 326
Manchester, NH 03105
Tel: 603-628-1337
Fax: 603-625-5650
eric.sommers@mclane.com

**Certificate of Service**

Dr. Amir H. Sanjari
18 Dale Street 4-E
Andover, MA 01819

David A. Arthur, Esq.
Deputy Attorney General
Indiana Government Center South, 5th Floor
302 West Washington street
Indianapolis, IN 46204

Peter C. Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940

      I hereby certify that on September 19, 2005, I caused this Memorandum to be served on the above-named counsel via electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing or by first class mail, postage prepaid.

                                            /s/  Eric M. Sommers
                                                Eric M. Sommers