# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | | |
|---|---|---|
| Amir H. Sanjari, | ) | Civil Action No. 05 – 11723 RCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALISON GRATZOL | ) | |
| JOHN GRATZOL | ) | |
| MAX K. WALKER, JR., ESQ. | ) | |
| LOU ANN TODD | ) | |
| ELKHART SUPERIOR COURT 5 OF | ) | |
| STATE OF INDIANA | ) | |
| JUDGE REX L. REED | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF AMIR H. SANJARI'S CROSS-MOTION IN OPPOSITION TO DEFENDANT LOU ANN TODD'S MOTION TO DISMISS AND MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, Amir H. Sanjari, the undersigned, for his Cross-Motion, alleges as follows:

1.     Defendant Lou Ann Todd is in error with regard to her assertions that the matter arises out of domestic relations dispute. (Deft's. Motion to Dismiss Complaint & Motion to Dismiss Amended Complaint, p.1, ¶1).

2.     Plaintiff Amir H. Sanjari attached a true and correct copy of his Indiana Decree of Dissolution, Cause Number 20C01-9908-DR-140, that was reduced to Judgment and entered on August23, 2000. (See Exhibit #1 of Plaintiff's Amended Complaint). The state proceedings were concluded, the parties in the case were decreed

1

as divorced, all custody and child support issues were inclusive and adjudicated. The status of the domestic relationship was already determined as a matter of state law and the matter herein has no bearing on the underlying torts that Plaintiff brings before this court. Plaintiff seeks no decision by the federal court with regard to divorce, custody, child support, or alimony.

3.      Todd, being involved in the Indiana state case, has and provides treatment to Plaintiff's two (2) minor daughters, "AFS" and "MRS". Todd Affidavit, ¶¶2-10; Plaintiff's Amended Complaint, ¶¶13, 41, 121-123. Todd has been instrumental in the custodial interference and parental alienation of the two (2) minor children, thereby interfering with Plaintiff's fundamentally secured parental rights as guaranteed by the Constitution for the United States, First, Fourth, Fifth, Ninth, and Fourteenth Amendments.

4.      The actions, or inactions, by Todd have caused Plaintiff Sanjari great expense. Sanjari has expended monies to see his children, only to have his parental rights thwarted as a result of Todd's so-called "therapy" of the children. Plaintiff has had to move to Massachusetts to secure employment to pay child support. Plaintiff has had to expend monies for bringing the children to Massachusetts, numerous telephone calls and e-mails between him, the children and defendant Alison Gratzol to try and effectuate seeing his children. Plaintiff has suffered egregious emotional distress at having his children kept from him in what can be termed as "kidnapping" through parental alienation.

5.      Plaintiff has been having a difficult time seeing his daughters as a result of the Defendant Todd's interference with Plaintiff's parental rights, and Todd's acting in conspiracy with the other defendants to interfere with Plaintiff's parental rights and alienate the children from him.

6.      Todd has specifically told the one child, "AFS", on numerous occasions that she doesn't need a father. This has caused intentional infliction of emotional distress

and negligent infliction of emotional distress on Plaintiff. As a result of this interference by Todd, Plaintiff has been deprived of the ability to see his children for parenting time in Massachusetts.

7.      Because Todd is a Licensed Clinical Social Worker (LCSW) and Licensed Marriage and Family Therapist (LMFT) she is obligated to follow all nationally established ethical rules governing her profession. Todd has failed to follow those nationally established ethical rules.

8.      Further, as a result of Todd's interference and complicity in the parental alienation, by causing Plaintiff a financial and emotional expense, and in violating the Decree of Dissolution which incorporates court-ordered child support, which is a "thing" or "debt" in commerce, the matter is subject to Congressional control under the Commerce Clause of the United States Constitution, Article I, §8, cl. 3, which gives this federal court jurisdiction over the case.

9.      Todd cannot escape the jurisdiction of the federal by hiding behind lack of nexus or lack of minimum contacts. She has created a scenario that has cost Plaintiff substantial amounts of money, and has interfered with Plaintiff's right to contract since the Decree of Dissolution, which is inclusive and incorporates a child-support order and custody order together is "functionally equivalent to an interstate contract".

10.     Todd is involved in a conspiracy involving economic activity by committing fraud, involving herself in a conspiracy to commit extortion, kidnapping, harassment, custodial interference, and violating Plaintiff's fundamentally secured Constitutional rights.

