UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 SEP 26  P 4: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

AMIR H. SANJARI,                )
                                )
       Plaintiff,               )
                                )
v.                              )   CASE NUMBER: 05-11723 RCL
                                )
ALISON GRATZOL, et al.,         )
                                )
       Defendants.              )

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ELKHART SUPERIOR COURT, STATE OF INDIANA, AND JUDGE REX L. REED

Plaintiff Amir H. Sanjari has filed this civil rights action arising out of his domestic relations case in Indiana against his ex-wife/the mother, her current spouse, her counsel, a counselor in Indiana, the Elkhart, Indiana, Superior Court 5 and Judge Rex L. Reed, who is the Judge currently presiding over the Indiana domestic relations case.

This Court lacks jurisdiction over the subject matter as to all claims against the Indiana Court. Further, this Court lacks personal jurisdiction over the Indiana Court and Judge Reed. There are several other bases on which a motion to dismiss could be predicated, but because the basis for dismissal is so clear and compelling on these two grounds, the other matters are not addressed here.

**I. Introduction.**

Although this case grows out of a domestic relations case in the Indiana state courts, plaintiff insists that this case is not itself a domestic relations case. He is obviously familiar with the domestic relations exception to federal jurisdiction. See *Ankenbrandt v. Richards*,

504 U.S. 689, 703 (1992). Whether or not this case fits within that exception to jurisdiction is not argued here.

Plaintiff has lived in Indiana in the past but now lives in Massachusetts. (Amended Complaint, ¶ 8.) While he was in Indiana, a dissolution of marriage action was filed, resulting in a final decree on August 23, 2000. (Amended Complaint, ¶ 24.) He complains that the Court did not admonish Mr. Walker, the ex-wife's counsel, for swearing in court. (Amended Complaint, ¶ 23.) He further complains that the Court is otherwise abdicating its responsibility and is helping the mother in her illegal and unconstitutional activities, refusing even to enforce its own orders. (Amended Complaint, ¶¶ 34, 55-57, 68, 102, 106, 126.) Plaintiff alleges that he has been denied due process and that he has been denied access to necessary psychological information. (Amended Complaint, ¶¶ 62, 102.)

It is alleged that since the August 2000 decree, plaintiff's parenting time has been reduced, the children have been abused by the custodial parents and there has been interference with his visitation. (Amended Complaint, ¶¶ 37-39. 42-46, 52, 56.) He lists occasions too numerous to repeat when his visitation was either cut short or was not allowed to occur at all. (Amended Complaint, ¶¶ 66m 790-100.)

**II. This Court lacks Jurisdiction over the Subject Matter as to Claims against the Indiana Courts.**

The Eleventh Amendment to the Constitution of the United States provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

This bars suits against a State, its departments and agencies unless the State has consented to suit. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Therefore, unless a state has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot

be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985).

Indiana has not waived its Eleventh Amendment immunity as to civil rights actions. Meadows v. State of Indiana, 854 F.2d 1068, 1069-70 (7th Cir. 1988); Stanley v. Indiana Civil Rights Commission, 557 F.Supp. 330, 333-34 (N.D. Ind. 1983), *aff'd* 740 F.2d 972 (7th Cir. 1984), Elliott v. Hinds, 573 F.Supp. 571, 575 (N.D. Ind. 1983). State courts are arms of the State of Indiana protected from suit by the Eleventh Amendment. Crenshaw v. Indiana Supreme Court, 170 F.3d 725, 727 (7th Cir. 1999); Kelly v. Municipal Courts of Marion County, 97 F.3d 902, 907-08 (7th Cir. 1996). Thus, the Elkhart Superior Court 5 is an arm of the State of Indiana entitled to Eleventh Amendment protection from suit.

Therefore, this action is barred as against the Elkhart Superior Court 5, State of Indiana, which has not waived its Eleventh Amendment immunity. This action should be dismissed as against the Indiana State Courts.

### III. This Court lacks Jurisdiction over the Person of the Indiana Court and Judge.

All of the acts or omissions alleged as to the Elkhart Superior Court 5 and Judge Reed occurred in Indiana. There is no personal jurisdiction in Massachusetts.

