UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Amir H. Sanjari,<br><br>          Plaintiff,<br><br>vs.<br><br>ALISON GRATZOL<br>JOHN GRATZOL<br>MAX K. WALKER, JR., ESQ.<br>LOU ANN TODD<br>ELKHART SUPERIOR COURT 5 OF<br>    STATE OF INDIANA<br>JUDGE REX L. REED<br><br>          Defendants. | Civil Action No. 05 – 11723 RCL |

**PLAINTIFF AMIR H. SANJARI'S MOTION SEEKING
EXTENSION OF TIME TO RESPOND TO DEFENDANTS
ELKHART SUPERIOR COURT, 5, OF STATE OF INDIANA AND
JUDGE REX L. REED'S MOTION TO DISMISS AND
SANCTION AGAINST DEFENDANTS AND THEIR ATTORNEY(S)**

       Plaintiff, *pro se*, Amir H. Sanjari, the undersigned, for his Motion, alleges as follows:

       1.      Upon contacting the honorable Clerk of this Court on October 05, 2005, at 3:41 p.m. EST, the Plaintiff was informed that the Defendants Elkhart Superior Court, 5, of State of Indiana and Rex L. Reed, represented by State Of Indiana Attorney General, had filed (Entered on September 27, 2005) a Motion To Dismiss Plaintiff's Complaint against the Defendants.

1

2. In violation of the Rule 5 of the Fed. R. Civ. Proc. and the Local Rules 4 and 5, and any and all other relevant Rules, the Defendants failed to make a timely, indeed any, service of the said Motion to the Plaintiff although they appear to have certified to such a service.

3. To this date and time (October 05, 2005), the Plaintiff has not received any copy of the Defendants' Motion to Dismiss (already 8 days into the 14 days) so that he may respond to it in a timely manner. Yet, it appears that Plaintiff has only 14 days to respond from September 27 while, thus far, he has not been served with the said filed Motion. This conduct by the Defendants and their attorney(s) unduly and illegally deprives the Plaintiff of adequate, and his due, time to respond to the Motion.

4. The Plaintiff, *pro se*, has experienced, and continues to experience such sharp practices (and worse) perpetrated by some members of the judiciary and legal officers in the State of Indiana.

5. Plaintiff, *pro se*, respectfully requests that the time allowed for him to respond to the Defendants' (Elkhart Superior Court, 5, of State of Indiana and Judge Rex L. Reed) Motion to Dismiss be extended by 14 days from the due date of October 11, 2005.

6. Plaintiff, *pro se*, further, requests that the Court impose sanctions against the Defendants and their attorneys for sharp and illegal practices and enjoin all of them (including other Defendants and their attorneys in this case) from such future practices, affirming that such practices would not be tolerated in State of Massachusetts.

7. Moreover, sanction must be applied against all those (in this case) Defendants and their attorneys pursuant to Fed.R.Civ.Proc. Rule 11, <u>who (not even the attorneys of other Defendants in this cause of action) never submitted certification nor were certified by this Court that they could practice before the federal courts</u>.

8. Memorandum of Law, below, provides for some, by no means all, of the relief that Plaintiff is entitled vis-a-vis his treatment as a *pro se* under the Fed.R.Civ.Proc. and relevant case laws.

Dated: October 05, 2005

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Amir H. Sanjari, ) | Civil Action No. 05 -- 11723 RCL |
| )  | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALISON GRATZOL ) | |
| JOHN GRATZOL ) | |
| MAX K. WALKER, JR., ESQ. ) | |
| LOU ANN TODD ) | |
| ELKHART SUPERIOR COURT 5 OF ) | |
| STATE OF INDIANA ) | |
| JUDGE REX L. REED ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF PLAINTIFF AMIR H. SANJARI'S MOTION SEEKING EXTENSION OF TIME TO RESPOND TO DEFENDANTS ELKHART SUPERIOR COURT, 5, OF STATE OF INDIANA AND JUDGE REX L. REED'S MOTION TO DISMISS AND SANCTION AGAINST DEFENDANTS AND THEIR ATTORNEY(S)

Amir H. Sanjari, having been duly sworn, makes oath and deposes as follows:

1. My name is Amir H. Sanjari. I am the Plaintiff in this case, and I have knowledge of the facts set forth in my motion and this Affidavit.

2. I am a resident of Massachusetts.

3. Defendants Elkhart Superior Court, 5, of State of Indiana and Rex L. Reed have filed (entered on September 27, 2005) a Motion to Dismiss Plaintiff's Complaint.

4. Plaintiff has not received any service of the said Motion from the Defendants or their attorney(s) to this date (see above for date and time).

4

5.    This is a continuation of sharp, illegal and unconstitutional treatment of the Plaintiff by some of the judiciary and legal officers in the State of Indiana, further proving the Plaintiff's case.

**Sworn to under the pains and penalties of perjury this 5th day of October, 2005.**

Dated: October 05, 2005

_____
Amir H. Sanjari

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Amir H. Sanjari,  )  | Civil Action No. 05 – 11723 RCL |
| )  | |
| Plaintiff,  )  | |
| )  | |
| )  | |
| vs.  )  | |
| )  | |
| ALISON GRATZOL )  | |
| JOHN GRATZOL )  | |
| MAX K. WALKER, JR., ESQ. )  | |
| LOU ANN TODD )  | |
| ELKHART SUPERIOR COURT 5 OF )  | |
| STATE OF INDIANA )  | |
| JUDGE REX L. REED )  | |
| )  | |
| Defendants.  )  | |
| )  | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF AMIR H. SANJARI'S MOTION**

**INTRODUCTION**

Plaintiff, *pro se*, Amir H. Sanjari hereby files this memorandum of law in support of his motion. For Plaintiff is *pro se*, and the reasons set forth below, the Court is requested to treat the Plaintiff, his (Amended) Complaint and this case appropriately and protect him from abuse and illegal and unconstitutional violations by all the Defendants in this case and their attorneys.

**ARGUMENT**

   I.  **PRO SE STANDARD OF REVIEW**

   1-  Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes this point clear and

states: *A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively*, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), *and take them as true for purposes of deciding whether they state a claim*. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2D 263 (1972).

    2-    *Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.*
Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).

    3-    *The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires.* S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (*Court has special obligation to construe pro se litigants' pleadings liberally*); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

    3-    *Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would*

7

*otherwise result.* U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

4-   Moreover, *"the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."* **Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974))** [Plaintiff's bold and italic print]. *Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.*

## CONCLUSION

WHEREFOR, the Plaintiff respectfully requests that:

1- Plaintiff be granted extension of time to file his response to the Defendants' Motion.

2- Defendants and their attorneys be sanctioned for their violation(s).

3- Plaintiff, pro se, and his (Amended) Complaint and this case be given all and every due consideration (Memorandum of Law). And,

4- Plaintiff be granted such further relief as maybe just, equitable and appropriate.

Respectfully submitted,

*[signature]*

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

8

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document is served upon

Eric M. Sommers, Esquire
McLane, Graf, Raulerson & Middleton, P.A.
City Hall Plaza, 900 Elm Street, Manchester, N.H. 03105

Peter C. Kober, Esquire
Litchfield Cavo, LLP
6 Kimball Lane, Lynnfield, MA 01940

David A. Arthur, Esquire
Deputy Attorney General
Indiana Government Center South 5th Floor
302 West Washington Street
Indianapolis, IN 46204

by U.S. Mail on October 05, 2005

*[signature]*

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover
Massachusetts 01810
(270) 268-3086