UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

```
*************************************
AMIR H. SANJARI,                     *
     Plaintiff                       *
                                     *
v.                                   *
                                     *
ALISON GRATZOL,                      *   CIVIL ACTION NO. 05-11723-RCL
JOHN GRATZOL,                        *
MAX K. WALKER, JR., ESQ.,            *
LOU ANN TODD and                     *
SUPERIOR COURTS OF THE STATE         *
     OF INDIANA,                     *
     Defendants                      *
*************************************
```

## DEFENDANT LOU ANN TODD'S MOTION
## TO DISMISS AMENDED COMPLAINT

Defendant Lou Ann Todd ("Todd") hereby moves, pursuant to and in accordance with Fed.R.Civ.P. 12 (b) (2) and (3), that the Court dismiss the claims against Todd in the Amended Complaint on the grounds of lack of personal jurisdiction and improper venue.[1] As grounds for this motion, Todd states as follows:

(1)    This case involves claims for alleged civil rights violations and emotional distress. Although plaintiff states that it is not a domestic relations case, *see* Amended Complaint, ¶2, "Relief Requested" ¶14, the factual allegations set forth in the Complaint leave no room for doubt that plaintiff's claims for his alleged damages arise out of a domestic relations dispute between plaintiff Amir H. Sanjari and his former wife, defendant Alison Gratzol, in Indiana. *See* Amended Complaint, ¶¶ 15-102.

---

[1] Todd hereby incorporates by reference the factual statements and legal arguments set forth in her affidavit (the "Todd Affidavit") and her memorandum of law in support of motion to dismiss plaintiff's original Complaint, filed on September 8, 2005.

(2) Todd is a Licensed Clinical Social Worker ("LCSW") and a Licensed Marriage and Family Therapist (LMFT"), who resides in Michigan and is licensed to practice as an LCSW and an LMFT and works in Indiana. As set forth in the "Todd Affidavit, Todd does not reside in, work in, transact or solicit business in, or have any other connection with the Commonwealth of Massachusetts. Although she has provided therapy to the minor daughters of plaintiff and defendant Alison Gratzol, she rendered all such treatment in Indiana. *See* Todd Affidavit, ¶¶2-10.

(3) Moreover, apart from the fact that the Amended Complaint (incorrectly) alleges that Todd is a "citizen of the State of Indiana[,]" *see* Amended Complaint, ¶7, the Amended Complaint alleges *no* other facts from which the Court can reasonably infer that Todd has any "contacts" whatsoever with the Commonwealth of Massachusetts sufficient to confer personal jurisdiction over her. *See* Amended Complaint, ¶¶7, 12, 16, 41, 110, 111, 112, 114, 115, 121, 122, 123, 128, 130 and 135.

(4) In light of these facts, this Court does not have personal jurisdiction over Todd under either the Massachusetts "long arm" statute, M.G.L. ch. 223A, §3, or the Due Process Clause of the 14th Amendment.

(5) Furthermore, venue is improper under 28 U.S.C. §1391. The Amended Complaint does not allege facts related to any defendant's purported residences *other* than that Todd and the remaining defendants are "citizens of the State of Indiana[,]" *see* Amended Complaint, ¶7, such that venue does not lie under sub-paragraphs (a)(1) or (b)(1). Although the Amended Complaint alleges that venue is proper in this Court because "the alleged violations have been ongoing and have been carried out within, and these claims arose within, the District of Massachusetts[,]" *see* Amended Complaint, ¶6, the Amended Complaint alleges no facts from

2

which the Court can reasonably infer that a "substantial part of the events or omissions giving rise to the claim" occurred in Massachusetts, and the facts recited in the Todd Affidavit make it clear that (at least as to Todd) none of the alleged "events or omissions" took place here. *See* 28 U.S.C. §1391 (a)(2) and (b)(2). Finally, because there is no personal jurisdiction over Todd, and because she is not a corporation, venue is not appropriate under sub-paragraphs (a)(3) or (b)(3).

By her attorneys,

*Peter C. Kober*

Eileen P. Kavanagh BBO #549782
Peter C. Kober BBO #276260
Litchfield Cavo, LLP
6 Kimball Lane
Lynnfield, MA 01940
(781) 309-1500

Dated: September 15, 2005

## CERTIFICATE OF SERVICE

    I, Peter C. Kober, hereby certify that on _September 15_, 2005, I served Defendant Lou Ann Todd's Motion to Dismiss Amended Complaint along with Certification of Counsel by first class mail, postage prepaid, to the following:

| | | |
|---|---|---|
| Dr. Amir H. Sanjari<br>18 Dale Street<br>4-E<br>Andover MA 01810 | Eric M. Sommers, Esquire<br>McLane, Graf, Raulerson &<br>Middleton, P.A.<br>City Hall Plaza<br>900 Elm Street<br>Manchester NH 03105 | Mr. David A. Arthur, Esquire<br>Deputy Attorney General<br>Indiana Government Center South<br>5th Floor<br>302 West Washington Street<br>Indianapolis IN 46204 |

_____
Peter C. Kober