**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

IN CLERK'S OFFICE

2005 OCT 12  P 1: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| Amir H. Sanjari, | ) Civil Action No. 05 – 11723 RCL |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| ALISON GRATZOL | ) |
| JOHN GRATZOL | ) |
| MAX K. WALKER, JR., ESQ. | ) |
| LOU ANN TODD | ) |
| ELKHART SUPERIOR COURT 5 OF | ) |
| STATE OF INDIANA | ) |
| JUDGE REX L. REED | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF AMIR H. SANJARI'S CROSS-MOTION IN OPPOSITION TO DEFENDANTS ELKHART SUPERIOR COURT, STATE OF INDIANA, AND JUDGE REX L. REED'S MOTION TO DISMISS

Plaintiff, *pro se*, Amir H. Sanjari, the undersigned, for his Cross-Motion,

urges this Court not to dismiss his complaint or causes of action against Defendants

Elkhart Superior Court, State of Indiana, and Judge Rex L. Reed for the following

reasons:

1.    Defendants Elkhart Superior Court, State of Indiana, and Judge Rex L.

Reed are in error with regard to their assertions that Plaintiff lacks personal jurisdiction

and improper venue over the Defendants. Plaintiff, indeed, has subject matter jurisdiction

and personal jurisdiction over the Defendants.

2.    The Eleventh Amendment does not apply to this case because the matter

involves interstate commerce which is governed by the Commerce Clause of the

Constitution, and therefore, governed by Congress. Congress makes no Eleventh

1

Amendment immunities under the Commerce Clause. Further, since Defendant Elkhart Superior Court No. 5, State of Indiana, is in the business of child support enforcement, either intrastate or interstate, it involves commercial activity. Furthermore, the State of Indiana is involved in a commercial child support enforcement compact with the other 49 states and the Federal government, giving this Court federal question jurisdiction.

3.      Moreover, because the State of Indiana is part of the commercial compact with regard to child support enforcement and other related matters, by virtue of it complying with Federal Child Support Enforcement laws, 42 U.S.C. §§651-669, it has waived immunity by accepting federal funding for the enforcement of child support, federal reimbursement incentives to the states pursuant to 42 U.S.C. §658, and being involved in interstate child support enforcement (18 U.S.C. §228) which has defined child support enforcement and collections as an economic activity subject to the Commerce Clause of the *Constitution for the United States of America*, Article I, Section 8, cl. 3.

4.      Defendants Elkhart Superior Court, State of Indiana, and Judge Rex L. Reed have yet to serve their "Motion to Dismiss Elkhart Superior Court, State of Indiana, and Judge Rex L. Reed" and supporting papers upon Plaintiff as of this writing. As a result, Plaintiff had to file (entered into Court docket on October 7, 2005) his motion SEEKING EXTENSION OF TIME TO RESPOND TO DEFENDANTS ELKHART SUPERIOR COURT, 5, OF STATE OF INDIANA AND JUDGE REX L. REED'S MOTION TO DISMISS.

5.      A memorandum in support of this cross-motion is annexed hereto.

WHEREFORE, plaintiff, *pro se*, Amir H. Sanjari, being a proper human being and natural man, urges this Court to grant his motions in opposition to the motions to dismiss his case filed by all Defendants, including Defendants Elkhart Superior Court No. 5, State of Indiana, and Judge Rex L. Reed, allow his case to go forward to trial for monetary damages as against all Defendants (except Defendants Elkhart Superior Court

2

No. 5, State of Indiana and Judge Rex Reed - other remedies have been sought against these two Defendants- please see Amended Complaint), and deny all Defendants their motions to dismiss his complaint, and dismiss the above Defendants' motion to dismiss the cause of action herein because they have not served their motion upon plaintiff as of the time of this writing, and to grant all other just and proper relief in the premises.

