**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Amir H. Sanjari,<br><br>Plaintiff,<br><br>vs.<br><br>ALISON GRATZOL<br>JOHN GRATZOL<br>MAX K. WALKER, JR., ESQ.<br>LOU ANN TODD<br>ELKHART SUPERIOR COURT 5 OF STATE OF INDIANA<br>JUDGE REX L. REED<br><br>Defendants. | Civil Action No. 05 – 11723 RCL |

**PLAINTIFF AMIR H. SANJARI'S CROSS-MOTION IN OPPOSITION TO DEFENDANT LOU ANN TODD'S MOTION TO DISMISS AMENDED COMPLAINT, AND FOR SANCTIONS**

Plaintiff, Amir H. Sanjari, the undersigned, for his Cross-Motion, alleges as follows:

1. Defendant Lou Ann Todd is in error with regard to her assertions that the matter arises out of domestic relations dispute. (Deft's. Motion to Dismiss Complaint & Motion to Dismiss Amended Complaint, p.1, ¶1).

2. Plaintiff Amir H. Sanjari attached a true and correct copy of his Indiana Decree of Dissolution, Cause Number 20C01-9908-DR-140, that was reduced to Judgment and entered on August23, 2000. (See Exhibit #1 of Plaintiff's Amended Complaint). The state proceedings were concluded, the parties in the case were decreed

as divorced, all custody and child support issues were inclusive and adjudicated. The status of the domestic relationship was already determined as a matter of state law and the matter herein has no bearing on the underlying torts that Plaintiff brings before this court. Plaintiff seeks no decision by the federal court with regard to divorce, custody, child support, or alimony.

3. Todd, being involved in the Indiana state case, has and provides treatment to Plaintiff's two (2) minor daughters, "AFS" and "MRS". Todd Affidavit, ¶¶2-10; Plaintiff's Amended Complaint, ¶¶13, 41, 121-123. Todd has been instrumental in the custodial interference and parental alienation of the two (2) minor children, thereby interfering with Plaintiff's fundamentally secured parental rights as guaranteed by the Constitution for the United States, First, Fourth, Fifth, Ninth, and Fourteenth Amendments.

4. The actions, or inactions, by Todd have caused Plaintiff Sanjari great expense. Sanjari has expended monies to see his children, only to have his parental rights thwarted as a result of Todd's so-called "therapy" of the children. Plaintiff has had to move to Massachusetts to secure employment to pay child support. Plaintiff has had to expend monies for bringing the children to Massachusetts, numerous telephone calls and e-mails between him, the children and defendant Alison Gratzol to try and effectuate seeing his children. Plaintiff has suffered egregious emotional distress at having his children kept from him in what can be termed as "kidnapping" through parental alienation.

5. Plaintiff has been having a difficult time seeing his daughters as a result of the Defendant Todd's interference with Plaintiff's parental rights, and Todd's acting in conspiracy with the other defendants to interfere with Plaintiff's parental rights and alienate the children from him.

6. Todd has specifically told the one child, "AFS", on numerous occasions that she doesn't need a father. This has caused intentional infliction of emotional distress

and negligent infliction of emotional distress on Plaintiff. As a result of this interference by Todd, Plaintiff has been deprived of the ability to see his children for parenting time in Massachusetts.

7. Because Todd is a Licensed Clinical Social Worker (LCSW) and Licensed Marriage and Family Therapist (LMFT) she is obligated to follow all nationally established ethical rules governing her profession. Todd has failed to follow those nationally established ethical rules.

8. Further, as a result of Todd's interference and complicity in the parental alienation, by causing Plaintiff a financial and emotional expense, and in violating the Decree of Dissolution which incorporates court-ordered child support, which is a "thing" or "debt" in commerce, the matter is subject to Congressional control under the Commerce Clause of the United States Constitution, Article I, §8, cl. 3, which gives this federal court jurisdiction over the case.

9. Todd cannot escape the jurisdiction of the federal by hiding behind lack of nexus or lack of minimum contacts. She has created a scenario that has cost Plaintiff substantial amounts of money, and has interfered with Plaintiff's right to contract since the Decree of Dissolution, which is inclusive and incorporates a child-support order and custody order together is "functionally equivalent to an interstate contract".

