UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMIR H. SANJARI, | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER: 05-11723 RCL |
| ALISON GRATZOL, *et al.*, | ) |
| Defendants. | ) |

## RESPONSE TO MOTIONS FOR DEFAULT

Defendants Elkhart Superior Court 5, State of Indiana, and Judge Rex L. Reed, by counsel, David A. Arthur, Deputy Attorney General, State of Indiana, urge the Court to deny the motions for entry of default (docket numbers 32 and 33) because the alleged failure to serve pleadings is not a basis upon which a default can be entered when a timely motion to dismiss has been filed and is in the personal possession of the plaintiff.

The purpose of Rule 5 is so that each party has a copy of the papers affecting him. Wright, Miller and Kane, Federal Practice and Procedure, § 1141, p. 411 ("Wright & Miller"). This purpose has been met because the plaintiff has responded to the motion to dismiss and memorandum. Thus, he in fact has a copy of the motion. Although he says that he never received a copy in the mail, the fact remains that he has received a copy from somewhere. If there is actual notice of the motion, the motion should be addressed on its merits and not simply denied or otherwise discounted. *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554 (6th Cir. 2003).

The complaint that service has not been made is obviously a moot point because plaintiff has now responded to that motion and memorandum, citing certain of the pleadings by paragraph number. He has obviously obtained copies and does not claim otherwise. Admittedly, a party should be sent copies at the time the pleadings are filed. However, there was either clerical error in the office of the Massachusetts Attorney General (which signed the certificate of service) or delivery error by the United States Postal Service. In either event, the matter is moot because the plaintiff obviously has the pleadings. Because he has now received actual notice, there is no prejudice and the motion for default should be denied.

Further, no default can be entered unless the Court has personal jurisdiction over the parties and subject matter jurisdiction in the case. Wright & Miller, § 2682, p. 14. As shown in the motion to dismiss these defendants, this Court lacks jurisdiction over their persons and lacks subject matter jurisdiction as to the claims against the State Court because of the bar of the Eleventh Amendment.

There is a lot of doubt in these proceedings. It is doubtful that the Court has personal and subject matter jurisdiction. It is doubtful that the Court could grant a default when the motion to dismiss has been filed and the only claim is that the service copy did not reach one of the parties. It is doubtful that a default can be entered when the purpose of the service rule has been met and there is no prejudice to the opposing party because a copy of the motion and of the memorandum has been obtained. When there is doubt, default should be denied. Wright & Miller, § 2682, p. 18, citing *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962). As there is doubt on almost every important point, the motion for entry of default should be denied, and this action should be dismissed.

## **CONCLUSION**

The motions for default are not well-taken and should be denied.

                Respectfully submitted,

                STEVE CARTER
                Indiana Attorney General

                By:/s/ David A. Arthur
                    David A. Arthur
                    Deputy Indiana Attorney General
                    Indiana Atty. No. 2461-48
                    Indiana Government Center South, 5th Floor
                    302 W. Washington Street
                    Indianapolis, IN 46204-2770
                    Telephone: 317-232-6286
                    Fax:  (317) 232-7979
                    E-Mail:  DArthur@atg.state.in.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 31, 2005, I electronically filed the foregoing response to motion for default with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Eileen P. Kavanaugh<br>kavanaugh@litchfieldcavo.com | Ernest Sarason<br>ernest.sarason@ago.state.ma.us |
| Eric M. Sommers<br>eric.sommers@mclane.com | |

      I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

| | |
|---|---|
| Amir H. Sanjari<br>18 Dale St.<br>Unit 4-E<br>Andover, MA  01810 | Peter C. Kober<br>Litchfield Cavo LLP<br>6 Kimball Lane, Suite 100<br>Lynnfield, MA  01940 |

                                               s/David A. Arthur
                                               David A. Arthur
                                               Deputy Attorney General
                                               Indiana Atty. No. 2461-48

Office of the Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: 317-232-6286
Fax:  (317) 232-7979
E-Mail:  DArthur@atg.state.in.us
daa:251923s17