**UNITED STATES DISTRICT COURT**   FILED
**FOR THE DISTRICT OF MASSACHUSETTS** CLERKS OFFICE

|                                          |   |
| ---------------------------------------- | - |
|                                          | ) |
| Amir H. Sanjari.                         | ) |
|                                          | ) |
|                           Plaintiff,     | ) |
|                                          | ) |
|                                          | ) |
| vs.                                      | ) |
|                                          | ) |
| ALISON GRATZOL                           | ) |
| JOHN GRATZOL                             | ) |
| MAX K. WALKER, JR., ESQ.                 | ) |
| LOU ANN TODD                             | ) |
| ELKHART SUPERIOR COURT 5 OF              | ) |
| STATE OF INDIANA                         | ) |
| JUDGE REX L. REED                        | ) |
|                                          | ) |
|                           Defendants.    | ) |
|                                          | ) |

Civil Action No. 05 – 11723 RCL

2005 NOV 21  A 10: 5!

U.S. DISTRICT COURT
DISTRICT OF MASS.

## AFFIDAVIT IN SUPPORT OF
## PLAINTIFF AMIR H. SANJARI'S MOTION FOR LEAVE TO
## FILE A REPLY TO
## DEFENDANTS ELKHART SUPERIOR COURT 5, STATE OF INDIANA
## AND
## JUDGE REX L. REED'S
## RESPONSE TO MOTIONS FOR DEFAULT,
## AND PLAINTIFF'S OBJECTION TO MASSACHUSETTS AS A PARTY

I, Amir H. Sanjari, *Pro Se* Plaintiff in the above-entitled action, having been duly sworn, hereby declare, verify, certify and state as follows:

1.    My name is Amir H. Sanjari. I am the Plaintiff in this case, and I have personal knowledge of the facts set forth herein.

2.    I am a resident of Massachusetts.

3.    The Said Defendants state, Page 1, Par 1 that "... when a timely motion to dismiss has been filed and is in the personal possession of the plaintiff.".

4

The Fed. R. Proc. cited in the Default motion do not agree. Logic and reason dictate that a timely motion alone is not enough. It is not enough to file a motion, not serve a copy to the other side, and leave it to chance to find out about it. On the said occasion, Plaintiff found out about Defendants' filing merely by accidentally stumbling upon it. Indeed, it has been and will be shown (see Plaintiff's Complaint and Amended Complaint, other previous and future pleadings) that not only similar arguments that Defendants used in their Defendants' Response would not have been accepted by the Defendant Superior Court 5 itself, but also that they (Judge Reed and Superior Court 5) even went as far as tampering with state court records to neutralize a proper filing (of Indiana Rules of Proc. 53.1, praecipe, April 17, 2004) that Plaintiff had made in the Superior 5 court against Judge Reed (audio and documentary evidence available). Judge Reed has even been backdating his orders (sometimes for weeks) in the state case in order to frustrate Plaintiff's chances of redress and appeal and violate his due process rights. So the Defendants' arguments in this case are hypocritical and disingenuous.

4.    The statements in Page 1, Par 1 & 2 of the Defendants' Response seems to indicate that the Defendants have no duty to obey the law and rules of the court (service to the Plaintiff). Does it follow that Plaintiff has no obligation, then, to send any notices or documents at all to any of the Defendants ?

Plaintiff submits that this is a further proof and indication of complete lack of regard by the said Defendants (and their representative) for the laws and the Constitution of the United States and a continuation of the same defiant lynch-mob mentality (Plaintiff is of middle eastern descent) and practices that certain organs of State of Indiana and various members of Indiana judiciary such as Elkhart Superior Court 5 and Judge Reed have been perpetrating and continue to perpetrate (see **Exhibits # 1 & 2**, Attached) upon the Plaintiff and his children in stark violation of the Indiana and United States laws and Constitution.

5

5.       The Defendants' Response, Page 1 Par 2, states "...the motion should be addressed on its merits and not simply denied or otherwise discounted." [Plaintiff's underlining.] To apply rules of fairness, equity and justice and yield to the demands of the Constitution (Equal Protection and Due Process), then the Defendants should have no objection whatsoever that the **Plaintiff's Complaints and Amended Complaints and his other pleadings should similarly be "addressed [by this Court] on [their] merits and not simply denied or otherwise discounted"** (through e.g., subterfuge of jurisdictional arguments by the Defendants).

Yet, we have seen all the Defendants, including Elkhart Superior Court 5 of Indiana and Rex Reed, in this federal case (here in Massachusetts) trying (maybe due to their awareness that the Indiana judiciary is much more tolerant of, and more freely perpetrates, legal and constitutional violations against minorities such as the Plaintiff) to deprive the Plaintiff of legal and other remedies and redress by arguing issues (such as jurisdiction) other than the merits of his complaint.

None of the pleadings or responses by any of the Defendants in this case has addressed or responded to the real issues ("merits", see statement above) raised in Plaintiff's complaints. The Defendants have avoided and evaded any response to the substance and merits of Plaintiff's case because they know that Plaintiff does indeed have a compelling case and evidence to support it.

Even then, the Plaintiff has shown (previous pleadings and responses) that this Court, in Massachusetts, does indeed have the pre-requisite jurisdiction to hear and rule upon the case, and grant a default and other relief.

6.       The Defendants' representative (IN Deputy Attorney-General) seems to blame everything and everyone (Defendants' Response, Page 2, Par 1) including the US Postal Service, etc, even the Massachusetts Attorney General's office. Could this be that the involvement (not required, nor warranted) of the Massachusetts Attorney General in this case is simply part of a double-act to intimidate and confuse the *pro se* Plaintiff and

6

this case ?

7.      Furthermore, Plaintiff has for a long time been experiencing sharp and illegal and unconstitutional practices at the hands of Indiana judiciary (a complaint of this case) and state organs. And the State of Indiana's violation and disregard of the rules (service vis-a-vis the Plaintiff, a *Pro Se*) here is but one small example of persistent violation that Plaintiff has been experiencing. The said Defendants, apparently believing, as in Indiana, where certain members exhibit disdain for the United States Constitution, the judiciary here would not protect the legal and Constitutional rights and validity of representation of a *Pro Se* litigant. The said Defendants and their representative hope to bamboozle the Plaintiff.

8.      An example of such violations by Superior 5 (and other Indiana) court(s) and Judge Reed has been taking place recently that has further violated and curtailed Plaintiff's Constitutional rights including right of access to Court (see **Exhibit # 1**).

9.      Indiana (and other) laws expressly required, and have done so for sometime, Judge Reed from recusing and disqualifying himself from the (Indiana) state case. The last time Plaintiff filed a motion for Judge Reed's disqualification was after the latter became a party to these instant federal proceedings. He refused to recuse himself although expressly required by Indiana law and the Constitution to do so. He, due to this and other violations, had lost jurisdiction, and hence immunity.

10.     A long awaited hearing (almost three years for custody and contempt against Alison Gratzol) had been set for November 8, 2005. This would would have shown the Superior court and Judge Reed's violations and the court's fraudulent and void ab initio orders during that period.

11.     Judge Reed has felt protected in his violations possibly due to the fact that he was appointed personally by the Indiana Chief Judge to this case. Plaintiff having been vociferous in his objections to the violations of his rights and in seeking justice and application of rule of law and Constitution regarding his and his children's rights, and

violations thereof by Indiana judiciary.

12.    On 11.04.2005, the Indiana Court of Appeals, where Plaintiff had filed a
Rule 60 appeal for a void ab initio order in the state case, inexplicably denied Plaintiff's
emergency motion for a stay of the trial hearing until judge Reed's lack of jurisdiction
was confirmed.

13.    On 11.07.2005, Indiana Supreme Court, after having received on
10.26.2005 Plaintiff's emergency petition to appoint a new Special Judge to the state case
sat on it for days before even entering it in the docket on 11.01.205, and denied it on
11.07.2005. The denial order was signed by the same judge (Indiana Chief Judge) who
had appointed Judge Reed to the state case.

14.    On 11.08.2005, Judge Reed convened the hearing (attended by the
Plaintiff) illegally as even by Indiana laws, not to mention those of United States (see
**Exhibit # 1 & 2**, for details and all relevant statutes and case laws) he was required to
have disqualified himself long ago due to prejudice, conflict of interest, impropriety,
Constitutional and Civil violations, etc. The hearing had been expected to last at least 2
days. It was terminated after 4 hours during which Judge Reed dismissed Plaintiff's state
case (after 3 years) summarily which would have proved fraud and other violations by the
state court. However, Judge Reed went on in that hearing to essentially give a blank
check to the opposing party (Alison Gratzol, represented by Max Walker, both of whom
are parties to this instant federal case.). So, there was a judge who is a Defendant in the
instant federal case ruling in an unashamed display of partisanship, prejudice and
Constitutional violation against the Plaintiff and unduly and illegally in favor of the other
party, Alison Gratzol represented by Max Walker both of whom are also Defendants in
this instant federal case.

15.    Furthermore, Judge Reed disallowed, in the state hearing, the Plaintiff
from filing any further motions in the state case, save appeal. This would inarguably
hamper Plaintiff's case in the state matter. This is a violation of Plaintiff's Constitutional

8

due process and equal protection and legal rights, and given the lynch-mob mentality in many Indiana courts (a statement based purely upon personal experience), he and his children are not likely, nor do they expect to get any legal and constitutional redress there. Indeed, the Indiana courts have shown their disdain and refusal to entertain application of even the Indiana laws in this case. **Exhibit # 1**, is a letter Plaintiff has addressed to Judge Reed in the state matter and contains legal arguments which also pertain to the instant federal case Exhibit # 2 is Plaintiff's argument and case laws in support of loss of jurisdiction.

16.     In a telephone conversation, well before the state court hearing, with Mr. David Arthur, Indiana Deputy Attorney-General, the Plaintiff informed Mr. Arthur of violations (legal and Constitutional) by his client, Judge Reed, and that the latter's continued role and ruling upon the state case are illegal and in violation of the Indiana and federal laws and Constitution. See e.g. 18 USC 4.

17.     Furthermore, as this case and complaints therein do not involve any organ of State of Massachusetts, the Plaintiff objects to the participation of Massachusetts Attorney General's office as a party. Indeed, if anything, state of Massachusetts, should be representing and supporting the Plaintiff (a resident of state of Massachusetts) in this case in asserting his legal and Constitutional rights and not be a party against him. In view of this conflict of interest facing the State of Massachusetts, the Plaintiff objects to the former's participation in this case in the absence of any compelling and necessary reason, and further requests that Massachusetts withdraw from this case, or that this Court order its withdrawal, in the absence of a compelling reason as why its presence in this case is necessary.


WHEREFORE,   the undersigned Plaintiff now respectfully requests that this Court

A-      grant leave to file a reply to Defendants Rex L. Reed and Elkhart Superior Court

5, of State of Indiana, Response to Motion for Default in accordance with the relevant

federal rules.