The federal court has personal and *in rem* jurisdiction over Defendant Todd for purposes of this case.

11.     Pursuant to the Violent Crime Control and Law Enforcement Act of 1994. P.L. 103-322, and specifically the Violence Against Women Act ("VAWA"), 42 U.S.C. §13981, it specifically recognizes that "**all persons** within the United States shall have

the right to be free from crimes of violence motivated by gender (e.g., custodial interference, harassment, threats, extortion, fraud, kidnapping of one's children, parental alienation, etc.). It is Congress' conclusion that domestic and gender-based violence substantially affects interstate commerce and supports the constitutionality of such actions, as Plaintiff brings against the defendants, under the Commerce Clause. Venue is therefore appropriate herein.

12.    Moreover, there is a substantial body of caselaw upholding Plaintiff's rights to sue in the federal courts for custodial interference and ancillary causes of action. Defendant Todd cannot make any valid claims that the federal courts have no jurisdiction over her, based on the actions, or inactions, she took in interfering with Plaintiff's federally protected rights.

13.    Defendant Todd has lied and perjured herself to this Court via her September 3rd, 2005 Affidavit, p.3, ¶10.

14.    Therefore, Plaintiff has valid causes of action against defendant Todd and all other defendants, acting in concert and/or individually.

15.    Lastly, Defendant Todd's Motion is frivolous and vexatious and she and her attorney(s) must be sanctioned pursuant to Fed.R.Civ.Proc. Rule 11, <u>since her attorney(s) never submitted certification nor were certified by this Court that they could practice before the federal courts</u>.

Dated:  September 19, 2005

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Amir H. Sanjari, ) | Civil Action No. 05 – 11723 RCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| ALISON GRATZOL ) | |
| JOHN GRATZOL ) | |
| MAX K. WALKER, JR., ESQ. ) | |
| LOU ANN TODD ) | |
| ELKHART SUPERIOR COURT 5 OF ) | |
| STATE OF INDIANA ) | |
| JUDGE REX L. REED ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AFFIDAVIT OF PLAINTIFF AMIR H. SANJARI'S**
**CROSS-MOTION IN OPPOSITION**
**TO DEFENDANT LOU ANN TODD'S MOTION TO DISMISS AND**
**MOTION TO DISMISS AMENDED COMPLAINT**

Amir H. Sanjari, having been duly sworn, makes oath and deposes as follows:

1.      My name is Amir H. Sanjari. I am the Plaintiff in this case, and I have

personal knowledge of the facts set forth in my Amended Complaint and this Affidavit.

2.      I am a resident of Massachusetts. I was a resident of Indiana and

Michigan.

3.      I have moved to Massachusetts for employment reasons.

4.      Defendant Lou Ann Todd has interfered with my fundamentally secured

parental rights by committing custodial interference and parental alienation of my two (2)

children. Defendant Todd on several occasions has told my one daughter, "AFS", that

she does not have to see me anymore and that she is not required to attend parenting time

with me, in violation of the Indiana Decree of Dissolution that is attached as Exhibit #1 to the Plaintiff's Amended Complaint, which indicates at p. 1, ¶2 that ***"the parties are awarded joint legal and physical custody of the minor children***, to wit: [AFS], date of birth October 8, 1988, and [MRS], date of birth September 11, 1992."**

5.      The Indiana Court awarded the parties **"equal custody"**.

6.      Defendant Todd, in concert with the other defendants, have conspired to interfere with said equal custody and deprive Plaintiff of any relationship with his daughters whatsoever.

7.      Due to employment concerns, and in order to pay his child support obligation, Plaintiff Sanjari has had to move to different states to secure said employment. This has caused him to have interstate parental rights. Plaintiff has paid for all travelling expenses, telephone expenses, and all other expenses, in order to have a relationship with his daughters.

8.      As a result of Defendant Todd's actions, or inactions, Plaintiff has suffered emotional and economic damages. Plaintiff has expended large amounts of time and money to travel to pick up his children for parenting time and has been thwarted by Todd and the other defendants numerous times.

9.      Most recently, Plaintiff was to exercise his parenting time with his daughters in early September 2005, and have them flown to Boston. Because of Todd's insinuations to the older daughter that she no longer had to see her father, Plaintiff was deprived of contact with her. Now they are working on the younger daughter to not see Plaintiff. This has culminated in both daughters being alienated from the father and refusing to see him in Massachusetts.