It is the plaintiff's burden to establish personal jurisdiction over a defendant. On a motion to dismiss under Rule 12(b)(2) without a hearing, the plaintiff must make a *prima facie* showing of facts that, if true, would support jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936); Dalmau Rodriguez v. Hughes Aircraft Co., 781 F.2d 9, 10 (1st Cir. 1986). Personal jurisdiction of a federal court is controlled by Fed. R. Civ. P. 4(k).

Rule 4(k)(1)(A) provides that jurisdiction may be effectively established over a

person who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Both the state's long-arm statute and the due process clause must be satisfied. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994). Massachusetts' long-arm statute allows the exercise of personal jurisdiction over defendants to the fullest extent permitted by due process. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002) (citing Automatic Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441, 280 N.E.2d 423, 424 (1972), and Tatro v. Manor Care, Inc., 416 Mass. 763, 625 N.E.2d 549, 553 (1994)) "[W]hen a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the constitutional standards." Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).

It is a fundamental principle of jurisdiction and due process that a defendant may not be sued in the courts of a foreign jurisdiction unless he has had some "minimum contacts" with that jurisdiction and that the defendant's conduct and connections with the forum "are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

A defendant has fair warning that his activities may subject him to the jurisdiction of a foreign forum if he has purposefully directed his activities at residents of the forum jurisdiction – jurisdiction may not be premised on contacts that are random, fortuitous or attenuated, or are the result of unilateral activity of another party or a third person. Burger King, 471 U.S. at 472, 475. Mere lack of physical presence is not enough to defeat personal jurisdiction if an actor has purposefully directed commercial efforts toward residents of the

forum state. Id., 471 U.S. at 476. Ultimately, the court must consider whether the assertion of personal jurisdiction would comport with fair play and substantial justice. Id. (citing International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

This is a three-part analysis. Ticketmaster, 26 F.3d at 206. First, the action must arise out of the defendant's forum-state activities. Helicopteros Nacionales Columbia, SA v. Hall, 466 U.S. 408, 414 (1984). Here, there are no activities alleged to have been taken by the Indiana Court or by Judge Reed in Massachusetts. The domestic relations case arose because the ex-wife/mother lives in Indiana, the children live in Indiana and the ex-husband/father/plaintiff resided in Indiana when the action was filed and decided initially. It was only later that he moved to Massachusetts, and then only after living in Michigan, Pennsylvania and Kentucky. (Amended Complaint, ¶ 8.) If, as plaintiff claims, there is a due process right arising out of the domestic relations case, that right arises in Indiana and only in Indiana. There are no actions by the Indiana Court or by Judge Reed alleged to have taken place in Massachusetts. The only connection between any of the facts alleged in the Amended Complaint and Massachusetts is that at this time the plaintiff resides in that state. Plaintiff's choice of residence does not give this Court jurisdiction over the persons of the defendants.

Second, the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state and invoking the protections of the law there. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Because there are no activities on the part of the Indiana Court or Judge Reed in Massachusetts, the Court does not even need to consider whether the non-existent acts constitute a sufficient invocation of the protection of Massachusetts law. There are, quite simply, no activities to consider and, therefore,

nothing to allow this Court to exercise jurisdiction over the person defendants Elkhart Superior Court, State of Indiana, and Judge Reed. Neither ever invoked the protections of Massachusetts law.

Although the plaintiff has moved to Massachusetts, that is not a sufficient contact to satisfy due process. See Kulko v. Superior Court, 436 U.S. 84 (1978) (father allowing his children to move to California with his ex-spouse not enough contact by the father to give California courts personal jurisdiction over the father). The father/plaintiff availed himself of benefits of living in Massachusetts, but that purposeful availment does not carry over to the defendants. As no defendant ever lived or worked in Massachusetts, there is no personal jurisdiction.