*A. H. Sanjari*

Dated: October 11, 2005

               Amir H. Sanjari
               In propria persona
               #18 Dale Street
               Unit 4-E
               Andover, Massachusetts 01810
               (270) 268-3086

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| Amir H. Sanjari, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALISON GRATZOL )<br>JOHN GRATZOL )<br>MAX K. WALKER, JR., ESQ. )<br>LOU ANN TODD )<br>ELKHART SUPERIOR COURT 5 OF )<br>STATE OF INDIANA )<br>JUDGE REX L. REED )<br><br>Defendants. )<br>_____) | Civil Action No. 05 – 11723 RCL. |

### AFFIDAVIT OF AMIR H. SANJARI IN OPPOSITION TO
### DAVID A. ARTHUR REPRESENTING DEFENDANTS
### ELKHART SUPERIOR COURT NO. 5, STATE OF INDIANA
### AND JUDGE REX L. REED BECAUSE OF CONFLICT OF INTEREST

I, Amir H. Sanjari, sworn to under oath, depose and state that:

1.      I am the Plaintiff in the above captioned matter and make this Affidavit in

opposition to Indiana Deputy Attorney General David A. Arthur's motion, affidavit,

certification and memorandum. **This Court should be aware that I have yet to be**

**served with any motion to dismiss from Defendants Elkhart Superior Court No. 5,**

**State of Indiana, and Judge Rex L. Reed.**

2.      David A. Arthur alleges at ¶5 of his Affidavit that he has never been

"formally" disciplined by any Court. However, he never swears that he was "informally"

disciplined, or found in contempt.

4

3.      At ¶7 of his Affidavit, David A. Arthur alleges that the Indiana Attorney
General, in person or by Deputy, provides representation to State agencies, including the
state courts, and to Judges and other judicial officers. The Indiana Attorney General is
constitutionally mandated to protect and represent the People of Indiana first and
foremost, and not some public official. He is, therefore, in conflict with protecting the
rights of the People, and protecting "agencies" of the State and public officials who are
answerable to the People, who are the sovereignty.

4.      Deputy Attorney General David A. Arthur has a significant conflict of
interest in this case and cannot be representing state agencies, judicial officers/public
officials, and state courts at the expense of individual rights of the People.

5.      Therefore, Mr. Arthur must present a true and correct copy of his oath of
office and his bond as certified exhibits to this Court, because his oath and bond are
contracts with the People that individual rights will not be infringed upon or abridged,
and that all of his actions are not negligent or in malfeasance.

6.      With regard to Mr. Arthur's "Certification of Counsel For Elkhart Superio
Court No. 5 And Judge Rex L. Reed", he states that he contacted me at approximately
8:20 a.m. (E.S.T.) on September 22, 2005, for the purpose of attempting in "good faith"
to resolve or narrow the issues raised by the motion to dismiss Elkhart Superior Court
No. 5 and Judge Rex L. Reed.

7.      Affiant contends that there was never any "good faith" attempt to resolve
or narrow the issues.
Indeed, none of the Defendants' counsels in this case contacting me made any attempt
whatsoever to, in "good faith", resolve or narrow the issues raised. All those counsels
contacting me gave me ultimatum that I'd either agree to dismiss my complaint or that
they would file a motion to dismiss my complaint.

8.      Affiant states he was told to dismiss the complaint by Mr. Arthur or a
motion would be filed to dismiss the complaint. There was no attempt at resolution or

5

narrowing of issues.  However, during the conversation Mr. Arthur told me that this was a Federal case, indeed, and it should go forward, but it is his job to try and dismiss it.

10.    Further affiant sayeth not.

Amir H. Sanjari

Subscribed and sworn to before me on this 12th day of October, 2005.

Notary Public

**April Shonkwiler**
**Notary Public**
**My Commission Expires September 15, 2011**
**Commonwealth of Massachusetts**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| Amir H. Sanjari, | ) | Civil Action No. 05 – 11723 RCL. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALISON GRATZOL | ) | |
| JOHN GRATZOL | ) | |
| MAX K. WALKER, JR., ESQ. | ) | |
| LOU ANN TODD | ) | |
| ELKHART SUPERIOR COURT 5 OF | ) | |
| STATE OF INDIANA | ) | |
| JUDGE REX L. REED | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF AMIR H. SANJARI'S CROSS-MOTION IN OPPOSITION TO DEFENDANTS ELKHART SUPERIOR COURT, STATE OF INDIANA, AND JUDGE REX L. REED'S MOTION TO DISMISS

Plaintiff, *pro se*, Amir H. Sanjari filed this tort action against all Defendants

including Defendants Elkhart Superior Court No. 5, State of Indiana, and Judge Rex L.