10. Todd is involved in a conspiracy involving economic activity by committing fraud, involving herself in a conspiracy to commit extortion, kidnapping, harassment, custodial interference, and violating Plaintiff's fundamentally secured Constitutional rights.

The federal court has personal and *in rem* jurisdiction over Defendant Todd for purposes of this case.

11. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, P.L. 103-322, and specifically the Violence Against Women Act ("VAWA"), 42 U.S.C. §13981, it specifically recognizes that "**all persons** within the United States shall have

the right to be free from crimes of violence motivated by gender (e.g., custodial interference, harassment, threats, extortion, fraud, kidnapping of one's children, parental alienation, etc.). It is Congress' conclusion that domestic and gender-based violence substantially affects interstate commerce and supports the constitutionality of such actions, as Plaintiff brings against the defendants, under the Commerce Clause. Venue is therefore appropriate herein.

12. Moreover, there is a substantial body of caselaw upholding Plaintiff's rights to sue in the federal courts for custodial interference and ancillary causes of action. Defendant Todd cannot make any valid claims that the federal courts have no jurisdiction over her, based on the actions, or inactions, she took in interfering with Plaintiff's federally protected rights.

13. Defendant Todd has lied and perjured herself to this Court via her September 3rd, 2005 Affidavit, p.3, ¶10.

14. Therefore, Plaintiff has valid causes of action against defendant Todd and all other defendants, acting in concert and/or individually.

15. Plaintiff filed and served to all parties his Amended Complaint on September 08, 2005. Defendant Todd filed "DEFENDANT LOU ANN TODD'S MOTION TO DISMISS AMENDED COMPLAINT" (dated September 15, 2005) on October 12, 2005. The only service of this Motion upon Plaintiff was made on September 15, 2005. Plaintiff received the said Motion on September 18, <u>24 days prior</u> to its filing with the Court (on October 12). Not only is this out of time service in direct violation of Local Rule 5.1 (b), but it is also in violation of Fed. R. Civ. P. 5 (a), 5 (b), 5 (d), 6, and 11. These are some of the illegal and unethical conducts perpetrated by the Defendants and their attorneys against the Plaintiff in this case attempting to abuse their positions and hoodwink the *pro se* Plaintiff.

16. In view of the violations of the above Rules by the Defendant, and due to the absence of Defendant's legal service upon the Plaintiff, and therefore her out of time

Motion To Dismiss, the said Motion is invalid. Therefore, and also as Defendant Todd's Motion is frivolous and vexatious, she and her attorneys must be sanctioned and their Motion To Dismiss stricken and denied with prejudice.

Furthermore, Plaintiff's Amended Complaint must be allowed to proceed.

Additionally, the Court is requested to appoint an attorney for the Plaintiff in order to prevent further abuse by the Defendants and their attorneys.

Dated: October 25, 2005

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Amir H. Sanjari,<br><br>Plaintiff,<br><br>vs.<br><br>ALISON GRATZOL<br>JOHN GRATZOL<br>MAX K. WALKER, JR., ESQ.<br>LOU ANN TODD<br>ELKHART SUPERIOR COURT 5 OF<br>STATE OF INDIANA<br>JUDGE REX L. REED<br><br>Defendants. | Civil Action No. 05 – 11723 RCL |

**AFFIDAVIT OF PLAINTIFF AMIR H. SANJARI'S**
**CROSS-MOTION IN OPPOSITION TO**
**DEFENDANT LOU ANN TODD'S**
**MOTION TO DISMISS AMENDED COMPLAINT,**
**AND FOR SANCTIONS**

Amir H. Sanjari, having been duly sworn, makes oath and deposes as follows:

1. My name is Amir H. Sanjari. I am the Plaintiff in this case, and I have personal knowledge of the facts set forth in my Amended Complaint and this Affidavit.