B- grant the Plaintiff's Motion for Default (10.28.2005) since this Court does have the

pre-requisite jurisdiction.

C- order dismissal of State of Massachusetts's participation in this case as there is no

complaint against Massachusetts in this matter, unless there are compelling, relevant and

valid reasons why it should participate in this matter in which case it be ordered to

disclose them. In any case, Plaintiff files his objection to the said participation.

And provide for all other relief, to the Plaintiff, that is true and lawful, and just and

proper in the premises.


I affirm under the pains and penalties for perjury that the above and foregoing

representations are true.

**Sworn to under the pains and penalties of perjury this 18th day of November, 2005.**

Respectfully submitted,

*A. H. Sanjari*

Dated: November 18, 2005        _____

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

10

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document is served upon

    Eric M. Sommers, Esq.
    McLane, Graf, Raulerson & Middleton, P.A.
    City Hall Plaza
    900 Elm Street
    Manchester, NH 03105
(Attorneys for Defendants Alison and John Gratzol, & Max K. Walker, Jr.)

    Peter C. Kober
    Litchfield Cavo, LLP
    6 Kimball Lane
    Lynnfield, MA 01940
(Attorney for Defendant Lou Ann Todd)

    David A. Arthur
    Deputy Indiana Attorney General
    Indiana Government Center South, 5th Floor
    302 West Washington Street
    Indianapolis, Indiana 46204-2770
(Attorney for Defendants Elkhart Superior Court, State of Indiana & Judge Rex Reed)

    Ernest L. Sarason
    Assistant Attorney General
    Office of the Attorney General
    Commonwealth of Massachusetts
    One Ashburton Place
    Boston, Massachusetts 02108

by US pre-paid mail on this 21st day of November 2005.

                    _A. H. Sanjari_

                    _____

                    Amir H. Sanjari
                    In propria persona
                    #18 Dale Street
                    Unit 4-E
                    Andover
                    Massachusetts 01810
                    (270) 268-3086

**EXHIBIT # 1**

18 Dale Street
4-E
Andover
MA 01810

Judge Rex Reed
Kosciusko Circuit Court
121 North Lake Street
Warsaw, IN 46580

November 21, 2005

Re: Sanjari vs. Gratzol
Docket No. 20D050010DR640 - Elkhart Superior Court No. 5

Re: PARENTAL RIGHTS, PARENTING TIME, CHILD SUPPORT
YOUR VIOLATIONS OF MY LEGAL AND
CONSTITUTIONAL RIGHTS,
YOUR LACK OF JURISDICTION

Judge Reed:

Since you willfully refuse to allow me to file any further motions in this case, I am submitting this letter memorandum brief in lieu of any pleading.

Although you had and have no jurisdiction in this case and have defrauded the court, me and my children (please see my earlier pleadings in this case) you went ahead with the hearing of November 8, 2005 (N.B. A 2-day hearing had been set for November 8 & 9, 2005, to hear custody and contempt against Petitioner, Gratzol. In the event you, Judge Reed, terminated the hearing around 1 p.m. On November 8), during which you dismissed my custody and contempt case against Alison Gratzol (Petitioner). You furthermore, ruled to disallow further filing of motions by me in this instant case. This is further violations by you of my constitutional and legal rights (including that of access to courts)."It is beyond dispute that the right of access to the courts is a fundamental right protected by the Constitution."
Graham v. National Collegiate Athletic Ass'n, 804 F.2d 953, 959 (6th Cir. 1986).
In fact, the right of access to the courts finds support in several provisions of the Constitution including:

    a.   The Due Process Clause of the Fourteenth Amendment, Wolff v. McDonnell, 418 U.S. 539, 579 (1974),

    b.   The Equal Protection Clause,   Pennsylvania v. Finley, 481 U.S. 551, 557 (1987),

    c.   The First Amendment with respect to the Right to Petition the Government for Redress of Grievances and the Right to Associate with my children. See, Turner v. Safley, 482 U.S. 78, 84 (1987) (citing Johnson v. Avery, 393 U.S. 482 (1969)).

Furthermore, Petitioner Gratzol, aided and abetted by you, is trying this case through "Letter Litigation" which is illegal and unconstitutional and to which I

1

vehemently object as it violates my Due Process rights. She should file motions and I be given the opportunity to respond to them by opposition motions and other legal instruments. Therefore, her letter of November 9, 2005, to the court containing and litigating child support that you expect to rule upon is illegal and inadmissible. You are further confirming my assertion in court on this case, on November 8, 2005, that this is no more than a modern day "lynch-mob" at work on me, my rights and my children's rights and safety.

Your acts against me, in not upholding and enforcing my parental rights, after I have produced reams of evidence showing same, and then imposing a fraudulent child support and legal fee debt against me for the privilege of denying me my fundamentally secured parental rights is tantamount to an "Act of War" against me, my children, my family, and the citizenry of this country by government/judicial oppression. This would equate to official misconduct on your part, which is an impeachable offense, and would be equivalent to an act of treason within the borders of this country.

"If the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." Von Kettler et.al. v.Johnson, 57 Ill. 109 (1870). Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).

When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law,and are engaged in treason.

The Court in Yates v. Village of Hoffman Estates, 209 F.Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect.

The U.S. Supreme Court has stated that "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.". Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958). Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason.

Having taken at least two, if not three, oaths of office to support the Constitution of the United States, and the Constitution of the State [of Indiana], any judge who has acted in violation of the Constitution is engaged in an act or acts of treason (see below). If a judge does not fully comply with the Constitution, then his orders are void, In re Sawyer,

2

124 U.S. 200 (1888), he/she is without jurisdiction, and he/she has engaged in an act or acts of treason.

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

The Seventh Circuit Court of Appeals held that the Circuit Court of Cook County is a criminal enterprise. U.S. v. Murphy, 768F.2d 1518, 1531 (7th Cir. 1985); United States v. Maloney, 71 F.3d 645 (CA7 1995), cert. Denied, 519 U.S. ___ (1996). "Maloney was one of many dishonest judges exposed and convicted through 'Operation Greylord,' a labyrinthine federal investigation of judicial corruption in Chicago. In United States v. Maloney, 71 F.3d 645 (CA7 1995), cert. Denied, 519 U.S. ___ (1996); see generally J. Tuohy & R. Warden, "Greylord – Justice, Chicago Style (1989). Maloney served as a judge from 1977 until he retired in 1990, and it appears he has the dubious distinction of being the only Illinois judge ever convicted of fixing a murder case. (ftnt. omitted.) Before he was appointed to the bench, Maloney was a criminal defense attorney with close ties to organized crime, who often paid off judges in criminal cases. App.54-66; 81F.3d 684 (CA7 1996) (Rovner J., dissenting) ('[B]y the time Maloney ascended to the bench in 1997, he was well groomed in the art of judicial corruption'). Once a judge, Maloney exploited many of the relationships and connections he had developed while bribing judges to solicit bribes for himself. For example, Lucius Robinson, a bailiff through whom Maloney had bribed judges while in practice, and Robert McGee, one of Maloney's former associates, both served as 'bag men,' or intermediaries, between Maloney and lawyers looking for a fix. Two such lawyers, Robert J. Cooley and William A. Swano, were key witnesses against Maloney at this trial. Maloney, supra, at 650-652." The United States Supreme Court recently acknowledged the judicial corruption in Cook County, when it stated that Judge "Maloney was one of many dishonest judges exposed and convicted through 'Operation Greylord', a labyrinthine federal investigation of judicial corruption in Chicago". Bracey v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1797 (1997).

Since judges who do not report the criminal activities of other judges become principals in the criminal activity, 18 U.S.C. Section 1, and since no judges have reported the criminal activity of the judges who have been convicted, the other judges are as guilty as the convicted judges.

You have been committing violations of my and my children's due process and equal protection rights, as Judge Cook, your predecessor, did when he fraudulently and illegally changed my equal custody and gave sole custody of the children to Gratzol in my absence when the latter defrauded the court and me by lying to the court that I was not returning to the US and obtained sole custody around the period of September 2001. They proceeded to have a custody hearing "in absentia" without legally and Constitutionally notifying me and then lying about it to the Court. Not only is this an act

3

of defrauding me and the court, it is child abuse, and essentially a form of kidnapping. And, you are part and parcel of that child abuse and kidnapping/custodial interference.

This sole-custody order, and all subsequent orders based upon it are null and *void ab initio* as they were sought and granted fraudulently in violation of my and my children's constitutional rights by Judge Cook and later by you. (See my various pleadings in this regard). This is only one reason upon which you have lost jurisdiction. Alas, "lynch-mob" mentality still prevails in Indiana, at least against people of middle eastern origin.

The subsequent orders and Agreed Order (02.04.2002 and 08.08.2002) establishing parenting time and child support and contact between parents about the welfare of the children are also *void ab initio*.

As *void* as these orders were, they formed a basis for mutual contract between the parents with respective obligations and benefits such as parenting time, support, parental rights, etc.

(i) Soon after the establishment of the orders Gratzol started breaching them. I carried on performing under the orders for the sake of my children even though I was, thereafter, in accordance with well-settled laws, under no obligation to perform under the said orders. Case laws exist aplenty.

(ii) Gratzol was to fulfill conditions such that I could have parenting time with my daughters, and she failed to do so, and therefore breached the contract and thereby not only relieving me of any financial obligations to Gratzol but also failing to perfect any rights she might have had under the Agreed and other Orders. If the condition and / or mutual obligation is not fulfilled, the contract, or the obligations attached to the condition / obligation, may not be enforced.

(iii) to seek alleged equity (for support, expenses, etc), Gratzol must come in with clean hands, and she has long since the date of the Agreed Order violated that order not only on a continual basis but on a continuous basis:

> "`[S]he who comes into equity must come with clean hands'.... [T]hus 'the doors of equity' are closed 'to one tainted with inequitableness or bad faith relative to the matter in which [s]he seeks relief, however improper may have been the behavior of the' other party." United States v. Perez-Torres, 15 F.3d 403, 407 (5th Cir.1994), quoting from Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814 (1945). "[W]hile 'equity does not demand that its suitors shall have led blameless lives' ... as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue." Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. at 814-815.

4

(iv) to seek equity, a Petitioner with unclean hands must not have caused harm to the Respondent. In the instant case, I and my children have, indeed, been harmed by Gratzol's unclean acts (continual and continuous violations of the parenting time, my and my children's Constitutional rights, defrauding the court, me and my children).

(v) to seek equity, Gratzol wants to benefit by her own turpitude. ("our conclusion is fortified by the principle that a court or equity will not look kindly on one who seeks to benefit b[y] [her]own turpitude");

(vi) to be in alleged violation of, or non-compliance to the order, the order must be legal, constitutional, clear and unequivocal and in the context of this case, the relevant Orders are not.