10.     These are criminal acts of custodial interference and kidnapping perpetrated by Todd, and in concert with the other defendants. These are acts of parental alienation, which is compensable in the federal courts because involves the violation of Plaintiff's federal protected and fundamentally secured parental rights.

6

**Sworn to under the pains and penalties of perjury this 19th day of September, 2005.**

Dated:  September 19, 2005

Amir H. Sanjari

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| Amir H. Sanjari,            ) | Civil Action No. <u>05 – 11723 RCL</u> |
|                         ) | |
|           Plaintiff,       ) | |
|                         ) | |
|                         ) | |
| vs.                         ) | |
|                         ) | |
| ALISON GRATZOL       ) | |
| JOHN GRATZOL         ) | |
| MAX K. WALKER, JR., ESQ.   ) | |
| LOU ANN TODD         ) | |
| ELKHART SUPERIOR COURT 5 OF   ) | |
|       STATE OF INDIANA      ) | |
| JUDGE REX L. REED       ) | |
|                         ) | |
|           Defendants.     ) | |
|                         ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF AMIR H. SANJARI'S CROSS-MOTION IN OPPOSITION
## TO DEFENDANT LOU ANN TODD'S MOTION TO DISMISS AND
## <u>MOTION TO DISMISS AMENDED COMPLAINT</u>

### INTRODUCTION

Plaintiff Amir H. Sanjari hereby files this memorandum of law in support of his cross-motion in opposition to defendant Lou Ann Todd's motion to dismiss and motion to dismiss amended complaint. For the reasons set forth below, Todd's motion must be denied with prejudice and declared frivolous and vexatious.

### PARTIES AND PLEADINGS

Pursuant to the Constitution for the United States, Article I, §8, cl.3 this federal court has jurisdiction and venue over defendant Todd and all other defendants pursuant to the Commerce Clause and the various torts alleged showing violations of Plaintiff's fundamentally secured federal constitutional rights.

### SUMMARY OF ARGUMENT

The Court should dismiss Defendant Lou Ann Todd's motion to dismiss, because:

8

1.    The Court has personal and in rem jurisdiction over Todd pursuant to the Commerce Clause and other torts alleging violations of Plaintiff's fundamentally secured federal constitutional rights.

2.    Venue is properly laid in this judicial district.

3.    Defendants' attorney(s) have not proven they are certified to practice before this judicial district or any other federal district.

## ARGUMENT

### I.    THE COURT HAS JURISDICTION BY VIRTUE OF THE COMMERCE CLAUSE AND VARIOUS TORTS ALLEGING VIOLATIONS OF FEDERALLY PROTECTED RIGHTS

As a result of Defendant Lou Ann Todd's interference with Plaintiff's **"equal custody"** rights, she has committed custodial interference and kidnapping. These are both justiciable issues in the federal courts. Todd also is involved in complicity with the other defendants in (1) the parental alienation of Plaintiff's relationship with his children, (2) by causing Plaintiff a financial and emotional expense, and (3) in violating the Indiana state Decree of Dissolution which incorporates/includes not only the decree and judgment granting "equal custody" to both parties, but grants court-ordered child support, which is a "thing" or "debt" in commerce. Because the matter involves a "contract" and a "debt" obligation, the matter is subject to Congressional control under the Commerce Clause of the United States Constitution, Article I, §8, cl. 3, which gives this federal court jurisdiction over the case.

True, the court order arises from a family relation, and from a domestic relations court, however, once in place, the judicial Decree/Judgment is now considered a binding contract and a debt. This judgment, being a debt, now is a thing of value, which is but an obligation that makes up a part of the stream of commerce subject to Congressional

9

control. It is functionally equivalent to an interstate contract. See, *U.S. v. Lewko*, 269 F.3d 64, 68-69 (1st Cir. 2001).

Defendant cannot ignore the fact that she has also caused Plaintiff excessive monetary expenses and emotional distress as a result of her bad faith acts to interfere with Plaintiff's federally secured custody rights. By interfering with Plaintiff's fundamentally secured rights, it has cost Plaintiff financially. This affects interstate commerce. The federal court is obligated to protect the integrity of state court judgments, in light of the fact that there are difficulties that may be encountered when one party leaves the ordering jurisdiction to secure employment, even though that party has equal custody rights.