Third, the exercise of jurisdiction must be reasonable in light of all of the circumstances. This case fails on this point as well. It is not reasonable or fair to force the State of Indiana through its court system and an Indiana Judge to defend their Indiana actions (plaintiff alleges inactions) in an Indiana civil case filed and adjudicated in an Indiana forum in Massachusetts. As the claims against the Indiana State Court and Judge Reed are not in the nature of defamation, the Court need not get into that more troublesome and less clear area. See the discussion at Ticketmaster, 26 F.3d at 207-09.

In addition, the First Circuit has listed several "gestalt" factors to be considered. Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990). Those include (1) the burden on the defendant to appear in the forum court; (2) the forum state's interest in adjudicating the controversy; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. These

all militate against personal jurisdiction in Massachusetts. The burden on the defendant would be great, having to defend 1,000 miles from its borders when the subject matter of the litigation—the marriage and children—were and are entirely within Indiana. The plaintiff may claim that the burden on him of going to Indiana is equally great, but it has to be remembered that the burden on the plaintiff arose only after he voluntarily moved to Massachusetts. The Congress of the United States recognizes that the best forum for addressing matters of child custody and child support is where the children live, and has required Massachusetts to pass parallel legislation. Uniform Interstate Family Support Act, 42 U.S.C. § 666.

Therefore, the plaintiff's convenience is the only one of the factors suggesting Massachusetts as the forum in which to obtain "effective" relief. Further, while plaintiff is seeking only injunctive relief as against the Indiana Superior Court and Judge Reed (Amended Complaint, ¶¶ 4 and ¶ 13 of prayer for relief) even that is doubtful. This Court cannot interfere with the ongoing state case. Younger v. Harris, 401 U.S. 37 (1971); Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995) (applying Younger abstention when the state case is a civil matter). Only the Elkhart Superior Court or a higher Indiana court can finally resolve the custody and support dispute so long as the children continue to reside in Indiana. Thus, while moving the case to Massachusetts is one possibility, leaving the matter before the Indiana court is the preferred and most effective resolution of the controversy, which is the fourth factor in the Donatelli analysis. The final factor, the common interest of all sovereigns in promoting substantive social policies, leads to neither an Indiana nor a Massachusetts court. Courts in either state could decide the same as to support, custody and visitation. Therefore, on balance, it is easily seen that the proper forum is Indiana and that

there is no sufficient minimum contact with Massachusetts and, therefore, no personal jurisdiction in this Court over the defendant State Courts of the State of Indiana.

### IV. Incorporation of Motion by Co-Defendant Lou Ann Todd

Pursuant to Rule 10(c), Fed.R.Civ.Pro., these defendants incorporate by reference the memorandum of law filed by co-defendant Lou Ann Todd in support of her motion to dismiss.

## V. Conclusion

This Court lacks subject matter jurisdiction over all claims as against defendant Elkhart Superior Court, State of Indiana. This Court also lacks jurisdiction over the person of the defendants Elkhart Superior Court, State of Indiana, and Judge Rex L. Reed. Therefore, this action should be dismissed as against the Elkhart Superior Court 5, State of Indiana, and Judge Rex L. Reed.

Respectfully submitted,

ELKHART SUPERIOR COURT 5
JUDGE REX L. REED

THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
Ernest L. Sarason, Jr., BBO No. 441980
Assistant Attorney General
Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108
Telephone: (617) 727-2200
Fax: (617) 727-3118

STEVE CARTER
Indiana Attorney General

By: _____
David A. Arthur
Deputy Indiana Attorney General
Ind. Atty. No. 2461-48
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: 317-232-6286
Fax: (317) 232-7979
E-Mail: DArthur@atg.state.in.us

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing memorandum has been served on all parties and counsel of record by United States Mail, First-Class postage prepaid and affixed, this 21' day of September, 2005:

Amir H. Sanjari
18 Dale St.
Unit 4-E
Andover, MA 01810

Eric M. Sommers
McLane, Graf, Raulerson & Middleton
City Hall Plaza
900 Elm Street
Manchester, NH 03105-0326

Peter C. Kober
Litchfield Cavo LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940

_____
Ernest L. Sarason, Jr.
Assistant Attorney General