Reed for tortious interference with parental rights, custodial interference, visitation

interference, fraud, abduction, kidnapping, and other causes of action involving federal

questions. Because all of the Defendants are involved in commercial activity, it gives this

Federal Court, in the District of Massachusetts subject matter jurisdiction and personal

jurisdiction over all Defendants and the Plaintiff. The fraud by Defendant Walker was

that he represented and responded in behalf of Defendant Alison Gratzol in U.S. District

Court, District of Indiana, South Bend. He then lied to 7th Circuit Court of Appeals that

he didn't respond in her behalf in the court below. The 7th Circuit did nothing about his

lies. The District Court did nothing. The Superior Courts of Indiana won't render any

rulings on applications that Plaintiff files there, so he cannot even appeal them. This is a blatant denial of Due Process and Equal Protection Under the Law. Plaintiff has no remedy in the Indiana courts-- federal or state.

## I.    **Introduction**

Defendants Elkhart Superior Court 5's orders and rulings in this case are *void ab initio* because it held custody and visitation hearings in Indiana without Plaintiff being present, issuing orders ex-parte and fraudulently, denying the Plaintiff of his Constitutionally protected parental rights, denying Plaintiff his Due Process rights to subpoena witnesses, and threatening the Plaintiff. Reed has, by his inaction and/or biased action against the Plaintiff, deprived Plaintiff of his Due Process and equal protection rights, attempted to intimidate the Plaintiff, aided and abetted other Co-Defendants in violating Plaintiff's Constitutional rights, he therefore, violated his own oath of office. Furthermore, when faced with Plaintiff's filing of a praecipe (May 17. 2004) to disqualify him from the state case, Reed conspired to illegally and unethically alter the court's docket records in order to neutralize Plaintiff's praecipe to disqualify him. Reed's consistent rulings against the Plaintiff, even when the latter warned the court of minor child's continual self-mutilation in the Defendant Alison Gratzol's home, Reed refused to act, as did Elkhart Superior Court 5. Reed further violated Plaintiff's equal protection rights and committed gender discrimination by refusing to enforce court's own orders regarding Gratzols' violations of Plaintiff's parental rights. Reed has already pre-judged the outcome of my state court petition (which I filed in September 2002 and has yet to be heard) although the case has not been heard (no hearing, no witnesses, no evidence, and no case presented to date). Yet, Reed has already stated (August 18, 2005) that I would lose the case. This is bias and violation of my Due Process right. Reed has repeatedly refused to recuse himself. His latest refusal to do so was in response to Plaintiff's filing of September 12, 2005 state motion (after filing of his Complaint in this

Court) in which Plaintiff drew Reed's attention to the fact that, in view of this federal action against him, and as demanded by Indiana Code, Reed had to recuse and disqualify himself from the state case. Reed refused. On September 22, 2005, I said to Deputy Attorney General Arthur that he should advise Reed to recuse because of fraud and interference with my parental rights and violation of my Constitutional rights. Arthur told me that the matter should be heard in the Indiana courts. That is exactly the problem. While my relationship with the children is being destroyed because I happen to live in another state in order to find suitable employment, and because Defendants the Gratzols (with aiding and abetting by other Co-Defendants) continue to alienate my children against me, the Indiana courts refuse to rule on my applications before them, or to enforce the existing court orders regarding Gratzol's violations of Plaintiff's parental rights. Yet, they will continue to take my money for child support obligations whether I live in Indiana or not. This creates commercial activity by Defendants, making them liable and under the jurisdiction of this Court.

On September 09-11, 2005, Defendant Alison Gratzol refused to put my younger daughter MRS on the plane for her to come here for my monthly parenting time and for her birthday. Many weeks before, I had told Defendant Gratzol that I had purchased a round-trip flight ticket. I filed Emergency motion to enforce Litigant's Right. It went before Defendant Reed to force Gratzol to send MRS to Massachusetts. Reed refused it, which was also a refusal of one of the Defendant court's own prior orders. Hence, he violated my Due Process and Equal Protection rights. This is his continual process of violations of failing to enforce court's own orders or conduct hearings. The matter cannot even be appealed because Defendant Reed refuses to hold hearings. Or, Reed violates my Due Process rights by illegally (also in violation of Indiana Codes) denying me the information I, both as a father and as a litigant am entitled to, need to conduct the state case (Due Process).