2. I am a resident of Massachusetts. I was a resident of Indiana and Michigan.

3. I have moved to Massachusetts for employment reasons.

4. Defendant Lou Ann Todd has interfered with my fundamentally secured parental rights by committing custodial interference and parental alienation of my two (2) children. Defendant Todd on several occasions has told my one daughter, "AFS", that she does not have to see me anymore and that she is not required to attend parenting time

with me, in violation of the Indiana Decree of Dissolution that is attached as Exhibit #1 to the Plaintiff's Amended Complaint, which indicates at p.1, ¶2 that ***"the parties are awarded joint legal and physical custody of the minor children*, to wit: [AFS], date of birth October 8, 1988, and [MRS], date of birth September 11, 1992."**

5. The Indiana Court awarded the parties **"equal custody"**.

6. Defendant Todd, in concert with the other defendants, have conspired to interfere with said equal custody and deprive Plaintiff of any relationship with his daughters whatsoever.

7. Due to employment concerns, and in order to pay his child support obligation, Plaintiff Sanjari has had to move to different states to secure said employment. This has caused him to have interstate parental rights. Plaintiff has paid for all travelling expenses, telephone expenses, and all other expenses, in order to have a relationship with his daughters.

8. As a result of Defendant Todd's actions, or inactions, Plaintiff has suffered emotional and economic damages. Plaintiff has expended large amounts of time and money to travel to pick up his children for parenting time and has been thwarted by Todd and the other defendants numerous times.

9. Most recently, Plaintiff was to exercise his parenting time with his daughters in early September 2005, and have them flown to Boston. Because of Todd's insinuations to the older daughter that she no longer had to see her father, Plaintiff was deprived of contact with her. Now they are working on the younger daughter to not see Plaintiff. This has culminated in both daughters being alienated from the father and refusing to see him in Massachusetts.

10. These are criminal acts of custodial interference and kidnapping perpetrated by Todd, and in concert with the other defendants. These are acts of parental alienation, which is compensable in the federal courts because involves the violation of Plaintiff's federal protected and fundamentally secured parental rights.

11. Plaintiff has not received any service of the Defendant's Motion To Dismiss Amended Complaint other than the one dated September 15 and received by the Plaintiff out of time on September 18, whereas the said Motion was filed with the court on October 12.

**Sworn to under the pains and penalties of perjury this 25th day of October, 2005.**

Dated: October 25, 2005

Amir H. Sanjari

Subscribed and sworn to before me on this 25 day of October, 2005.

Kathryn A. Brindle Notary Public

**Kathryn A. Brindle**
**NOTARY PUBLIC**
**My commission expires June 1, 2012**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Amir H. Sanjari,<br><br>Plaintiff,<br><br>vs.<br><br>ALISON GRATZOL<br>JOHN GRATZOL<br>MAX K. WALKER, JR., ESQ.<br>LOU ANN TODD<br>ELKHART SUPERIOR COURT 5 OF STATE OF INDIANA<br>JUDGE REX L. REED<br><br>Defendants. | Civil Action No. 05 – 11723 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF AMIR H. SANJARI'S CROSS-MOTION IN OPPOSITION TO DEFENDANT LOU ANN TODD'S MOTION TO DISMISS AMENDED COMPLAINT, AND FOR SANCTIONS**

## INTRODUCTION

Plaintiff Amir H. Sanjari hereby files this memorandum of law in support of his cross-motion in opposition to defendant Lou Ann Todd's motion to dismiss and motion to dismiss amended complaint. For the reasons set forth below, Todd's motion must be denied with prejudice and declared frivolous and vexatious.

## PARTIES AND PLEADINGS

Pursuant to the Constitution for the United States, Article I, §8, cl.3 this federal court has jurisdiction and venue over defendant Todd and all other defendants pursuant to the Commerce Clause and the various torts alleged showing violations of Plaintiff's fundamentally secured federal constitutional rights.

## SUMMARY OF ARGUMENT

The Court should dismiss Defendant Lou Ann Todd's motion to dismiss, because:

1. The Court has personal and in rem jurisdiction over Todd pursuant to the Commerce Clause and other torts alleging violations of Plaintiff's fundamentally secured federal constitutional rights.

2. Venue is properly laid in this judicial district.

3. Defendants' attorney(s) have not proven they are certified to practice before this judicial district or any other federal district.