(vii) That, Gratzol is not entitled to a judgment of any kind or to an order for payment of alleged arrearages or expenses, given that she refused to obey the said court Orders with regard to the Respondent's parenting time. Indeed, she violated the parenting time order dozens of times in April 2003 and continually and continuously since August 2003, over a period of more than 2 ½ years during which time Respondent has not had parenting time with his older daughter (AFS) because of Gratzol's violations. Respondent still tried in good faith to fulfill his support and other responsibilities as had been agreed and which he had and has NO LONGER ANY OBLIGATION to fulfill (since April 2003, the date of Gratzol's first violation). Gratzol has already admitted in court (March 30, 2004), and as deposition of the child (AFS) indicates, there was no justified or justifiable reason for such violations under the Indiana law (see MacIntosh v. MacIntosh, 749 N.E.2d 626; & McElvain v. Hite, Cause No. 82A04-0307-CV-365, 82D07-0208-AD-173 (December 29, 2003)).
Furthermore, Gratzol and her husband, John Gratzol, interfered with Respondent's parenting times and alienated the children's affection for their father.
She has also been negligent with regard to the custody and safety (physical and psychological) of the children, especially the older one.

(viii) That, Respondent is justified in refusing henceforth to pay any child support. Indeed, he has significantly over paid support since April 2003 and requests that he'd be reimbursed an approximate amount of $12 000.
Moreover, the Respondent has incurred in excess of $100 000 just for attorney fees, travel expenses (including times when Respondent traveled to the transfer point in anticipation of court ordered parenting time with his children only to face refusal of Gratzol to obey the said orders). Other additional expenses have also been incurred as a result of the violations, some of which are listed herein.
Respondent requests that a court (with jurisdiction and legal standing) order Gratzol to reimburse the Respondent for at least this amount ($100 000), and he further reserves the right to add to his claim any other additional expenses, costs and damages as a result of having been forced to bring this custody and contempt case against Gratzol.

(ix) Moreover, any alleged contempt, non-compliance, or any other alleged

5

complaint by Gratzol against Respondent must fail because she who seeks equity must come with clean hands, as under the doctrine of unclean hands, as well as the US Supreme Court case laws included herein. Also see Respondent's responses and motions filed with the court in the period June 2004 to May 2005 to Gratzol's non-compliance claims. Gratzol and Walker have defrauded the court and the Respondent, Walker has violated federal law by threatening and trying to intimidate the Respondent via US mail (Mail Fraud), etc.

Furthermore, the Gratzols, Walker and Lou Ann Todd, social worker, have defrauded the Respondent and committed and aided and abetted in violating the Respondent's Constitutional tights, interference in his parental rights, alienating his children from him.

    (x) Because of fraudulent acts of Gratzol, she is barred from recovery.

    (xi) Because of acts of Gratzol, Respondent is therefore not liable to Gratzol as alleged regarding support, legal fees, and non-compliance, or any other complaint. Indeed, Respondent brought Custody and Contempt suit against Gratzol for her and her husband's psychological (and hence physical, self-mutilation, etc) abuse, negligence, damage, endangerment and alienation of the minor children, as well as for violating court orders regarding Respondent's parenting times and parenting Rights.

You, Judge Reed, aided and abetted the Gratzols in such violations. You did not take action even when I informed you that my daughter was suffering, psychologically and physically, in the Gratzol's illegal custody. You are culpable.

    (xii) Claims against Respondent, re: alleged support, legal fees, non-compliance, etc, are wholly insubstantial, frivolous, fraudulent, false and falsified, and not advanced in good faith, and are therefore in violation of the Indiana and federal laws. Such complaints may only find a home in such a cabal of Northern Indiana judiciary such as yourself deliberately committing unethical, illegal and unconstitutional acts, and hence treason against the United States.

    (xiii) The Orders since 2001, including Agreed Order, containing support and parenting time are *void ab initio* as they are based upon the fraudulent "sole custody" order of 2001.

    (xiv) Where Gratzol did not fulfill her obligations in accordance with the court Orders, the obligations of Respondent as per same Orders may not be enforced. (See well established laws regarding Contracts).

    (xv) Respondent hereby gives notice that he intends to rely upon such other and further evidence and arguments as may become available or apparent in time in this action, and hereby reserves the right to amend his Answer and to assert any such argument by appropriate instrument.

    (xvi) You, Judge Reed, and Walker have aided and abetted in such violations as perpetrated by the Gratzols in harming the minor children, defrauding the court, me and

the children, violating my parental and constitutional rights, extorting money from me across state lines, interfering with my employment across state lines with the aim of causing emotional and financial harm to me as a result of lost employment, etc. Indeed, you have no jurisdiction in this case yourself due to multitude of reasons and causes. For one thing you have violated every one of the sections below, of Indiana Rules Of Judicial Conduct stating:

>"**CANON 2. A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All the Judge's Activities**
>**A.** A judge shall respect and comply with the law * and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
>"CANON 3. A Judge Shall Perform the Duties of Judicial Office Impartially and **CANON 3. A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently**"
>**"B. Adjudicative Responsibilities.**
>1. A judge shall hear and decide matters assigned to the judge except those in which disqualification is required.
>A judge shall be faithful to the law * and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor or fear of criticism."
>
>"(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice based upon race, gender, religion, national origin, disability, sexual orientation, age, socioeconomic status, or similar factors, and shall not permit staff, court officials and others subject to the judge's direction and control to do so."
>"(8) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law *"
>"(9) A judge shall dispose of all judicial matters fairly, promptly, and efficiently."
>**"E. Disqualification."**
>"(1) A judge **_shall_** disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:" [Respondent's underline, bold italic for "shall"].

Furthermore, a Rule 60 Appeal for fraud perpetrated by you, the court, the Gratzols and Walker, has been filed in the Indiana Court of Appeals. Additionally, YOU, along with the Gratzols, Walker, Lou Ann Todd, and Indiana Superior Court # 5, are adversary defending party in a federal law suit in US District Court of Massachusetts (Case No. 1:05-cv-11723-RCL) in which the Respondent is the Plaintiff, yet you have and are expressly violating Indiana laws (e.g. the Canons above) by refusing to disqualify yourself from the instant case. One can only extrapolate the extent of this cabal. Your prejudice and discrimination against the Respondent, and hence your lack of jurisdiction in the instant case, can not be any more starkly demonstrated.

Once again, I demand that you disqualify yourself from this instant case and allow a lawful, law-abiding and legal court deal with matters herein.

YOU HAVE NO JURISDICTION IN THIS INSTANT CASE,    and so the 11.08.2005, hearing was illegal and the decisions arising from it *null and void ab initio*.

7

On November 8, you proceeded to hear Gratzol's fraudulent claims on other issues such as legal fees on which you did not give me an opportunity to defend my rights or present my claims for expenses through out the course of the case since August 2002 to date. I too had incurred significant expenses (e.g. Legal fees, loss of wages, travel expenses, experts, etc). This is a further violation of my due process and equal protection rights.

Indeed, Walker produced his list of expenses in court on November 8 dating from 08.13.2002 to 11.09.2005, following the routine of a well-hatched plot reminiscent of good ol' fashion lynching. In that hearing I repeatedly objected to the hearing continuing with the consideration of any issues including support, legal fees, etc, due to your lack of jurisdiction in the case.

As I stated in the hearing, Walker has defrauded the court and me through his fraudulent list of fees and expenses submitted to the court. I said as much in court. Moreover, additional charges will be brought against Gratzol and Walker for falsified reports to the court and me and false accounting of his expenses in the said document and fraud pertaining to his list of expenses and fees, in addition to the figures being bogus and deliberately erroneous. You, therefore, by carrying on with considering it and using it to defraud me have and are aiding and abetting Walker and Gratzol in their fraud.

It should be noted that I filed for custody and contempt in September 2002 against Gratzol because of her fraudulent acquisition of sole custody, parenting time violations and the fact that my daughter (13 years old then) was hitching rides in stranger's pick-up truck across state line as well as cutting herself in the illegal custody of Gratzol in whose house-hold lives her unstable husband who keeps firearms and who intimidate my children. The Gratzols also have been perpetrating Parental Alienation against my children (See White v. White, Ind. Appeals Ct., 1995). In a hearing on August 18, 2005, (before the custody and contempt hearing) you pre-judged the case by stating that I was not going to get custody and that you didn't think much of parental alienation. This may not be surprising given the mentality that you refused me and my scientific expert the raw data from Dr. Berardi, and further you refused to allow my expert to conduct evaluation of our own.

You have all along given the Petitioner and her attorney free reign to violate the law, as you have done so yourself violating my and my children's constitutional rights. This includes providing Gratzol a blank check to claim illegal, unwarranted and bogus fees and expenses.

Therefore, for these and other reasons I object to any calculation and assessment of legal fees and other expenses by you and before the higher court rules upon your lack of jurisdiction in this case.

On November 8, you further heard Gratzol's fraudulent and bogus claims on other issues such as purported child support and arrears to which I vehemently object and you did not give me an opportunity to defend my rights.

For a long time, since 2003, when you took over this case, I have filed multiple motions at various times for modification of my parenting time and child support. You ignored them all, as the result of which I have lost extensive amount of parenting time with my children, and over paid child support even while Gratzol continued, with your aiding and abetting, to violate my parental rights and parenting time. Now you are entertaining bogus and fraudulent claims of so called child support arrears by the Petitioner. Their estimates for arrears do not take into account any reduction that I would have been awarded had this case been judged and ruled upon legally and according to the laws and constitutions of Indiana and United States.

Judge Reed, you are aiding and abetting the Petitioner and her lawyer, Max Walker in defrauding the court, me and my children. Furthermore, and similarly, my child support would have been reduced during those periods (many months) that I have been unemployed and timely filed for modification, which you kept ignoring (e.g. See my motions of 04.19.2004, 12.06, 2004, 03.01.2005, 08.23.2005, ...). When employed, I continued over-paying at the same rate as set in the orders of 04.02.2002, and 08.08.2002, illegal and void as those orders are.
Your laziness and deliberate ignoring of my motions to modify child support and parenting time, resulted in me having lost parenting time with my children and loss of money. And now, Walker and Gratzol have and are defrauding the court, me and my children by submitting by letter (Walker's letter of November 9, 2005, to you. See my objection to "Letter Litigation" herein) bogus, erroneous and fraudulent support payment figures. I lost my job in April 2004, but I continued support payment at the full illegal rate ($239 + $100 per week), exhausting my pension, until I no longer could so I filed motion for modification in December 2004. I still continued payment at reduced rate as you never ruled upon my modification motion. I found a job in February 2005, and resumed and continued payment of full illegal rate past the date of losing my job again (February 2005), after which I paid support at reduced rate from April 2005. In May 2005 I found a job and resumed payment of full illegal rate. But at this time, I had my extended summer parenting time during which time (seven -7- weeks) I was entitled to 100% rebate, but I continue to pay the $100 per week still. In August 2005, my position was terminated and I duly filed a motion for modification, and continued to pay regularly at lower rate.
So, I was justified in not paying full rate during the said periods because:
    a) I was involuntarily unemployed,
    b) I duly filed motions for modification,
    c) You failed to rule on the modification motions in a timely manner.