Todd cannot escape the jurisdiction of the federal court by hiding behind lack of nexus or lack of minimum contacts. She has created a scenario that has cost Plaintiff substantial amounts of money, and has interfered with Plaintiff's right to contract since the Decree of Dissolution, which is inclusive and incorporates a child-support order and custody order together is "functionally equivalent to an interstate contract".

Todd is involved in a conspiracy involving economic activity by committing fraud, involving herself in a conspiracy to commit extortion, kidnapping, harassment, custodial interference, and violating Plaintiff's fundamentally secured Constitutional rights. The federal court has personal and *in rem* jurisdiction over Defendant Todd for purposes of this case.

Even though the United States Supreme Court, in a 5-4 decision, has limited the extent of the law in *U.S. v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), pursuant to the Violent Crime Control and Law Enforcement Act of 1994, P.L. 103-322, and specifically the Violence Against Women Act ("VAWA"), 42 U.S.C. §13981, it specifically recognizes that **"all persons** within the United States shall have the right to be free from crimes of violence motivated by gender. Such crimes would include, custodial interference, kidnapping of one's children, parental alienation, harassment, threats, extortion, fraud, etc.

10

Since Plaintiff is considered an element of **"all persons"**, he fits into the catego ·y

of protection against violations of his fundamentally secured parental rights that Congres:

and the Constitution seek to protect.   It is Congress' conclusion that gender-based

violence, kidnapping of one's children, extortion, harassment, threats, and gender-basec

discrimination substantially affects interstate commerce and supports the constitutional:ty

of such actions as Plaintiff brings against the defendants under the Commerce Clause.

In fact, this Court ruled that Congress concluded that the VAWA is a valid and

constitutional exercise of Congress' power. *Doe v. Mercer*, 37 F.Supp.2d 64 (D.Mass.

1999).

Furthermore, Michael Newdow was rejected by the United States Supreme Couıt

last year in his attempt to have the "Pledge of Allegiance" in schools declared

unconstitutional.  He is once again bringing the same or similar arguments before the

Supreme Court after the Ninth Circuit U.S. Court of Appeals ruled in his favor again.

Venue is therefore appropriate herein.

Whether the interest of States remains a sufficient justification today for

abstention is uncertain in view of the expansion in recent years of federal law in the

domestic relations area.  See, Victims of Child Abuse Act of 1990, 104 Stat.4792, 42

U.S.C. §13001 *et seq.*;  Parental Kidnapping and Prevention Act of 1980, 94 Stat. 3568,

28 U.S.C. §1738A; Child Abuse Prevention and Treatment Act, 88 Stat. 4, 42 U.S.C.

§5101 *et seq.*

The argument that Defendant has no personal contacts in Massachusetts for

purposes of "long arm jurisdiction" are irrelevant.  Defendant has interfered with

Plaintiff's right to contract, has violated Plaintiff's fundamentally protected federal rights.

and, therefore, has affected interstate commerce as defined by the Commerce Clause.

**II.    THE COURT HAS JURISDICTION OVER DEFENDANT
BY VIRTUE OF PLAINTIFF'S FEDERAL CAUSES OF ACTION**

There is a substantial body of caselaw upholding Plaintiff's rights to sue in the federal courts for custodial interference and ancillary causes of action because of gender discrimination, gender-based violence, or parental alienation. Defendant Todd cannot make any valid claims that the federal courts have no jurisdiction over her, based on the actions, or inactions, she took in interfering with Plaintiff's federally protected rights.

Because Plaintiff is bringing his Amended Complaint as a tort action, he is not seeking any modifications in the divorce decree (which was adjudicated to conclusion in 2000), custody, child support, or alimony.

The Constitution does not exclude domestic relations cases from jurisdiction of the federal courts, especially where gender discrimination against one of the parents is involved. The domestic relations exception only exists as a matter of statutory construction. *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d (1992). Domestic relations exceptions do not bar the federal courts from exercising subject-matter jurisdiction over tort suits brought by Plaintiff and others similarly situated alleging interference with custody, kidnapping, extortion, threats, harassment, gender discrimination, and interference with contracts and affecting of interstate commerce.

In this case, the status of the domestic relationship has already been determined as a matter of state law in the termination of the former wife's and former husband's marriage in 2000. This has no bearing on the underlying torts alleged that are seeking an award of damages.