9

A few months ago, I contacted the Elkhart County, Indiana Prosecutor because Alison has committed criminal kidnapping. I asked them to prosecute her. They referred me to the Elkhart county sheriff who, after weeks, supposedly "investigated" and sent a report to the county prosecutor last week. Recently, the deputy county prosecutor told me that she had not read the report yet. Upon my further request, she got back to me later saying that she would not do anything regarding Defendant Gratzol's criminal kidnapping activities, although they are against Indiana Codes. Furthermore, the deputy prosecutor said she'd look into the extortion activities by Defendant Gratzol, but she did not think she'd do anything. She referred me to the Defendant state court (same vicious circle). I am not hopeful as they have a knack of covering up over there. Note that Defendant WALKER, Gratzol's attorney, is a former disgraced Elkhart County Deputy Prosecutor who, after violently assaulting a woman and her 9 year old daughter and hospitalizing the former, got away with a nominal suspension of his law license. Upon the woman filing charges against WALKER in Indiana, the evidence against him had got "lost". Also in northern Indiana, where the state case is pending, some members of the judiciary are close relatives of Defendant Walker resulting in influence peddling. This is the environment, and type of justice and law, that are practiced and dispensed in northern Indiana.

On September 9th, 2005, I desperately tried to call around the sheriff's various departments to get someone to go over to the Gratzol house and order the mother to take Melodie to O'Hare airport. When a sheriff did go to her house belatedly, I was on the telephone with him when the sheriff started telling me off saying that I was in "violation" because of "past due" child support that he had allegedly seen in a court order. The sheriff began defending Gratzol for her parenting time violations. So that weekend was lost and (hard to come by) money lost. Discussing the matter of parenting time with Defendant WALKER (Gratzol's attorney), he exclaimed as to why should she [Defendant Alison Gratzol] want to take MRS to the airport.

10

Defendant Alison Gratzol hasn't presented AFS (older minor child) for parenting time for over 2 years now. This is in direct violation of various Indiana court orders, which Reed and Elkhart Superior Court have refused to order enforcement of. Now Gratzol is refusing to carry out the prior parenting time court order this time (14-16 of October). I have not seen my (younger) daughter since the end of July. I believe it is partly because Melodie loved it here in Boston and had a good time during the summer ("the best summer ever", according to her) and her mother does not like that.

Defendants Reed and Elkhart Superior Court, and the entire court system of the State of Indiana have proven that they are acting with **gender discrimination** by their refusal to enforce their own orders and are refusing to protect constitutionally guaranteed rights of parents. It may be noted that I have been sending copies of relevant state filings (motion for recusal, etc) to the chief judge of Indiana as well. So the hierarchy of the Indiana Judiciary has been aware of this case since 2002, but without any remedy.

**II.     This Court has Jurisdiction Over the Subject Matter and Personal Jurisdiction of all parties as to Claims to Claims Against the Indiana Courts because of the Commerce Clause of the U.S. Constitution, Article I, Section 8, Clause 3, and the Full Faith and Credit Clause of the U.S. Constitution, Article IV, Section 1**

The Eleventh Amendment bars suits against a State, its departments and agencies unless the State has consented to suit. By the State of Indiana, and its courts and judges, accepting federal reimbursement incentive funding for child support enforcement and collections, 42 U.S.C. §658, the State has waived Eleventh Amendment immunity. Federal reimbursement incentive monies are given to States to do with what they please. Most often the monies go into the general treasury and is then disseminated into state employee pension plans and judicial employee pension plans. Thus, a conflict of interest

is created between judges and taxpayers. This waives any immunities that the state or its employees may have.

Some of the monies are given directly to various agencies involved in the family courts, superior courts, domestic relations courts of each state. These agencies are then either self-sufficient or quasi-self-sufficient and are not protected under immunity doctrines.

The State of Indiana, along with the other 49 states and the federal government have joined in a compact/contract for interstate child support enforcement, (Uniform Interstate Family Support Act, 42 U.S.C. §666), for enforcement of uniform interstate child custody laws (UCCJA), and under the Parental Kidnapping Prevention Act ("PKPA"), enacted by Congress and codified as 28 U.S.C. §1738A. The PKPA requires that each state must give full faith and credit to a child custody determination of another state, under the Full Faith and Credit Clause of the *Constitution for the United States of America*, Article IV, Section 1. Every state receives federal funding for these compacts and for complying with said laws passed by Congress. Based on this alone, it automatically gives this Massachusetts federal district court jurisdiction over all parties in this case, as to federal questions.