## ARGUMENT

### I. THE COURT HAS JURISDICTION BY VIRTUE OF THE COMMERCE CLAUSE AND VARIOUS TORTS ALLEGING VIOLATIONS OF FEDERALLY PROTECTED RIGHTS

As a result of Defendant Lou Ann Todd's interference with Plaintiff's "**equal custody**" rights, she has committed custodial interference and kidnapping. These are both justiciable issues in the federal courts. Todd also is involved in complicity with the other defendants in (1) the parental alienation of Plaintiff's relationship with his children, (2) by causing Plaintiff a financial and emotional expense, and (3) in violating the Indiana state Decree of Dissolution which incorporates/includes not only the decree and judgment granting "equal custody" to both parties, but grants court-ordered child support, which is a "thing" or "debt" in commerce. Because the matter involves a "contract" and a "debt" obligation, the matter is subject to Congressional control under the Commerce Clause of the United States Constitution, Article I, §8, cl. 3, which gives this federal court jurisdiction over the case.

True, the court order arises from a family relation, and from a domestic relations court, however, once in place, the judicial Decree/Judgment is now considered a binding contract and a debt. This judgment, being a debt, now is a thing of value, which is but an obligation that makes up a part of the stream of commerce subject to Congressional

control. It is functionally equivalent to an interstate contract. See, *U.S. v. Lewko*, 269 F.3d 64, 68-69 (1st Cir. 2001).

Defendant cannot ignore the fact that she has also caused Plaintiff excessive monetary expenses and emotional distress as a result of her bad faith acts to interfere with Plaintiff's federally secured custody rights. By interfering with Plaintiff's fundamentally secured rights, it has cost Plaintiff financially. This affects interstate commerce. The federal court is obligated to protect the integrity of state court judgments, in light of the fact that there are difficulties that may be encountered when one party leaves the ordering jurisdiction to secure employment, even though that party has equal custody rights.

Todd cannot escape the jurisdiction of the federal court by hiding behind lack of nexus or lack of minimum contacts. She has created a scenario that has cost Plaintiff substantial amounts of money, and has interfered with Plaintiff's right to contract since the Decree of Dissolution, which is inclusive and incorporates a child-support order and custody order together is "functionally equivalent to an interstate contract".

Todd is involved in a conspiracy involving economic activity by committing fraud, involving herself in a conspiracy to commit extortion, kidnapping, harassment, custodial interference, and violating Plaintiff's fundamentally secured Constitutional rights. The federal court has personal and *in rem* jurisdiction over Defendant Todd for purposes of this case.

Even though the United States Supreme Court, in a 5-4 decision, has limited the extent of the law in *U.S. v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), pursuant to the Violent Crime Control and Law Enforcement Act of 1994, P.L. 103-322, and specifically the Violence Against Women Act ("VAWA"), 42 U.S.C. §13981, it specifically recognizes that "**all persons** within the United States shall have the right to be free from crimes of violence motivated by gender. Such crimes would include, custodial interference, kidnapping of one's children, parental alienation, harassment, threats, extortion, fraud, etc.

Since Plaintiff is considered an element of "**all persons**", he fits into the category of protection against violations of his fundamentally secured parental rights that Congress and the Constitution seek to protect. It is Congress' conclusion that gender-based violence, kidnapping of one's children, extortion, harassment, threats, and gender-based discrimination substantially affects interstate commerce and supports the constitutionality of such actions as Plaintiff brings against the defendants under the Commerce Clause.

In fact, this Court ruled that Congress concluded that the VAWA is a valid and constitutional exercise of Congress' power. *Doe v. Mercer*, 37 F.Supp.2d 64 (D.Mass. 1999).

Furthermore, Michael Newdow was rejected by the United States Supreme Court last year in his attempt to have the "Pledge of Allegiance" in schools declared unconstitutional. He is once again bringing the same or similar arguments before the Supreme Court after the Ninth Circuit U.S. Court of Appeals ruled in his favor again. Venue is therefore appropriate herein.

Whether the interest of States remains a sufficient justification today for abstention is uncertain in view of the expansion in recent years of federal law in the domestic relations area. See, Victims of Child Abuse Act of 1990, 104 Stat.4792, 42 U.S.C. §13001 *et seq.*; Parental Kidnapping and Prevention Act of 1980, 94 Stat. 3568, 28 U.S.C. §1738A; Child Abuse Prevention and Treatment Act, 88 Stat. 4, 42 U.S.C. §5101 *et seq.*

The argument that Defendant has no personal contacts in Massachusetts for purposes of "long arm jurisdiction" are irrelevant. Defendant has interfered with Plaintiff's right to contract, has violated Plaintiff's fundamentally protected federal rights, and, therefore, has affected interstate commerce as defined by the Commerce Clause.