Moreover, it has come to light that the Gratzols, notably John Gratzol, has defrauded me and illegally (a federal crime) conspired to contact my employer(s) outside the state of Indiana to interfere with and cause termination of my employment. Charges will be brought against the Gratzols. Judge Reed, in addition to your own and personal violations

9

against me and my children, you have been and are aiding and abetting the Gratzols and Walker in their criminal (federal)

If you had done your job (this is another reason why you lost jurisdiction in this case long ago) in a timely, professional, legal and constitutional manner, my so-called support obligations would have been far less such that there would not have been any perceived arrears. For sometime that I was living close by my children and/or when I lost my employment I timely sought modification of parenting time and support. You did not do your job. Now you want to make me pay for the support that escalated unduly as a result of your deliberate negligence, prejudice, violations against me and defrauding and aiding and abetting Walker and Gratzol in defrauding me.

When out of work, in 2004, I exhausted my pension account in order to make child support payments for months at the same illegal and high rate. Later on, when still unemployed, I continued paying regularly at a lower rate.

Given that Gratzol has unilaterally terminated my parental rights with respect to my oldest daughter, and she is doing the same with respect to my youngest daughter, and this court continuously and blatantly refuses to protect my fundamentally secured parental rights, I am no longer obligated to pay any child support for her. See, U.S. Supreme Court case of Bowen v. Gilliard, 483 U.S.587, 612-13, 107 S.Ct. 3008, 3023, 97 L.Ed.2d 485 (1987), explaining that there is a **reciprocal** obligation of support, only if a parent has the right to the care, custody and nurture of their child(ren). Without being given my parental rights, there is no further obligation for me to pay child support. Therefore, for this and other reasons I objected and continue to object to any calculation and assessment of child support or child support arrears by you and based upon the documents provided by Walker and Gratzol and before the higher court rules upon your lack of jurisdiction in this case.

Judge Reed, all of the above including evidence at hand point to the Northern Indiana judiciary involved in this case being a cabal of criminal activity, (c.f. U.S. v. Murphy, above).

Furthermore, as Gratzol has, according to her own and her husband's statements that they were going to **"get [me] out of the children's lives"**, deprived and is depriving me of my parental rights including, but not limited to, parenting time, educational and medical documents, etc, then I am not obligated to pay college or any other expenses either now or when they reach 18 years of age.

On November 8, while hearing Gratzol's fraudulent and bogus claims on other issues such as purported child support arrears and legal fees, you did nothing to uphold my parental rights in view of the Gratzol's persistent violations of the same with your aiding abetting since 2003. This violates my Fourteenth Amendment and Equal Protection rights. I have persistently filed relevant motions every time that Gratzol violated my parental rights and parenting times, and interfered in my parenting times, you ignored it for the past 3 years. You are equally culpable for the Gratzol violations and the suffering of my children (whether it is self-mutilation, psychological abuse and alienation

by the Gratzols, or the resulting physical damage and endangerment, or loss of educational and cultural opportunities growth).

According to Indiana Parenting Time Guidelines we are to have Christmas holiday with the children in alternate years. Out of consideration for Gratzol, thus far, I have let her have every Christmas with the girls. This year I am due the first part of the holidays which ends on Christmas eve. If the girls return to Indiana on December 24, I will have been deprived of time with them both on Christmas AND New Year. Such deprivation was not the intent of the Guidelines and the legislature. Gratzol has refused (see Attachment 4) to compromise such that I'd have the girls for Christmas this year which I'd be due and like. Such defiance by Gratzol is the result of her having become emboldened by this court's history on its decisions. Contrary to Gratzol's assertions, we have not reached any agreements on this issue, indeed her notion of discussion and compromise has been and is her DICTATS on the matter. And time is fast passing the point at which reasonably priced airfare maybe purchased for the children's trip to MA. Furthermore, Gratzol refuses to send AFS for my parenting time period during the Christmas holiday season.

It may be noted that my older daughter, AFS, is 17 years old now and this is the last year in which she may be ordered to exercise parenting time with me and seek professional counseling help in order to counteract and treat the parental alienation that the Gratzols have inflicted upon her against me. Therefore, a legal, decent and conscientious court would take this opportunity to provide treatment for my daughter.

The U.S. Court of Appeals for the D.C. Circuit said it best: "It seems obvious to us that since custody and visitation encompass practically all of what we call 'parental rights', a total denial of both would be the equivalent of termination of parental rights". Franz v. United States, 707 F.2d 582, 602 (D.C.Cir. 1983); Matter of Baby M, 109 N.J. 396, 451 (1988). Since this court has, starting a long time ago, abdicated its responsibility of its own oath of office to uphold, defend and support the Constitution for the United States of America and Constitution for Indiana State, then this court has committed official misconduct and has no authority to make any rulings against me as a parent without clear and convincing evidence. Since the court/state has not met that burden, this court cannot make any ruling to abrogate or reduce my (equal) parental rights or visitation (which is a form of custody/form of parental rights). Pursuant to *Franz v. United States*, 707 F.2d 582, 602 (D.C. Cir. 1983), that federal court held that "custody and visitation encompass practically all of what we call 'parental rights'; a total denial of both would be the equivalent of termination of parental rights".

As recent communications between Gratzol and myself indicate, Attachments 1, 2, 3 and 4, my parental rights have been and are being effectively terminated as not only Gratzol has been violating and interfering in my parenting times, with aiding and abetting by her attorney, Max Walker, now she refuses to provide relevant educational and medical information and documents. In her response (Attachment 4) to my requests

(Attachments 1-3) for documents concerning my older daughter [AFS's] college application and arrangements for parenting times, Gratzol refused to provide me with documents that I, as the children's father, am entitled and have right to. Gratzol has manipulated events and AFS into applying to ONLY one college (Saint Mary's) in South Bend, Indiana, and has put AFS' application to Saint Mary's on "early response" track in order to pre-empt the outcome of the November 8 court hearing that might affect parenting time and/or child support for AFS, as well as to frustrate any attempt by me to have AFS go to a better college here in New England area or elsewhere, where there are evidently superior colleges, especially for the subject that AFS is interested in pursuing, i.e. International Affairs, Politics, and Languages and Art. Therefore, Gratzol is showing disregard for the educational and future well-being of AFS, hence abdicating her responsibilities as a parent (see Attachment 4, highlighted- her response of November 14, in which she prefers to disengage from the education of AFS). Indeed, on November 9 at the Parent Teacher Conference in Elkhart, when I discussed the matter with AFS' teachers and counselor and mentioned that I resided in Boston and that before AFS deciding on the college, I'd like her to explore ALL her options, including going and visiting colleges in other locations that AFS herself had expressed interest in going to (such as Harvard in MA, Oxford in England, AFS' hometown, etc), they agreed and wondered why AFS had not done so already. They also confirmed that they had NOT been consulted on this issue of college application by Gratzol or AFS. Evidently Gratzol, for financial gains (expecting child support, other expenses from me, etc) has been maneuvering for AFS to remain nearby in Indiana even though such a move would deprive AFS of valuable and once-in-a-lifetime opportunity for excellent education, to which I have offered to contribute to the best of my ability. Also my residency of state of Massachusetts would be of further assistance possibly in getting discounted fees at Harvard or any other college there should AFS go to college there.

Therefore, I am asking that Gratzol be ordered to immediately provide all the documentation to me, cancel the "early response" from Saint Mary's in order to allow AFS to explore other better educational opportunities. See Attachment 1 for my requests to Gratzol to this effect.

Furthermore, the order of August 08, 2002, means that Gratzol should have discussed such issues of importance with me. She never did.
The court with jurisdiction in this case is asked to urgently make the determination as to whether I have the right to access my children's educational records or I don't, and that Gratzol be ordered to provide any and all such documents to me.

**If the court is not going to enforce my parenting time rights, and the court is not going to enforce my right to know and be informed of and part take in decision making about what college my child goes to, whether it is the right choice for her, how much it costs, what funding or scholarships she is getting, whether or not I'd pay for it, then the court and Gratzol are unilaterally terminating my parental rights, therefore, I am NOT OBLIGATED to pay anything, support, fees, other expenses.**

Also, if as Gratzol maintains (Attachment 4) that "**it is not for [me] or [Gratzol] to tell [AFS] where she should go**," or it is not for me to have input in the matter, then Gratzol can not expect to collect any child support. I will not have anything to do with it when it come to support obligation, including when AFS turns 18 years of age. Clearly Gratzol wants my support money, but not my input or involvement in my children's lives. Gratzol does not want to deal with me, then I would not want to deal with her, and that includes no more support or any other payments to her.

After all these two girls are merely but a source of money, and I a "cash cow", as far as the Gratzols and Walker are concerned. (However, this court has shown itself incapable of such paramount considerations for the children since the court too would benefit from the prolonged conflict in family/custody litigation as the subpoenaing the county revenues and general fund disbursement to the courts would indicate that child support and such costs to the parents, mainly fathers, are a major source of income for the courts. This implies a conflict of interest as courts and judges, such as you, expect to benefit from illegal and exorbitant support and fee assessments on fathers.)

Gratzol has effectively manipulated AFS to go out and work long hours in a supermarket (despite getting $339 per week from me as "child support" supposedly for the children), sometimes working until 10 p.m. during the school week such that AFS is always "tired". Yet, Gratzol spends the child support money on trips to Mexico and France with her husband while simultaneously violating my parenting time and parental rights with the aiding and abetting and blessing of this court.

However, as Gratzol wants to leave everything, now that Gratzol has inflicted parental alienation upon AFS, to AFS to decide (Attachment 4, especially highlighted sections), then she has abdicated her responsibility. After all, what are parents for !? Gratzol evidently does not wish to be involved in the children's lives nor does she care for or about them, then maybe a legal court without distorted, misguided, prejudiced and outdated views and conduct **rules TRULY in the BEST INTEREST OF THE CHILDREN** to give me their custody. After all having gone through the oppression and maltreatment by the Indiana courts for the past few years, there can be no doubt as to my care, love, consideration and dedication for my children.

Furthermore, Gratzol not only has deprived me of and interfered in my parenting time, but also has violated and effectively terminated my parental rights (with your, Judge Reed's, encouragement and aiding and abetting). I have effectively no contact with AFS and am refused information and documents pertaining to me children (e.g. See Attachment 4). Even if AFS talks to me on the phone for one minute at a time, it is taken up with her profanity at me, no doubt as a result of alienation perpetrated upon her by Gratzol, and aided and abetted by you.