If someone had never been married to Plaintiff, a family member such as an aunt, a cousin or grandparent, or even a nonrelative such as a nurse, babysitter, or therapist, had set about destroying the relationship between the father and his children, any cause of action arising out of such behavior would not be foreclosed from a hearing in federal court because it partook of some intra-family aspects.

A district court may not simply avoid all diversity cases having intrafamily aspects. Rather it must consider the exact nature of the rights asserted or of the breaches alleged.

Custody and visitation encompass all of what is called "parental rights". A total denial of both would be equivalent to an unlawful termination of parental rights. See, *Franz v. United States*, 707 F.2d 582, 602 (D.C. Cir. 1983).

Since the United States Supreme Court has held in a long line of cases, that without a compelling state interest of justified abuse or neglect, the right to the care, custody and nurture of one's children, is a fundamentally secured liberty interest and property right that cannot be infringed upon. *Troxel v. Granville*, 530 U.S. 57, 101, 120 S.Ct. 2054, 2079, 147 L.Ed.2d 49, 78 (2000); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388 (1982); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1212 (1972); *May v. Anderson*, 345 U.S. 528, 533, 73 S.Ct. 840, 843 (1952); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625 (1923). Gender discrimination and parental alienation are not a compelling state interest justifying interference with or termination of parental rights by the state or anyone else.

A district court must and can take jurisdiction of issues that are of a federal nature--fraud, extortion, kidnapping, affect on interstate commerce and interference with contracts or judgments, threats, harassment, interference with parental rights.

A termination of parental rights by private individuals, or the state without justification, or by individuals and the state acting in concert without a compelling interest to do so, is actionable in the federal courts. A decision by a federal court not requiring the adjustment of family status or establishing familial duties or determining the breach of such duties, does not contravene the domestic relations exception to federal diversity jurisdiction. See, *Raftery v. Scott*, 756 F.2d 335 (4th Cir. 1985)(mother paid $60,000 in damages to father for custodial interference); *Lloyd v. Loeffler*, 694 F.2d 489

13

(7th Cir. 1982)(holding that the diversity exception does not apply to a tort suit for interference with the custody of a child).

Petitioner does not seek a determination of status or obligations arising from status. Moreover, any federal court determination of Plaintiff's claims will neither upset a prior state court determination of status or obligations appurtenant to status nor pre-empt a pending state court determination of this nature. *Ankenbrandt v. Richards*, at 504 U.S. 717, 112 S.Ct. 2222; Cf. *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

Plaintiff's state law tort claims for money damages are easily cognizable in a federal court. All these considerations favor the exercise of federal jurisdiction over Plaintiff's claims.

Consequently, jurisdiction or venue are not lacking in the instant case. The facts independently support the various claims for relief in Plaintiff's Complaint and Amended Complaint. Plaintiff is seeking exclusively monetary relief; and prospective relief against state official defendants. Federal diversity jurisdiction cannot be escaped. Upholding a judgment and payment of a judgment cannot be categorized as an act involving a domestic relationship.

## CONCLUSION

For the reasons set forth above, Plaintiff Sanjari's cross-motion in opposition to Defendant Lou Ann Todd's Motion to Dismiss and Motion to Dismiss Amended Complaint must be Granted and Todd's motion and amended motion be Dismissed with

prejudice for being frivolous and vexatious, and sanctions be issued against Defendant and her attorney.

Respectfully submitted,

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

15

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document is served upon

Eric M. Sommers, Esquire
McLane, Graf, Raulerson & Middleton, P.A.
City Hall Plaza, 900 Elm Street, Manchester, N.H.  03105

Peter C. Kober, Esquire
Litchfield Cavo, LLP
6 Kimball Lane, Lynnfield, MA 01940

David A. Arthur, Esquire
Deputy Attorney General
Indiana Government Center South 5th Floor
302 West Washington Street
Indianapolis, IN 46204

Rex L. Reed, Esquire
Kosciusko Circuit Court
121 North Lake Street, Warsaw, IN 46580

Elkhart Superior Court No. 5 of State of Indiana
Courthouse, 315 South Second Street, Elkhart, Indiana 46516.

by U.S. Mail on September 19, 2005

_____
Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover
Massachusetts 01810
(270) 268-3086

16