As further argument of the federal question element, Defendants Elkhart Superior Court No. 5 and Judge Rex L. Reed acted in concert to deprive Plaintiff of his guaranteed fundamental parental rights and involved themselves in concert with Defendants Gratzol, Gratzol, Walker, and Todd in the abduction, kidnapping, custodial interference and parental alienation of the children. Therefore, this federal court has subject matter jurisdiction as well as personal jurisdiction over all parties.

Because the matter involves an Indiana judgment of divorce that was adjudicated to conclusion over 2 years ago, the judgment has become a contract and debt by operation of law. As part of that contract, Plaintiff is entitled to certain fundamentally guaranteed

12

rights, and specifically, fundamentally guaranteed parental rights. Also, as part of that contract, Plaintiff is obligated to pay a child support debt.

Under the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." *Article IV, Section 1.* Under the Full Faith and Credit Act, "The Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have the force of law or usage in the courts of such State, Territory or Possession from which they are to be taken." 28 U.S.C. §1738.

Under the Commerce Clause of the Constitution for the United States of America, the authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained and is no longer open to question. *Caminetti v. United States*, 242 U.S. 470, 491, 37 S.Ct. 192, 197 (1917). U.S. Supreme Court precedent does not support the proposition that the Commerce Clause can only implicate voluntary "arms' length" transactions. *United States v. Bishop*, 66 F.3d 569, 581, (3rd Cir.), *cert.denied*, __U.S.__, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995). The Supreme Court has held that the regulated activity need not be commercial in character to fall within the accepted bounds of the Commerce Clause. *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 256, 85 S.Ct. 348, 356 (1964) (holding that Congress has authority under the Commerce Clause to prohibit discrimination because such discrimination constitutes a willful impediment to interstate travel and commerce); *See also, U.S. v. Lewis*, 936 F.Supp. 1093, 1097 (D.R.I. 1996).

"Not only . . . may transactions be commerce though non-commercial; they may be commerce though illegal and sporadic, and though they do not utilize common carriers or concern the flow of anything more tangible than electrons and information." *United States v. South-Eastern Underwriters Ass'n.*, 322 U.S. 533, 550, 64 S.Ct. 1162, 1172, 88

L.Ed. 1440 (1944)(upholding federal regulation of insurance contracts). For example, the Court upheld a statute criminalizing the transportation of women across state lines for immoral purposes, even though women are not commercial articles of merchandise. *Hoke v. United States*, 227 U.S. 308, 320, 323, 33 S.Ct. 281, 283, 284 (1912).

In the instant case, all Defendants use or have used the internet for business advertising and commercial activity. The State of Indiana and its courts have a major website on the internet, and the thrust of their website is to conduct commercial activities.

The instant matter can be applied herein. The Defendants are refusing to enforce and comply with court ordered parental rights. This creates criminal interference with fundamentally guaranteed parental rights, custody and visitation, since custody and visitation encompass all of what is called parental rights, and a denial of both is a termination (e.g., unlawful) of parental rights. *Franz v. United States*, 707 F.2d 582, 602 (D.C. Cir. 1983). This violates Congressional intent with respect to commercial regulations.

For liability to attach under the Commerce Clause, either parent or the child must have crossed state lines. Furthermore, when Plaintiff bought and paid for airline tickets to transport his daughter from Indiana to Massachusetts for his parenting time, an interstate commercial activity was involved and the payment of money "seals the deal". Plaintiff has expended considerable money to try and transport his daughters to Massachusetts for parenting time, only to be thwarted from doing so. Also, Plaintiff has paid filing fees to the Indiana courts. He has done this from across state lines. This constitutes commercial activity under the Commerce Clause and is therefore subject to federal court intervention and jurisdiction.

**Since states are independent sovereigns and cannot intrude on each other's sovereignty, federal action is necessary to ensure that parties obligated by contracts, judgments, and debts comply with state court orders.** The Commerce Clause was

14

intended to allow Congress to regulate interaction between different states and their citizens, which otherwise might lead to disputes over which state's law governs. See, e.g., *New York v. United States*, 505 U.S. 144, 180, 112 S.Ct. 2408, 2430 (1992).