Because all of the Defendants are involved in commercial activity (See Plaintiff's Exhibits # 1 & 2 of Cross-Motion in Opposition to Defendants Alison Gratzol, John Gratzol, And Max K. Walker, JR.'s Motion To Dismiss For Lack Of Personal Jurisdiction

And Improper Venue, And For Sanctions) gives this Federal Court, in the District of Massachusetts subject matter jurisdiction and personal jurisdiction over all Defendants and the Plaintiff.

Indeed, e.g., Defendant Todd has received for her services direct moneys and payments across state lines and from Massachusetts from Plaintiff sent via United States Mail.

Under the Commerce Clause of the Constitution for the United States of America, the authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained and is no longer open to question. *Caminetti v. United States*, 242 U.S. 470, 491, 37 S.Ct. 192, 197 (1917). U.S. Supreme Court precedent does not support the proposition that the Commerce Clause can only implicate voluntary "arms' length" transactions. *United States v. Bishop*, 66 F.3d 569, 581, (3rd Cir.), *cert.denied*, __U.S.__, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995). The Supreme Court has held that the regulated activity need not be commercial in character to fall within the accepted bounds of the Commerce Clause. *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 256, 85 S.Ct. 348, 356 (1964) (holding that Congress has authority under the Commerce Clause to prohibit discrimination because such discrimination constitutes a willful impediment to interstate travel and commerce); *See also, U.S. v. Lewis*, 936 F.Supp. 1093, 1097 (D.R.I. 1996).

"Not only . . . may transactions be commerce though non-commercial; they may be commerce though illegal and sporadic, and though they do not utilize common carriers or concern the flow of anything more tangible than electrons and information." *United States v. South-Eastern Underwriters Ass'n.*, 322 U.S. 533, 550, 64 S.Ct. 1162, 1172, 88 L.Ed. 1440 (1944)(upholding federal regulation of insurance contracts). For example, the Court upheld a statute criminalizing the transportation of women across state lines for immoral purposes, even though women are not commercial articles of merchandise. *Hoke v. United States*, 227 U.S. 308, 320, 323, 33 S.Ct. 281, 283, 284 (1912).

In the instant case, all Defendants use or have used the internet for business advertising and commercial activity. As an example, Defendant Alison Gratzol has perpetrated violations of the federal Codes via email. Or, Defendant Walker through United States Mail, as well as his advertising on the internet. The State of Indiana and its courts have a major website on the internet, and the thrust of their website is to conduct commercial activities.

The instant matter can be applied herein. The Defendant Todd has interfered with court ordered parental rights. This creates criminal interference with fundamentally guaranteed parental rights, custody and visitation, since custody and visitation encompass all of what is called parental rights, and a denial of both is a termination (e.g., unlawful) of parental rights. *Franz v. United States*, 707 F.2d 582, 602 (D.C. Cir. 1983). This violates Congressional intent with respect to commercial regulations.

Commerce Clause further applies to the instant matter herein as Defendant Todd provided her services, including what violated the said parental rights, across state lines via telephone when the child was residing with the Plaintiff.

For liability to attach under the Commerce Clause, either parent or the child must have crossed state lines. Furthermore, when Plaintiff bought and paid for airline tickets to transport his daughter from Indiana to Massachusetts for his parenting time, an interstate commercial activity was involved and the payment of money "seals the deal". Plaintiff has expended considerable money to try and transport his daughters to Massachusetts for parenting time, only to be thwarted from doing so. Also, Plaintiff has paid filing fees to the Indiana courts. He has done this from across state lines. This constitutes commercial activity under the Commerce Clause and is therefore subject to federal court intervention and jurisdiction.

**Since states are independent sovereigns and cannot intrude on each other's sovereignty, federal action is necessary to ensure that parties obligated by contracts,**

**judgments, and debts comply with state court orders.** The Commerce Clause was intended to allow Congress to regulate interaction between different states and their citizens, which otherwise might lead to disputes over which state's law governs. See, e.g., *New York v. United States*, 505 U.S. 144, 180, 112 S.Ct. 2408, 2430 (1992).