Therefore, I will not pay any so-called child support (money not spent on the welfare of the said children) nor any other expenses (college or otherwise) while my parental rights and parenting time are being violated and I am being deprived of time with BOTH my children.

And should this court decide to use strong arm tactics such as garnishment, body attachment, etc, I'd refer the court to my previous motions such as that for modification

13

(12.06.2004) wherein Indiana and federal statutes and case laws are given that prohibit such actions by this court. This is especially in view of this court's orders being null and void.

Furthermore, my daughter's right and expectation to the best education that her parents can afford are being violated by Gratzol, and aided and abetted by you, by keeping AFS in Indiana in order to take advantage of her financially. Gratzol and her husband are similarly working on doing the same upon the younger daughter, MRS, with aiding and abetting by this court.

John Gratzol, the husband, poses a real and present danger to my children both psychologically and physically. I have witnessed his inappropriate conduct vis-a-vis my daughter. John Gratzol is an unstable man with firearm at home who is prone to intimidating the children as part of instilling parental alienation upon them against me. **This court and you, Judge Reed, will also be held directly and personally responsible** for any psychological and/or physical harm that may be perpetrated upon my daughters by John and Alison Gratzol.

Moreover, Alison Gratzol extorted money ($76) from me when she said in an email (making it a federal offense) that I could not have my parenting time with my daughter unless I paid Gratzol $76. I paid the said money (check No. 201, dated 10.29.2005 which was deposited by Gratzol) in order to have parenting time (evidence available) with MRS with whom I had been illegally and unconstitutionally deprived of my parenting time for almost three (3) months by Alison Gratzol. (Gratzol has deprived me, in violation of my constitutional rights and the court orders, of my parenting time with AFS for the past 2. ½ years with you aiding and abetting her). Your expected overlooking of this federal criminal violation (extortion) is deemed as aiding and abetting Gratzol in extortion. Indeed, in the hearing on November 8, when I mentioned her extortion activity to you, you ignored it out of hand. I'd bring to your attention the statute 18 USC 4, Misprision of Felony, which states:

> *"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both. "*

Furthermore, in court I stated Walker's violations and his aiding and abetting in Gratzol's violations.

I have filed a petition for Chapter 7 Bankruptcy. A copy of the Notice is attached herein, Attachment 5. This will provide protection against attorney's fees and so-called child support and arrears (these are illegal, fraudulent, fraudulently sought and granted) that you intend to illegally order. As child support is a common commercial debt, it may be cleared in a bankruptcy proceeding. Every U.S. Court of Appeals that has addressed this issue, has held that child support is a common, commercial (and civil) debt, See,

U.S. v. Lewko, 269 F.3d 64, 68-69 (1st Cir. 2001)(citations omitted)(common, commercial debt subject to Fair Debt Collection Practices Act, and rejecting child support obligation as a different, special kind of debt), U.S. v. Sage, 92 F.3d 101, 107 (2nd Cir. 1996)(child support is a commercial debt), and U.S. v. Parker, 108 F.3d 28, 31 (3rd Cir. 1997)(child support a common, commercial debt), U.S. v. Faasse, 265 F.3d 475 (6th Cir. Michigan 2001)(child support is a debt under the Commerce Clause); U.S. v. Black, 125 F.3d 454 (7th Cir. Indiana 1997)(commercial debt under Commerce Clause), and other Circuits not cited herein.

Furthermore, Gratzol, as the recipient of child support, must demonstrate how the child support money is spent on the children. Lewko at 68. Indeed, I demand that Gratzol account for her spending of the support payments I have made to her through the Elkhart County Court Clerk.

Therefore, I must emphasize my objections to the unconstitutional "Letter Litigation" through which Gratzol, Walker and you are conspiring to conduct this case, and demand that the issues that you continued trying, i.e. legal expenses and child support and child support arrears be tried through proper and legal motions to a court with proper jurisdiction and that I be given the opportunity and exercise my Due Process rights to respond similarly, via motions, cross / opposition motions, motion to show cause and other proper instruments. Evidently you do not want me to file papers, but you want and allow them to file. This is violation of my Due Process. In the November 8 hearing, I repeatedly stated that the hearing was illegal and unconstitutional, that you had no jurisdiction and that I objected to the whole proceedings. Evidently you and some members of Indiana judiciary believe yourselves to be above the laws and Constitution of the United States. This is treason, pure and simple.

It should be noted that you, the Gratzols and Walker are all co-defendants in a federal law suit that I filed against you. Hence, your continued violations of my legal and constitutional rights in this case. You had no alternative but to recuse yourself since you are my adversary in a federal action and stepped down off of the bench in the Indiana family court case and became my adversary and a hostile witness/litigant against me. The custody order you issued is fraudulent on its face because of this situation.

Moreover, I'd re-iterate that you have violated Indiana and federal laws, violated my constitutional rights, violated your oath of office and your bond of office; lost jurisdiction of this case and your immunity, and violated the United States Constitution against which you have committed treason.

Additionally, I request that copies of the decisions and untampered (by the court) transcripts of the kangaroo courts in this instant case be forwarded immediately to the representatives of the United Kingdom (which I am citizen of) Government in the US (Chicago & Washington DC) and the United Nations Commission on Human Rights (New York). As stated in the hearing, should my and my children's fundamental (human)

rights continue to be violated by you and Indiana judiciary in this case, it would be brought to the attention of the highest offices of the United States and United Nations.

Finally, I request, as I did in the hearing of November 8, 2005, that none of the issues in this case be ruled upon until such time that higher Court has addressed and ruled upon your lack of jurisdiction in this case and your violations of the US and Indiana laws and Constitutions. In any event, your decisions are null and void.

Truly yours,

Dr. Amir H. Sanjari
Respondent
*In propria persona, sui juris*

Enclosures

The undersigned certifies and verifies that true copies of this letter were sent to the following :

Cc:    Elkhart Superior Court No. 5
       State Of Indiana Court of Appeals
       Max K. Walker, Jr.

Amir H. Sanjari (Dr)

Also sent to:   Honorable Sensenbrenner
                Chair, Judicial Committee
                United States House of Representative
                Washington D.C.
                Indianapolis Star Publications, Indianapolis, IN
                Boston Globe, Boston, MA

16

Alison Gratzol
26795 Bridgewater Court                     **ATTACHMENT 1**
Elkhart, IN 46514                       November 11, 2005

            Also Sent Via E-Mail
            re: The Girls, Modus Operandi

            Alison,

Please note the following.

1- I will not pay child support to you any more unless and until you begin to respect and abide by my PARENTAL RIGHTS including, but not limited to, PARENTING TIME (of every nature and kind), ACCESS TO AND PROVISION OF EVERY AND ALL DOCUMENTS (pertaining to school, education, health, records thereof) as pertains to BOTH girls, as well as your honest and truthful cooperation concerning well-being of the children. **It is a matter of record that you, aided and abetted by others, have turned the children against me affecting their behavior toward me. That is not acceptable. At the very least you have failed in your responsibility in bringing the children up since you started cutting me out of the children's lives.** I am certain that their unacceptable conduct toward me is not of their doing or their fault, but that it is a direct **result of your and your husband's stated attempts to alienate them from me**. Their conduct and manners toward me, while not their fault, indicate your failure in parenting. So, I suggest that you start to turn your and their conducts toward me around and respect my (and their) parent-child relationship and teach them respect toward me.

Additionally, I'd like specific responses to my requests and questions, and not be brushed off by your comments such as "you get them yourself", or "you ask [the girls] yourself", etc.

This will NOT work any more. **Both girls are under the age of 18 years, and therefore, as illegal and fraudulent as it is, for the time being you are their guardian. So, it is YOUR responsibility to provide ALL the information requested by me. Such a refusal will be deemed as a failure in your parental and legal responsibilities.** No parenting time, no child support. I have informed the court of this. You may have received a letter I sent to the court and copied to your attorney.

I have had enough of your violations of my and my children's legal, constitutional and parental rights. **You have illegally deprived me and the children of our parenting time for a long time, especially with [AFS] since 2003.**

Now it is time to provide me with make up time for your past violations.

Until such time that a competent, legal and constitutional court and judge deal with this case and my make up time (a very long time overdue), and determine custody, I'd agree to continue with the current status quo as per Indiana Parenting Time Guidelines that we have been following (notwithstanding your multitude of violations thereof since 2003). I am prepared to do so, in order to have a reasonable and smooth modus operandus for the sake of the children. I will take further legal and constitutional actions upon your violations. Furthermore, I will take legal actions against anyone for aiding and abetting you in your violations.

2- You can start your cooperation and act like a responsible parent by providing and informing me

A) of any and ALL (include names, addresses, phone numbers, reasons for the girl[s] needing their services, and if such services were provided dates, place, etc) the medical (physicians, Gyn&Obs, surgeons, ...) and psychological personnel (psychologists, therapists, ...), hospitalization, etc, that either child has needed, had or attended since April 1, 2003.

**B) Copies of ALL the records (past, current & future) of the [AFS] applications to any and all colleges, as well as names and contact information of any person whomsoever (teachers, faculty and personnel of any educational organization or any organization that is related to seeking grants, scholarship [provide documents], or any other private person whatsoever who has provided input and/or suggestion as to the education of [AFS], indeed both girls.**

You should have all the above information readily at your disposal.
Please provide the information above (2.A & 2.B) no later than 6:00 p.m. Sunday November 13, 2005, after which time, and in the absence of your compliance and /or an acceptable reason for failure to do so, I will take appropriate legal, constitutional and other reasonable steps, the cost of which will be claimed from you.
**I realize that you have manipulated it such that AFS has applied only to Saint Mary's thus far and that you have applied for "an early decision" indicating that YOU have made up your mind trying to lock her into going to that college and staying in Indiana. It is also clear that one of your motives is your financial gain for doing so.**
**You are damaging AFS's prospects and future by maneuvering the events into keeping her there in Indiana without her exploring other available possibilities.**
**I am stating again here and now that I am VEHEMENTLY OPPOSED to her going to Saint Mary's, especially in view of the fact that her ability, study (Politics, International Affairs, Languages and Arts) and geographical interests all point to other colleges (notably Harvard here, or Oxford in the UK, ...) outside Indiana and that I have offered to help her in all aspects (financial as well as her admission) to go to a college here in Boston, where there are many good co-ed and single-gender colleges (e.g. Harvard, etc) around.**
**Please DO NOT destroy her future by your irresponsibility in trying to keep her there while she can do much better here in New England, where she wanted to study before you manipulated the events. And I can prove this. If you insist upon such a destructive course of action about AFS' education, I WILL take legal action. The children's education is far too important to play games with.**
**I am further aware that no application has been made to any other college than Saint Mary's and that no professional in education at her high school has suggested, nor would suggest, to confine oneself to applying to one college (Saint Mary's in this case) only, while there are excellent educational opportunities available elsewhere. Furthermore, they'd encourage her to explore these other colleges, especially if they had known that I could make a difference in providing such opportunities here. Indeed, I have spoken in person with her counselor and other teachers and none of them was aware of this, nor had been consulted by you. Indeed, they wondered why AFS / you had not at the very least applied and visited colleges here in New England in view of me being here.**

**I am prepared to pay for AFS' application fees and visits to other colleges BEFORE she makes up her mind and a decision is made. I'd like her to decide after having explored ALL her available opportunities. As it is now, you have and are preventing that.**

If you do not confirm by 12:00 p.m. Sunday November 13, 2005, that AFS has applied to other, better, colleges, notably outside Indiana such as in New England area where there excellent colleges, and has gone or will be going to visit them (send me proof to this effect), I will take legal action against you for what you are doing and about to do. Furthermore, please cancel the "early decision" request to Saint Mary's now, and allow AFS to explore her options for better education and future outside Indiana.