The dual sovereignty doctrine permits successive state and federal prosecution of cases for the same act or acts, because each sovereign has a strong interest in prosecuting its own cases without interference. *Heath v. Alabama*, 474 U.S. 82, 89, 106 S.Ct. 433, 437 (1985). When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he (or she) has committed two distinct causes of action or offenses. See, *Id.* at 88, 106 S.Ct. at 437).

Also, a child support order that is part of judgment (contract) arising from a court order, whether family court or civil court, is a debt that may be enforced through civil and criminal remedies. Once in place the order or judgment to pay support creates a debt. Like any other debt, it is a thing of value, one of millions of obligations that make up the stream of commerce subject to Congressional control. State court imposed child support orders, whether standing alone or incorporated with other issues in a decree, order or judgment, are functionally equivalent to interstate contracts. See, *U.S. v. Lewko*, 269 F.3d 64, 68-69 (1st Cir. 2001).

As can be seen, Plaintiff cannot get relief or justice in the Indiana courts--either state or federal, trial court or appellate courts. Plaintiff is also a resident of Massachusetts and is or has been gainfully employed in this state. This federal court must exercise its jurisdiction over this matter because there are a number of federal questions involved, especially with respect to the Commerce Clause issues and Full Faith and Credit Act issues.

Defendants Elkhart Superior Court and Judge Rex L. Reed's arguments about this Court lacking subject matter jurisdiction and lacking personal jurisdiction are therefore

meritless and frivolous. Their motion to dismiss Plaintiff's complaint and causes of

action are moot and must be denied and dismissed with prejudice.

## III.   Incorporation of Cross-Motion with Other Cross-Motions Involving Co-Defendants Alison and John Gratzol, Max Walker, and Lou Ann Todd

Pursuant to Fed.R.Civ.Pro., Rule 10(c), Plaintiff incorporates by reference the

other memorandums of law filed by Plaintiff in support of his opposition cross-motions

against the defendants.

## IV.   Pro Se Standard of Review

1-   Because the Plaintiff is pro se, the Court has a higher standard when faced

with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes this point clear and

states: *A court faced with a motion to dismiss a pro se complaint must read the

complaint's allegations expansively*, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct.

594, 596, 30 L. Ed. 2d 652 (1972), *and take them as true for purposes of deciding

whether they state a claim.* Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L.

Ed. 2D 263 (1972).

2-   *Pro se litigants' Court submissions are to be construed liberally and held

to less stringent standards than submissions of lawyers. If the court can reasonably read

the submissions, it should do so despite failure to cite proper legal authority, confusion

of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with

rule requirements.*

Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251

(1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957));

Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v.

Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d

39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).

3- *The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires.* S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) *(Court has special obligation to construe pro se litigants' pleadings liberally)*; Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

4- *Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result.* U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

5- *Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)) [Plaintiff's bold and italic print]. *Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.*

## V.    Conclusion

By virtue of the Commerce Clause, Full Faith and Credit Clause, Right Against Impairing the Obligation of Contracts, UCCJA, PKPA, and various federal torts, this Court has subject matter jurisdiction and personal jurisdiction over all claims against

17

defendants Elkhart Superior Court, State of Indiana, and Judge Rex L. Reed, as well as all other co-defendants in this case. Therefore, the motion to dismiss filed by Defendants Elkhart Superior Court, State of Indiana, and Judge Rex L. Reed must be denied and dismissed with prejudice for being frivolous and meritless, and Plaintiff's cross-motion in opposition be granted.

Respectfully submitted,

Dated:  October 11, 2005

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the above document is served upon

Eric M. Sommers, Esq.
McLane, Graf, Raulerson & Middleton, P.A.
City Hall Plaza
900 Elm Street
Manchester, NH 03105
(Attorneys for Defendants Alison and John Gratzol, and Max K. Walker, Jr.)

Peter C. Kober
Litchfield Cavo, LLP
6 Kimball Lane
Lynnfield, MA 01940
(Attorneys for Defendant Lou Ann Todd)

David A. Arthur
Deputy Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana   46204-2770

Ernest L. Sarason
Assistant Attorney General
Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, Massachusetts 02108

by US pre-paid mail on this 12th day of October 2005.

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover
Massachusetts 01810
(270) 268-3086