The dual sovereignty doctrine permits successive state and federal prosecution of cases for the same act or acts, because each sovereign has a strong interest in prosecuting its own cases without interference. *Heath v. Alabama*, 474 U.S. 82, 89, 106 S.Ct. 433, 437 (1985). When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he (or she) has committed two distinct causes of action or offenses. See, *Id.* at 88, 106 S.Ct. at 437).

Also, a child support order that is part of judgment (contract) arising from a court order, whether family court or civil court, is a debt that may be enforced through civil and criminal remedies. Once in place the order or judgment to pay support creates a debt. Like any other debt, it is a thing of value, one of millions of obligations that make up the stream of commerce subject to Congressional control. State court imposed child support orders, whether standing alone or incorporated with other issues in a decree, order or judgment, are functionally equivalent to interstate contracts. See, *U.S. v. Lewko*, 269 F.3d 64, 68-69 (1st Cir. 2001).

As can be seen, Plaintiff cannot get relief or justice in the Indiana courts--either state or federal, trial court or appellate courts. Plaintiff is also a resident of Massachusetts. This federal court must exercise its jurisdiction over this matter because there are a number of federal questions involved, especially with respect to the Commerce Clause issues and Full Faith and Credit Act issues.

Additionally, this Massachusetts federal district court has both subject matter and personal jurisdiction over State of Indiana, and its courts and judges, (all of which have waived Eleventh Amendment immunity) by the virtue of, but not limited to, 42 U.S.C.

§658, Uniform Interstate Family Support Act, 42 U.S.C. §666, the Parental Kidnapping Prevention Act ("PKPA"), enacted by Congress and codified as 28 U.S.C. §1738A, the Full Faith and Credit Clause of the Constitution for the United States of America, Article IV, Section 1, and 28 U.S.C. §1738.

## II. THE COURT HAS JURISDICTION OVER DEFENDANT BY VIRTUE OF PLAINTIFF'S FEDERAL CAUSES OF ACTION

There is a substantial body of caselaw upholding Plaintiff's rights to sue in the federal courts for custodial interference and ancillary causes of action because of gender discrimination, gender-based violence, or parental alienation. Defendant Todd cannot make any valid claims that the federal courts have no jurisdiction over her, based on the actions, or inactions, she took in interfering with Plaintiff's federally protected rights.

Because Plaintiff is bringing his Amended Complaint as a tort action, he is not seeking any modifications in the divorce decree (which was adjudicated to conclusion in 2000), custody, child support, or alimony.

The Constitution does not exclude domestic relations cases from jurisdiction of the federal courts, especially where gender discrimination against one of the parents is involved. The domestic relations exception only exists as a matter of statutory construction. *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d (1992). Domestic relations exceptions do not bar the federal courts from exercising subject-matter jurisdiction over tort suits brought by Plaintiff and others similarly situated alleging interference with custody, kidnapping, extortion, threats, harassment, gender discrimination, and interference with contracts and affecting of interstate commerce.

In this case, the status of the domestic relationship has already been determined as a matter of state law in the termination of the former wife's and former husband's

marriage in 2000. This has no bearing on the underlying torts alleged that are seeking an award of damages.

If someone had never been married to Plaintiff, a family member such as an aunt, a cousin or grandparent, or even a nonrelative such as a nurse, babysitter, or therapist, had set about destroying the relationship between the father and his children, any cause of action arising out of such behavior would not be foreclosed from a hearing in federal court because it partook of some intra-family aspects.

A district court may not simply avoid all diversity cases having intrafamily aspects. Rather it must consider the exact nature of the rights asserted or of the breaches alleged.

Custody and visitation encompass all of what is called "parental rights". A total denial of both would be equivalent to an unlawful termination of parental rights. See, *Franz v. United States*, 707 F.2d 582, 602 (D.C. Cir. 1983).