**Failure on your part to do the right thing, I'd have to reconsider fundamentally the possibility of making any contribution to college expenses at all in view of the fact that I have been cut out of the process, my parental rights have been violated and that my advice and suggestions based upon my extensive experience in academia are being ignored where it most counts, i.e. my daughters' education and future. You know how strongly I feel about the girls' education, and I will NOT allow their lives to be ruined by irresponsible actions.**

**3- I insist upon my parenting times with BOTH girls henceforth (November 2005 and beyond, as indeed I have been doing from the start). As you have illegally wasted my time and money many a time (e.g. more recently, deliberately not putting [MRS] on the flight, reserved by me, to Massachusetts in September and October 2005) by violating the court orders and my parenting time thus far, you should bear half the cost of BOTH girls' transportation from Indiana to Boston. I insist upon my parenting time.**

**4- I'd like to have BOTH girls for Christmas 2005. In the past, when I was due to have them for Christmas, I showed you consideration and agreed to you having them. Not this Christmas.**

**In fact, I am due a few Christmas parenting times with them.**

The girls are free from evening of December 16, 2005, to evening of January 1, 2006, i.e. 16 days. **I intend to arrange travel for them to come here to Boston on evening of December 16 to spend Christmas with me, and return to Indiana on December 26 for you to have your parenting time with them at New Year. I'd even agree if they come on December 17 (Saturday) instead of 16, if you wish.**

Please confirm the above (item 4) no later than 12:00 p.m. Sunday November 13, 2005, after which time, and in the absence of comunication from you, I will go ahead and make arrangements for the girls' trips on the above-stated dates (December 16-26). You'd be responsible for any resulting damages, financial or otherwise.

I'd be happy to work with you on this or any other issue, but my parenting time with my children is NO LONGER going to be negotiable.

Amir

To: Alison <ag1060@aol.com>
Subject: the Girls

Sunday, November 13, 2005
Alison
 **The deadline has passed and you did not respond at all to my email of Friday, November 11, 2005, re: " The Girls, Modus Operandi".**
**Therefore, I will go ahead and make arrangements for the girls coming here for the holidays from December 16 to December 26, as stated in that email.**
Any deviations, damages or expenses you cause will not be acceptable.

Amir

Amir H. Sanjari (Dr)

Member: American Nuclear Society
          American Association of Physicists in Medicine

To: Alison <ag1060@aol.com>
Subject: NOvember parenting time

Sunday, November 13, 2005
Alison,

I'd like to arrange for my November parenting time with the girls. I'd like to have them for Thanks giving period (Wednesday evening November 23 to Sunday November 27) as it would provide a long stretch for them to come here. Also **note that in the past you violated my parenting time during Thanks giving, Christmas, etc. So this would be a good opportunity for the girls and I to have our time together. You wouldn't object to the girls spending time withtheir father, would you ?**

Please confirm by Tuesday November 15, 2005, 9 a.m. . In the absence of a response from you on this by then I will assume that this arrangement is confirmed.

Amir

Amir H. Sanjari (Dr)

Member: American Nuclear Society
          American Association of Physicists in Medicine

21

Subject: Re: the Girls
To: sels56@yahoo.com

**ATTACHMENT 4**

Amir

**We already discussed Christmas parenting time in court with Max** you have what you originally requested, Melodies visitation will begin Friday evening December 17th and she is due back on the following Saturday, December 24th, please make any arrangements out of Southbend regional airport.
As this is an odd year Melodie will stay at home this Thanksgiving she was with you last year. Please do not waste my time this was settled last Tuesday.

Aimee made her own choice regarding college, **it is not for you or me to tell her where she should go**. Lets just wait and see how she does with her application. **I am not going to forward you paperwork,** I have told you what is going on, that will suffice.

You well know which Doctor, Aimee and Melodie see, it is Dr Blunk, thankfully they have not been sick so they have only had their annual physicals. I do not have any medical records.
Aimee and Melodie are not currently seeing a therapist.

Please desist in your repetitive requests and ridiculous deadlines.

Lets just wait for Judge Reeds orders and move on from that point

Alison

STATE OF INDIANA }                IN THE ELKHART SUPERIOR COURT NO. 5
                   } SS:
ELKHART COUNTY }                  CAUSE NO. 20D0500)00)R640

EXHIBIT # 2

IN RE THE MARRIAGE OF )

                                  )
ALISON GRATZOL,                   )          **FILED**
              PETITIONER          )       **IN OPEN COURT**
                                  )
     V                            )        NOV  0 7 2005
                                  )
AMIR H. SANJARI                   )           **CLERK**
              RESPONDENT          )   **ELKHART SUPERIOR COURT NO. 5**


## VERIFIED EMERGENCY MOTION DECLARING
## SPECIAL JUDGE REX L. REED'S LOSS OF JURISDICTION
## IN THE INSTANT CASE

COMES NOW, the undersigned Respondent, Amir H

Sanjari, *pro se*, and pursuant to relevant Indiana Rules of Trial Procedure files this

Emergency Motion in the above-captioned matter, declaring and stating:

1-    That, a court hearing in this matter was set for November 8 & 9, 2005, to

determine custody and contempt matters against the Petitioner in this case by Special

Judge Rex L. Reed of Kosciusko Circuit Court.

2-    That, Judge Reed, Elkhart Superior Court # 5, and the Petitioner have

committed fraud and violations of the United States Constitution (e.g., see Respondent's

earlier motions including "Rule 60" and federal law suit against the said individuals and

entities).

3-    That, Judge Reed and Elkhart Superior Court 5 have violated Respondent's

and his children's Constitutional rights and, therefore, lost jurisdiction in the instant case

and their orders and decisions are *null* and *void ab initio* and have no legal force.

4-    That, Judge Reed refuses to disqualify and recuse himself from the case
although he is _required_ to do so by Indiana law (Rule 76, Canon 3(E), etc) and US laws
and Constitution. He has, moreover, violated his oath of office and therefore, committed
treason against the United Stated by violating the Constitution of the United States which
is also enshrined in the State of Indiana's constitution. Therefore, Judge Reed is unfit to
be a judge in this case. Not only Judge Reed has given appearance of impropriety, but he
has also committed impropriety.

5-    That, said hearing (on November 8/9, 2005) is illegal and unconstitutional.

6-    That, any instruments such as orders, decisions, directives, etc. emanating
from this court and judge (whether at the November 8/9 hearing or otherwise, are illegal,
_null_ and _void ab inito._ And any one attempting to carry out such instruments, orders, etc,
would be violating the United States laws and Constitution.

In support of this filing, the Respondent, being duly sworn upon his oath, offers the
annexed Affidavit and Brief.

Dated: November 07, 2005

Amir H. Sanjari
In propria persona, Sui Juris
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

2

Case 1:05-cv-11723-RCL    Document 36-2    Filed 11/21/2005    Page 3 of 21

STATE OF INDIANA )                    IN THE ELKHART SUPERIOR COURT NO. 5
                ) SS:
ELKHART COUNTY )                      CAUSE NO. 20D050010DR640

IN RE THE MARRIAGE OF: )

                           )

ALISON GRATZOL,                       )
          PETITIONER              )

                           )

         V.                          )

                           )

AMIR H. SANJARI,                      )
                   RESPONDENT          )

### AFFIDAVIT OF RESPONDENT
### AMIR H. SANJARI IN SUPPORT OF
### VERIFIED EMERGENCY MOTION DECLARING
### SPECIAL JUDGE REX L. REED'S LOSS OF JURISDICTION
### IN THE INSTANT CASE

     1.     That, this instant case is that of the Petitioner/Mother fraudulently seeking

and fraudulently having been granted (August 27, 2001), by Elkhart Superior Court # 5,

the sole custody of the two children during the Respondent's temporary absence in

violation of his and his children's fundamentally protected Due Process and Equal

Protection rights. This was in violation of Indiana and United States Constitutions, hence

rendering the sole custody and the resulting orders thereof *null and void.*

     2.     That, Special Judge Rex L. Reed of Kosciusko Circuit Court was

appointed to the above-captioned case on July 8, 2003 by Chief Judge of Indiana, Randall

Shepard.

     3.     That, Judge Reed has, see the Brief below, violated the Indiana and United

States laws and Constitutions (First Amendment, Fourth Amendment, Sixth Amendment,

Ninth Amendment, and Fourteenth Amendment), acts that have resulted in his violation

of his oath of office, loss of jurisdiction in the case as well as loss of any perceived judicial immunity he might have had. His orders in the said case are, therefore, *null and void,* See Brief..

4.      That, Judge Reed has both failed to act when it was under a duty to act, and exceeded his jurisdiction as will be shown below.

5.      That, further documentary and audio evidence are available to verify the statements herein.

6.      In September 2002, Respondent filed a Petition for modification of custody. To this date, over three years later, no hearing has been held on the custody case. This is in violation of the Due Process and Fourteenth Amendment rights as well as the right to a timely and speedy hearing where family and custody matters are concerned.

7.      Judge Reed has acted willfully, knowingly, negligently and wantonly, and outside the scope of his employment and fiduciary trust position, and with specific intent to deprive Respondent of his constitutional rights secured by 42 U.S.C. §1983, and by the First Amendment to the United States Constitution which grants the Right of Association with one's children. Judge Reed failed to prevent Petitioner from her violations which in turn resulted in violations of 42 U.S.C. §§ 1983 and 1985(3) by Judge Reed. Plaintiff's right to associate with his children is guaranteed by the First Amendment as incorporated in the Fourteenth Amendment, or which is embodied in the concept of "liberty" as that word is used in the Due Process Clause of the Fourteenth Amendment and Equal Protection Clause of the Fourteenth Amendment, the Ninth Amendment, and Fifth Amendment.