Since the United States Supreme Court has held in a long line of cases, that without a compelling state interest of justified abuse or neglect, the right to the care, custody and nurture of one's children, is a fundamentally secured liberty interest and property right that cannot be infringed upon. *Troxel v. Granville*, 530 U.S. 57, 101, 120 S.Ct. 2054, 2079, 147 L.Ed.2d 49, 78 (2000); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388 (1982); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1212 (1972); *May v. Anderson*, 345 U.S. 528, 533, 73 S.Ct. 840, 843 (1952); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625 (1923). Gender discrimination and parental alienation are not a compelling state interest justifying interference with or termination of parental rights by the state or anyone else.

A district court must and can take jurisdiction of issues that are of a federal nature--fraud, extortion, kidnapping, affect on interstate commerce and interference with contracts or judgments, threats, harassment, interference with parental rights.

A termination of parental rights by private individuals, or the state without justification, or by individuals and the state acting in concert without a compelling interest to do so, is actionable in the federal courts. A decision by a federal court not requiring the adjustment of family status or establishing familial duties or determining the breach of such duties, does not contravene the domestic relations exception to federal diversity jurisdiction. See, *Raftery v. Scott*, 756 F.2d 335 (4th Cir. 1985)(mother paid $60,000 in damages to father for custodial interference); *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir. 1982)(holding that the diversity exception does not apply to a tort suit for interference with the custody of a child).

Petitioner does not seek a determination of status or obligations arising from status. Moreover, any federal court determination of Plaintiff's claims will neither upset a prior state court determination of status or obligations appurtenant to status nor pre-empt a pending state court determination of this nature. *Ankenbrandt v. Richards*, at 504 U.S. 717, 112 S.Ct. 2222; Cf. *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

Plaintiff's state law tort claims for money damages are easily cognizable in a federal court. All these considerations favor the exercise of federal jurisdiction over Plaintiff's claims.

Consequently, jurisdiction or venue are not lacking in the instant case. The facts independently support the various claims for relief in Plaintiff's Complaint and Amended Complaint. Plaintiff is seeking exclusively monetary relief; and prospective relief against state official defendants. Federal diversity jurisdiction cannot be escaped. Upholding a judgment and payment of a judgment cannot be categorized as an act involving a domestic relationship.

Defendants' arguments about this Court lacking subject matter jurisdiction and lacking personal jurisdiction are therefore meritless and frivolous. Their motions to

dismiss Plaintiff's complaint and causes of action are moot and must be denied and dismissed with prejudice.

**III.Incorporation of Cross-Motion with Other Cross-Motions Involving Co-Defendants Alison and John Gratzol, Max Walker, Elkhart Superior Court, State of Indiana And Judge Rex L. Reed**

Pursuant to Fed.R.Civ.Pro., Rule 10(c), Plaintiff incorporates by reference the other memorandums of law filed by Plaintiff in support of his opposition cross-motions against the defendants.

**IV. Pro Se Standard of Review**

1- Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes this point clear and states: *A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively,* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), *and take them as true for purposes of deciding whether they state a claim.* Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2D 263 (1972).

2- *Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.*

Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957));

Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).

3- *The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires.* S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (*Court has special obligation to construe pro se litigants' pleadings liberally*); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

4- *Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result.* U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

5- *Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)) [Plaintiff's bold and italic print]. *Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.*

**CONCLUSION**

For the reasons set forth above, Plaintiff Sanjari's cross-motion in opposition to Defendant Lou Ann Todd's Motion to Dismiss Amended Complaint must be Granted and Todd's motion be Dismissed with prejudice for being frivolous and vexatious, and sanctions be issued against Defendant and her attorneys for multiple violations. Furthermore, Plaintiff's Amended Complaint must be allowed to proceed.

Respectfully submitted,

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document is served upon

Eric M. Sommers, Esq.
McLane, Graf, Raulerson & Middleton, P.A.
City Hall Plaza
900 Elm Street
Manchester, NH 03105
(Attorneys for Defendants Alison and John Gratzol, and Max K. Walker, Jr.)

Peter C. Kober
Litchfield Cavo, LLP
6 Kimball Lane
Lynnfield, MA 01940
(Attorneys for Defendant Lou Ann Todd)

David A. Arthur
Deputy Indiana Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770

Ernest L. Sarason
Assistant Attorney General
Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, Massachusetts 02108

by US pre-paid mail on this 25th day of October 2005.

A. H. Sanjari

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover
Massachusetts 01810
(270) 268-3086