Judge Reed acted in concert to deprive and abridge Respondent's state and federal rights to enjoy equal parenting time with his daughters by instituting an unlawful and

4

unconstitutional campaign of interference with Respondent's parental rights

8.    Judge Reed consistently refused to hold hearings to deal with contempt against the Petitioner. This is violation of Respondent's Due Process and Equal Protection and resulted in the violation of his Fourteenth Amendment rights and loss of his parenting time with the minor children that can not be replaced as the children grow up and the time with them is lost.

9.    Judge Reed has knowingly and deliberately endangered the safety and well-being of the two minor children by his inaction in the face of Petitioner's violations and negligence, hence aiding and abetting and emboldening her in carrying out the said violations.

10.    Judge Reed has been biased and discriminated against Respondent (supported by affidavits by two independent observers filed earlier) on the grounds of gender, ethnicity and race (Respondent is of Middle Eastern origin). Such discrimination is in violation of Respondent's Civil and Constitutional rights pursuant to 42 U.S.C §§1981, 1983, 1985(3) and 28 U.S.C. §1343.

11.    In a court hearing on March 30, 2004, Judge Reed **intimidated** the Respondent *pro se* and prevented him from exercising his Due Process rights vis-a-vis questioning the witness (Petitioner). This is a clear violation of Respondent's Due Process and Equal Protection rights.

12.    Furthermore, upon Petitioner lying under oath, Judge Reed refused to caution the Petitioner against perjury. Hence, **condoning perjury** by the Petitioner.

13.    The Respondent filed a **praecipe** (**Rule 53**, "lazy-judge" Rule) for Judge Reed's disqualification on May 17, 2004 (many days after the deadline of 30 days), after absence of a decision by Judge Reed had been **confirmed** by two different members of

court and clerk's personnel (recorded) at the Elkhart Superior court #5. The following

day, May 18, Respondent was informed by an unusual telephone call from the court

personnel that somehow overnight a decision by Judge Reed on the motion had been

found in the docket. This indicates illegal tampering of, and aiding and abetting to

tamper, court documents.

      14.    Due to Judge Reed's knowing and willful refusal to enforce parenting time

orders issued by the same court, Respondent filed on December 22, 2004, a WRIT of

HABEAS CORPUS (Cause No. 20 S 00 - 0406 - OR - 00278) for the mother to present

the child in view of father having been deprived of his parenting time for over 2 years,

and Judge Reed's inaction. Upon being assigned by Indiana Supreme Court to deal with

the Habeas Corpus, Judge Rex Reed set a hearing on the matter for weeks after the filing

of the writ. This is in violation of the federal and Indiana laws governing habeas corpus

writs which are supposed to be dispensed with within a few days and not months.

      15.    On August 18, 2005, Judge Rex Reed yet again **violated** the Respondent's

**federally protected Due Process and Equal Protection rights** by denying the

Respondent and his scientific expert access to the psychological raw data for evaluation

required in order that the Respondent may present his custody case effectively in the

Indiana superior court. He additionally denied Respondent permission to have his own

scientific expert carry out psychological examination/evaluation of the parties. Such

denial by Judge Reed not only violates the Respondent's and his children's Due Process

and Equal Protection rights, but it is also in direct violation of the Indiana Codes IC 31-

17-2-12 and IC 16-39-2-9 .

Yet, on August 18, 2005, over Respondent's and his attorney's (of the time) objections,

Judge Reed granted the Petitioner's motion to admit the court appointed psychologist's

6

report into evidence without the said psychologist's personal testimony in court being required. Furthermore, Respondent and/or his scientific expert were **denied access** to the said evaluation's raw data. This makes the report hearsay and its admission illegal. The law provides for such an admission only if the raw data are provided to the other party (Respondent) and/or other party's scientific expert, or if the other party is permitted to have examination of the parties by his own expert.

16.     In a court hearing on August 18, 2005, Judge Reed told Respondent's attorney (at the time) that the Respondent **would not get** custody of his children. This is **before** there has even been any hearing whatsoever on the custody issue, even after three (3) years waiting for a hearing. Evidently, Judge Reed has already **pre-judged** the outcome of the custody case before even a hearing has been held. **This is a clear, blatant and shameful deprivation of Respondent's Constitutionally protected Due Process and Equal Protection rights, and further indicates Judge Reed's discriminatory actions against Respondent.** This action alone by Judge Reed not only renders the loss of his jurisdiction in this case, but (as he's now stripped of any perceived judicial immunity) also warrants application of sanctions against him including for treason against the United States for violation of his oath of office and the Constitution.

17.     Respondent, in September 2005, filed a **federal lawsuit** (in US District Court, MA Case No. 05- 11723, case pending) against Judge Reed and Elkhart Superior Court # 5, State of Indiana, amongst others, for **fraud, violation** of Respondent's and his children's **Constitutionally protected Due Process and Equal Protection rights as well as those emanating from the First Amendment, Sixth Amendment, Ninth Amendment and Fourteenth Amendment, interference in Respondent's parental**

7

**rights, aiding and abetting,** etc.

18.    On September 12, 2005, Respondent filed a motion in Elkhart Superior court in the instant case for Judge Reed's **recusal** and **disqualification** from the case based, amongst others, upon <u>Rule 76</u> of Indiana Trial Rules (Judge Reed now is a direct and explicit **party to a lawsuit** in federal court in direct opposition to the Respondent) as well as based upon <u>Canon 3(E)</u> and others, of Indiana Judicial Code of Conduct. He again **refused** to disqualify himself although he has **lost jurisdiction and immunity** in the instant case and his orders are *null and void*, and he has no credibility, and he, ostensibly with the knowledge of Indiana Supreme Court, continues to perpetrate fraud upon Respondent and his children while violating their Civil and Constitutional rights.

19.    On October 7, 2005, Respondent filed, based upon Indiana Rules of Trial Procedure 60(B), a "MOTION TO SET ASIDE, VACATE AND VOID COURT ORDERS DUE TO THE COURT RULINGS BEING FRAUDULENT & RESPONDENT CANNOT GET A FAIR HEARING IN THIS COURT; THE PETITIONER, HER ATTORNEY AND THE JUDGE HAVE DEFRAUDED RESPONDENT AND THE COURT COMMITTED BIAS AGAINST RESPONDENT" Not only Judge Reed denied this "Rule 60" motion, he did so fraudulently.

20.    On October 26, 2005, Indiana Supreme Court received Respondent's "VERIFIED EMERGENCY PETITION FOR APPOINTMENT OF SPECIAL JUDGE" (case No. 20 S 00 - 0511 - SJ – 00507) based upon Indiana Rules of Trial Procedure 63 (B)(2), to appoint a new Special Judge before the pending hearings (set for November 8 & 9, 2005 by Judge Reed). Although in its possession, the Indiana Supreme Court did not file Respondent's Emergency Petition until November 1, probably as a delaying tactic for inaction and in order to retain Judge Reed in his position on the November 8/9 hearing

8

even though he has lost jurisdiction. In such an event, Indiana Supreme Court will be considered as aiding and abetting Judge Reed in his violation of the Constitution of the United States perpetrated against the court and the Respondent.

In the likely event that an appointment will not be made prior November 8 hearing, Respondent requested that the Supreme Court stay the lower court proceedings until such time that a new Special Judge can be appointed. Neither of these events has taken place by the Indiana Supreme Court up to the time of this filing.

21. On November 1, 2005, Respondent filed his "NOTICE OF APPEAL FROM TRIAL COURT" (case No. 20 A 03 - 0511 - CV – 00527) appealing from the denial of his "Rule 60" motion (see above).

22. On November 2, 2005, Respondent filed "EMERGENCY MOTION TO STAY ALL PROCEEDINGS IN THE INSTANT TRIAL CASE INCLUDING HEARING SET FOR NOVEMBER 8-9, 2005, PENDING THE APPEALS COURT RULING" in Elkhart Superior Court with no response up to this filing.

23. Judge Reed has also been reported to the Indiana Judicial Qualification Commission.

24. Not only Judge Reed and Elkhart Superior Court have violated the Constitutional and Civil rights of the Respondent and his children, and lost jurisdiction in this instant case, but also their actions have been physically and psychologically detrimental to the well-being and safety of the minor children involved.

Moreover, such persistent violations:

a) have been detrimental to judicial economy.

b) result in irrevocable further loss of Respondent's parenting time which, as the children grow up (one is 17 years old and the other 13 years now), can not be made up, and which

9

would also psychologically and emotionally adversely affect the children. This court and judges therein have compellingly demonstrated that they certainly do not have the best, indeed any, interests of the said minor children in mind in violation of the premise of the Indiana Rules in custody matters..

c) are detrimental financially, to the Respondent, due to the amount of time, effort and money expended to go through the current farcical kangaroo court process (Respondent first filed for custody in the lower court in September 2002, and as yet the case has not been heard), when the outcome is pre-determined.

d) render the remedy available by appeal wholly inadequate as irrevocable loss of parenting time (custody petition filed in September 2002, and not heard thus far), as the children grow up, can not be made up, hence making the remedy wholly inadequate. Furthermore, Judge Reed's predisposition against the Respondent, and the defective process would exacerbate the Respondent's case, causing irrevocable harm to Respondent and his children, as well as extreme and irreparable financial damage.

25.    A glance at the Chronological Case Summary would even show a relatively unfamiliar party the bias and discrimination against the Respondent/Father with which Judge Reed has been presiding over this case.

26.    Judge Reed has allowed and/or condoned and/or assisted in fraud upon the court and the Respondent. Moreover, he has violated judicial conduct Canon 3 (E), Indiana Rules and Codes, Indiana and United States Constitutions and Respondent's and his children's civil and Constitutionally protected rights.

27.    Judge Rex Reed is culpable for aiding and abetting the deprivation of Respondent's fundamentally secured parental rights guaranteed under the Federal Constitution, as well as being willfully negligent in the enforcement of Respondent's

fundamentally secured parental rights and for acting with intimidation and oppression
against Respondent.

28.     Judge Reed has failed to follow strict scrutiny standards by not enforcing
court's own orders compelling the exercise of parental rights of both parents, thus,
creating a gender inequity in violation of the Equal Protection Clause of the Constitution
for the United States of America.

29.     The above actions by Judge Rex L. Reed can only be attributed to his
incompetence, and/or bias and discrimination against the Respondent / Father (on grounds
of Respondent's race, gender, national origin, paternity, and determination to seek justice
for his minor children), who, in his concern for his two minor children, has relentlessly
exposed the corrupt, unlawful and unconstitutional acts and decisions in this case in
Northern Indiana. The **Respondent / Father has not had a fair hearing in this case**,
although he remains forever determined to obtain redress vis-a-vis his children.

30.     Federal law requires that especially in the case of *pro se* litigants,
substance of the case be given priority over the format. Also see Pro Se Standard Of
Review, below.

31.     Lastly, the path is clear; when a judge perpetrates fraud, violates the law or
the Constitution, he does not act in judicial capacity, he then violates his oath of office,
resulting in his loss of jurisdiction in the case, his orders are *null* and *void ab initio* and
not enforceable, he loses any perceived immunity, and may be charged with crimes as an
ordinary citizen. Furthermore, by the reason of violating the Constitution, he commits
treason against the United States (See the attached Brief for case laws). Judge Reed has
advanced on such a path. Similarly, any one else who is aware of Judge Reed's violations
and aids and abets him acts in concert with him.

Case 1:05-cv-11723-RCL    Document 36-2    Filed 11/21/2005    Page 12 of 21

*WHEREFORE*, Respondent, Amir H. Sanjari, *pro se*, files this motion declaring that Judge Rex L. Reed has lost jurisdiction in this case and has no authority in this instant matter and that his orders and decisions in this matter are *null* and *void ab initio*. And that, the said Judge is stripped of any judicial immunity he may have had. Furthermore, anyone attempting to carry out such void orders would be regarded as perpetrating similar violations.

I affirm under the pains and penalties for perjury that the above and foregoing representations are true to the best of my knowledge.

Respectfully Submitted

Dated:  November 7, 2005

_____
Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

STATE OF INDIANA )                    IN THE ELKHART SUPERIOR COURT NO. 5
                 ) SS:
ELKHART COUNTY   )                    CAUSE NO. 20D050010DR640


IN RE THE MARRIAGE OF: )
                              )
ALISON GRATZOL,               )
              PETITIONER      )
                              )
        V.                    )
                              )
AMIR H. SANJARI,              )
              RESPONDENT      )


### BRIEF OF RESPONDENT
### AMIR H. SANJARI IN SUPPORT OF
### VERIFIED EMERGENCY MOTION DECLARING
### SPECIAL JUDGE REX L. REED'S LOSS OF JURISDICTION
### IN THE INSTANT CASE


Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if
a court is *"without authority, its judgments and orders are regarded as nullities. They are
not voidable, but simply void; and form no bar to a recovery sought, even prior to a
reversal in opposition to them. They constitute no justification; and all persons
concerned in executing such judgments or sentences, are considered, in law, as
trespassers."*
Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).
When a judge acts as a trespasser of the law, when a judge does not follow the law, the
judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or
effect.
The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687
(1974) stated that  *"when a state officer acts under a state law in a manner violative of
the Federal Constitution, he "comes into conflict with the superior authority of that
Constitution, and he is in that case stripped of his official or representative character
and is subjected in his person to the consequences of his individual conduct. The State
has no power to impart to him any immunity from responsibility to the supreme authority
of the United States."* [Emphasis supplied in original]. By law, a judge is a state officer.
The judge then acts not as a judge, but as a private individual (in his person).
 The U.S. Supreme Court has stated that *"No state legislator or executive or judicial
officer can war against the Constitution without violating his undertaking to support it."*.
Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958).

Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason.

If a judge does not fully comply with the Constitution, then his orders are *void*, In re Sawyer, 124 U.S. 200 (1888), he/she is without jurisdiction, and he/she has engaged in an act or acts of treason.

TREASON

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66

L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

The Seventh Circuit Court of Appeals held that the Circuit Court of Cook County is a criminal enterprise. U.S. v. Murphy, 768F.2d 1518, 1531 (7th Cir. 1985). Since judges who do not report the criminal activities of other judges become principals in the criminal activity, 18 U.S.C. Section 1, and since no judges have reported the criminal activity of the judges who have been convicted, the other judges are as guilty as the convicted judges.

When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law,and are engaged

in treason (see below).

The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse."

Going one step further, the court in Catz v. Chalker, 142 F.3d 279 (C.A.6

(Ohio) 1998) (former husband's action, seeking a declaration that the state divorce decree was void as a violation of due process, was not a core domestic relations case to which the domestic-relations exception applied). Catz did not seek declaration of marital or parental status, but instead presented a constitutional claim in which it was incidental that the underlying action involved a divorce. Id. Fourteenth Amendment. The domestic-relations exception has no generally recognized application as a limitation on federal question jurisdiction; it applies only as a judicially implied limitation on diversity jurisdiction. U.S. v. Johnson, 114 F.3d 476 (C.A.4 (Va.) 1997).

## PRO SE STANDARD OF REVIEW

1-    Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes this point clear and states: *A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively*, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), *and take them as true for purposes of deciding*

14

*whether they state a claim.* Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2D 263 (1972).

2-    *Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.*
Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);
Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251
(1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957));
Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v.
Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d
39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as
pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999).

3-    *The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires.* S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, *United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally);* Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

3-    *Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result.* U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

4-    *Moreover,* **"the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."** **Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974))** [Plaintiff's bold and italic print]. *Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.*

## ARGUMENT

As events of the past four (4) years indicate, the said state case has been fraught with prejudice and violations of the law by the judiciary. Respondent has already shown with clear and convincing evidence that he and his children are not likely to receive a fair, unbiased and unprejudiced hearing regarding his parental rights in the state court in northern Indiana (Special Judge Reed is the fourth - 4th - judge in the said case).

Based on the evidence presented, Petitioner, her attorney, Max K. Walker, Jr., and

the Indiana superior/circuit court special Judge Rex Reed (and the Indiana courts *in toto*)
have defrauded Respondent by their acts, commissions and omissions.

## Respondent was defrauded in Indiana State Court

Respondent has shown by clear and convincing evidence that Petitioner, her
attorney, the state court judge have defrauded the Respondent. The courts in Northern
Indiana have discriminated against Respondent (of Middle-Eastern origin) given the
prevailing atmosphere in this country against Middle Easterners. Further, he is a father
trying to assert his parental rights, where no one has ever found Respondent to be an unfit
parent.

In domestic relations proceedings, if a divorce judgment, or any other related
judgment was fraudulently obtained, it should be regarded as a nullity. Catz v. Chalker,
142 F.3d 279 (6th Cir. 1998). In the instant case, the sole custody order of 2001 was
obtained through fraud by Petitioner and her attorney. Similarly, Judge Cook facilitated
such a fraudulent activity, resulting in him losing jurisdiction in the case and in his orders
being *void*.

Furthermore, this renders illegal and void the state court proceedings. See, Schneider v.
Colegio de Abogados de Puerto Rico, 917 F.2d 620, 628 (1st Cir. 1990), cert. denied, 520
U.S. 1029, 112 S.Ct. 865, 116 L.Ed.2d 772 (1992). See also, Wright & Miller, Federal
Practice §4469.1. The state court decisions (sole custody and other orders) which are
the subjects of this case are not valid and are *void*.

### Indiana Trial Rule 60(B)(3)

And, its federal equivalent Fed. R. Civ. Proc. 60(b)(3). Fraud, either extrinsic or
intrinsic, on a court, by definition is not an error by that court. It is, rather, a wrongful act
committed by a party or parties who engaged in the fraud.

16

Judge Reed has cast himself as a participant in the controversy, rather than as an unbiased referee, therefore compromising the appearance of impartiality. Therefore, Respondent has the right to file a motion for relief from judgment or order pursuant to Indiana Trial Rule 60.

Relief from a judgment or order may be permitted where (1) the moving party possessed a meritorious claim, (2) the adverse party engaged in fraud, misrepresentation, or other misconduct, (3) the adverse party's conduct prevented the moving party from fully and fairly litigating its case during trial. See, Tobel v. City of Hammond, 94 F.3d 360, 362 (7th Cir. 1996)(listing elements of fraud, misrepresentation, other misconduct).

In Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425, 428 (6th Cir. 1996), where witness's testimony was false and moving party was unable to meet it or discover it after the fact, relief under this rule can be granted. In Diaz v. Methodist Hosp., 46 F.3d 492, 496 (5th Cir. 1995), it was held that the rule's purpose is to ensure that litigants are relieved from unfair judgments, especially if litigant's were prohibited from fully and fairly litigating their cases. The Eighth Circuit U.S. Court of Appeals held in Assmann v. Fleming, 159 F.2d 332 (1947) that relief was available under this rule irrespective if fraud is considered "extrinsic" or "intrinsic".

"Fraud vitiates everything". Boyce v. Grundy, 3 Pet. 210. "Fraud destroys the validity of everything into which it enters". Nudd v. Burrows, 91 U.S. 426. "Fraud vitiates the most solemn contracts, documents and even judgments". U.S. v. Throckmorton, 98 U.S. 61.65, 25 L.Ed. 93 (1878).

### Indiana Trial Rule 60(B)(6)

And, its federal equivalent Fed. R. Civ. Proc. 60(b)(4). Relief may also be granted where the judgment or order is *void* where the court acted in some manner beyond the powers granted to it under the law. Robinson Eng'g Co. Pension Plan & Trust v. George, 223 F.3d 445 (7th Cir. 2000); Grun v. Pneumo Abex Corp., 163 F.3d 411, 422 (7th Cir. 1998). Relief is granted where there is a clear usurpation of judicial power. United

States v. Tittjung, 234 F.3d 330, 334 (7th Cir. 2000), cert. denied, 533 U.S. 931, 121 S.Ct. 2554, 150 L.Ed.2d 721 (2001).

The U.S. Supreme Court has stated that "No state legislator or executive or *judicial* officer can war against the Constitution without violating his undertaking to support it.". Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958). Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. The judge is engaged in acts of treason. Having taken at least two, if not three, oaths of office to support the Constitution of the United States, and the Constitution of the State of Indiana, any judge who has acted in violation of the Constitution is engaged in an act or acts of treason.

**If a judge does not fully comply with the Constitution, then his orders are** *void*, In re Sawyer, 124 U.S. 200 (1888), he/she is without jurisdiction, and he/she has engaged in an act or acts of treason. Whenever a judge acts where he/she does not have jurisdiction to act, or has jurisdiction to act but refuses, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

## CONCLUSION

*WHEREFORE*, Respondent, Amir H. Sanjari, *pro se*, files this motion declaring that Judge Rex L. Reed has lost jurisdiction in this case and has no authority in this instant matter and that his orders and decisions in this matter are *null* and *void ab initio*. And that, the said Judge is stripped of any judicial immunity he may have had.

18

Furthermore, anyone attempting to carry out such void orders would be regarded as
perpetrating similar violations.

Respectfully Submitted,

Dated: November 7, 2005

_____

Dr. Amir H. Sanjari (Pro Se)
In propria persona, Sui Juris
#18 Dale Street
Unit 4-E
Andover, Massachusetts 01810
(270) 268-3086

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document was served upon the following:

Judge Rex Reed
Kosciusko Circuit Court
121 North Lake Street
Warsaw, IN 46580

Max K. Walker, Jr., (Attorney to the Opposing Party in the Lower Court)
131 East Franklin Street, Suite 12, Elkhart, IN 46516

 via Fax, and/or United States Mail postage prepaid on this _7th _day of _November_, 2005.

Amir H. Sanjari
In propria persona
#18 Dale Street
Unit 4-E
Andover
Massachusetts 01810
(270) 268-3086

20